**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**CHELSEA L. DAVIS**
  *Plaintiff*

**v.**

**MCKOOL SMITH P.C., SAMUEL F. BAXTER, LESLIE D. WARE, HARLAN R. CROW, STATE BAR OF TEXAS, HON. JAMES MARTIN, HON. EMILY TOBOLOWSKY, HON. DONALD TURNER, HON. JILL WILLIS, DONALD COLLELUORI, ANGELINE BAIN, BRIAN S. LIDJI**
  *Defendants*

  **CASE NO._____**

TO THE HONORABLE PRESIDING JUDGE:

**<u>FEDERAL COMPLAINT</u>**

1.    COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby files this her FEDERAL COMPLAINT for cause against these named Defendants MCKOOL SMITH P.C., Leslie Ware, Samuel Baxter, Harlan Crow, James Martin, Emily Tobolowsky, Donald Turner, Jill Willis, the State Bar of Texas, Angeline Bain, Brian S. Lidji and Donald Colleluori for duress, unlawful arrest, civil conspiracy and wrongful injunction in violation of her civil rights, for violation of her freedom of speech, in addition to her claims of human trafficking under federal law, and her state-law claims of tortious interference, negligent misrepresentation, breach of contract, promissory estoppel and breach of fiduciary duty, and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any court based on or including the same claims against the same defendants.

2.    Chelsea L. Davis is the attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791 who resides in Texas (hereinafter referred to as "Chelsea"). McKool Smith P.C. is the

law firm with a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201. Samuel F. Baxter is the attorney issued TX Bar No. 01938000 who resides in Texas. Leslie D. Ware is the attorney issued TX Bar No. 00785179 who resides in Texas. Harlan Crow is a billionaire resident of the State of Texas and CEO of Crow Holdings Capital Partners LLC, a Delaware limited liability corporation. The State Bar of Texas may be served by and through an office of the Chief Disciplinary Counsel. Angeline Bain, Don Colleluori and Brian S. Lidji are the attorneys whose contact information is shown below. Judges Emily Tobolowsky, James Martin, Donald Turner, and Jill Willis are sitting Texas state district court judges in Dallas and Collin Counties.

3.      This instrument includes a claim which raises a federal question pursuant to federal laws and involves the United States such that the United States may intervene as a party. Jurisdiction of this court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes 28 U.S.C. §1441, et seq., venue statutes 28 U.S.C. §1404, et seq, including transfer statutes at 28 U.S.C. §1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements.

4.      Acts or omissions giving rise to the claims occurred in the Northern and Eastern Districts of Texas. Defendants reside in or maintain principal offices in the Northern District of Texas. There is an agreement to arbitrate certain claims asserted herein by Chelsea Davis against McKool Smith P.C. for unlawful discrimination and harassment.

5.      Chelsea is a victim of the wrongful conduct of each of the Defendants. After Chelsea was extended an offer of employment but prior to her first day of work at McKool Smith P.C., Leslie Ware, Samuel Baxter and Mark Werbner conspired to intentionally infect Chelsea with the Herpes Virus and did so infect her. She has the admission of Mark Werbner on a tape recorded phone call. After she began working at McKool Smith P.C., Samuel Baxter forced Chelsea, through force, fraud or coercion, involving numerous threats of serious harm - threats to kill her, to have her raped by a judge who was HIV positive, to put her in jail, to take away her law license and to cause her financial ruin - to engage in forced labor and sexual conduct with the firm's clients and investors. Chelsea was paid for sex in addition to her salary as an associate at McKool Smith P.C.

6.      Samuel Baxter and Leslie Ware promised Chelsea $1,000,000 in exchange for her release of her personal injury claim for intentional infection with the Herpes virus. The oral contract was renewed multiple times, promises and payments continued through 2013, but Chelsea was never paid in full as promised.

7.      Chelsea was required to take off her clothes for Leslie Ware and Samuel Baxter in her office, talk to Leslie Ware like a 900-number service while he masterbated on the phone to her, and tolerate demeaning, disgusting and harmful physical abuse - Leslie Ware forced her to drink urine and eat feces, he damaged her throat and her colon through sadomasochistic sexual

abuse. Samuel Baxter tied her to his bed in his corporate apartment with four restraints and took advantage of her sexually. They also paid her to have sex with billionaire Harlan Crow, who is an investor, and tolerate his disgusting emails. She was forced to have threesomes with Leslie Ware and his prostitutes in hotel rooms during the workday and allow Harlan Crow to pick her up to go have sex with him. Unlike the others, Leslie Ware refused to wear a condom, and on a specific date, in a specific threesome, he intentionally infected Chelsea with the Human Papilloma Virus ("HPV"). Chelsea now has the particular DNA-tested type of HPV that causes cervical cancer. Her doctor recommends surgical removal of her cervix.

8.      In 2012, they sent Chelsea to California on a business trip to interact with shareholders and clients of McKool Smith P.C., who took her to dinner and talked about her breasts and wanting to have sex with her, subjecting her to further demeaning sexual harassment and abuse in violation of California statutes prohibiting discrimination based on sex and federal laws prohibiting human trafficking. Chelsea is one of multiple female lawyers and paralegals at McKool Smith P.C. that Leslie Ware and Samuel Baxter have abused over the years. In fact, Samuel Baxter showed Chelsea what he claimed was a deposition transcript of the last girl to assure her that Leslie Ware was not violent. He lied. The transcript described the same ridiculous pool house story that Leslie Ware used against Chelsea in January 2013 to kick off their campaign to terrify Chelsea and destroy her credibility.

9.      Samuel Baxter pimped Chelsea out, for example, to Leslie Ware and paid her to engage in forced labor and sexual conduct. Leslie Ware pimped Chelsea out, for example, to Harlan Crow and paid her to engage in forced labor and sexual conduct. Emails, along with text messages from Leslie Ware, Samuel Baxter and Harlan Crow, and photographic evidence

demonstrate the sexual demands to which Chelsea was subjected; certain 9-1-1 phone calls, police reports, medical records and financial records evidence the threats of physical and financial harm that Samuel Baxter and Leslie Ware made to Chelsea. Additional records in 2013 and 2014 demonstrate proof of the first amount owed of $1,000,000 and additional threats to which Chelsea has been subjected. Chelsea will prove that she is a victim of human trafficking.

10.    For example, on or about October 15, 2010, she attended a meeting with Leslie Ware and Harlan Crow at the Mansion Bar in Dallas, Texas. At the meeting, Leslie Ware pushed down the bust and lifted up the hem of Chelsea's dress for Harlan Crow to see and told Harlan Crow that she was his sex slave.  Leslie Ware paid Chelsea cash to engage in sexual conduct with Harlan Crow.

11.    Following the meeting, Harlan Crow sent Chelsea multiple emails as follows.  On December 22, 2010, Harlan Crow stated, "I like your legs and your clothes off, let me know if you whant more, harder, more in you and and on you , travel and wiLder! Like a group fuck with private photos. I want more of you soon, let's stay in touch"; "Do you want to come by here and have a fuck while everybody is here, now?"; "I want to do us again soon, hope you got done tonight"; "I want you, nude."; "Or do you want to get fucked another time by the guy you are fucking now and have a fresh dick in you at around 10:00 am. I'd prefer we do it here now, my dick is hard and for you to come in quietly while everybody, including security, is here, get nude ,do it, would be fun. There are plenty of dicks around for you and plenty of pussy for me but this would be risky and erotic".  On January 6, 2011, Harlan Crow stated, "Can we fuck and travel and fuck soon? I want to fuck friday"; "Can we get together for a fuck soon and a plan a trip with multiple fucks with me and maybe others then?"; "Tried to call you< got no response.would like

to fuck you in and with abunch of pppppppeople soon." On January 7, 2011, Harlan stated, "I think we can do some fun and wild things but I need to be in your cunt and in your mouth really soon"; "Will you respond to about when we can fuck and travel and fuck?"; "want you this weekend and to wild, horry are you thinking have your cunt licked nicely and to suck me?".

12.     Each of Leslie Ware, Samuel Baxter, Harlan Crow, and McKool Smith PC invested in one or more ventures with Crow Holdings Capital Partners LLC (hereinafter "CHCP"), McKool Smith P.C. and funds and entities managed by Leslie Ware and shareholders/partners of McKool Smith P.C.  They finance McKool Smith P.C.'s patent litigation, and they reap the benefits of a venture that involves human trafficking because they pay women to have sex with them inside and outside of each of their offices.

13.     Chelsea's claims for trafficking are statutorily cumulative claims that she may bring in independent civil actions. The legislative histories of the federal trafficking victims protection act and state laws providing a civil remedy for trafficking of persons recognize the extremely prejudicial nature of trafficking claims and rationale for codifying the cumulative nature of the remedies available.  She will file motions to sever to appropriately sever additional claims for trial if this Court lets her in the door to file a document and set a hearing.

14.     Defendants are desperate to avoid liability to Chelsea on her claims of human trafficking, but they cannot and still have not denied any of Chelsea's allegations under oath.  On the contrary, Chelsea has sworn that her allegations are true and has enough evidence to fill a box truck.  Instead of defending themselves against Chelsea's claims of human trafficking, Harlan Crow, Samuel Baxter and McKool Smith P.C. have enlisted the State Bar of Texas to threaten Chelsea with the loss of her law license if she continues to pursue her claims against

them. In this vein, Defendants are colluding with one another and conspiring to prevent and continue to enjoin Chelsea from making and proceeding with any lawsuit in any state or federal court and with arbitration for her claims under Title VII for sexual harassment, under the Equal Pay Act for wage discrimination based on sex, for human trafficking, for sexual assault, for state law breach of contract causes of action, and for 42 U.S.C. Sec. 1983 claims for unlawful arrest and wrongful injunction, against multiple actors. Defendants are conspiring to deprive Chelsea of her due process rights, specific property rights, liberties, immunities, privileges, waivers and freedom of speech. Defendants seek to transfer and consolidate everything into a grievance proceeding by the State Bar of Texas with McKool Smith as the complainant because due process rights are not afforded to Chelsea in a grievance proceeding by the State Bar of Texas.

15.    Chelsea seeks to prevent and enjoin Defendants from transferring and consolidating her lawsuits into the grievance proceeding, from depriving her of her due process rights and from staying the arbitration and other proceedings until the conclusion of the grievance proceeding.  She has been kicked out of court, prevented from accessing court records, unlawfully arrested, wrongfully enjoined, and prevented from conducting discovery and taking a single deposition.

16.    In addition, the State Bar of Texas has no right to continue and must dismiss the grievance proceeding for numerous reasons, including that the State Bar of Texas failed to find just cause to discipline Chelsea within the time period allotted under the rules. The State Bar of Texas also sua sponte transferred the proceeding to the Board of Disciplinary Appeals alleging that Chelsea is currently suffering from a disability that prevents her from completing contracts of employment.  As of November, 2014, Chelsea is not suffering from any such disability, she

has provided such proof to the State Bar of Texas, and she has completed all contracts of employment. To the extent McKool Smith P.C. is claiming that Chelsea is a permanent employee of McKool Smith P.C., such contract is one of adhesion and is unconscionable to the extent it requires any further labor from Chelsea.

17. McKool Smith P.C. lacks standing to file a grievance against her with the State Bar of Texas because McKool Smith P.C. is not a client of Chelsea and has no personal knowledge of any allegations which it alleges against her, which consist of stalking Leslie Ware. In the alternative, if Leslie Ware and McKool Smith P.C. are part of the same entity PanOptis IP LLC or other entity, like GECESC Associates LLC, then perhaps they are a client of Chelsea and personal knowledge of human trafficking may be imputed from Leslie Ware to McKool Smith P.C. not only during her employment with McKool Smith P.C. but from 2010 through January 2013, July 2014 or to present. However, Leslie Ware never submitted a sworn affidavit in support of his allegation of stalking against Chelsea, and Chelsea was no-billed and cleared of such charge because there was never any probable cause to arrest her. The grievances filed by McKool Smith P.C. lack merit and are now moot. For any proceeding to continue based on a complaint filed by McKool Smith P.C. or any other Defendant, the evidence must conclusively establish the existence of an attorney-client relationship. Chelsea seeks an order compelling McKool Smith P.C. and each of Defendants to meet its burden to show the existence of an attorney-client relationship or else withdraw its complaint and all motions and non-motions in all proceedings and non-proceedings.

18. Nearly two years (2013 and 2014) have passed, and just now the State Bar of Texas is ordering Chelsea to submit to a mental examination by the end of December 2014 by

two particular doctors who are colleagues of Leslie Ware's sister. The State Bar of Texas appears to be rejecting Chelsea's proof as of October 2014 that she is competent from her psychiatrist and psychologist, and the State Bar of Texas overruled her objections to the two doctors chosen by McKool Smith P.C. even though they are clearly biased. In short, the State Bar of Texas is unlawfully colluding and conspiring with McKool Smith P.C. to deprive Chelsea of her rights with respect to grievance matters, whether or not the grievances were or could have been filed. In addition, Chelsea holds the right under contract to waive confidentiality of grievance proceedings against her. She maintains the confidentiality of her medical records and objects to the disclosure of old medical records from 2013 because they are not relevant to her current mental health and competence to practice law. In addition, she reserves her right to disclose her medical records within the context of a lawsuit against McKool Smith P.C., Samuel Baxter, Leslie Ware, Harlan Crow and others. She seeks to enjoin the State Bar of Texas from obtaining her old medical records, from destroying her old medical records, and from preventing her from introducing her old medical records in a future lawsuit. Her medical records prove that she is a victim of human trafficking, and they prove that Judge Carlos R. Cortez sexual assaulted her, Leslie Ware assaulted her and Leslie Ware intentionally infected her with a sexually transmitted disease.

19. Chelsea was just unlawfully arrested again on Oct. 17, 2014 for failure to pay child support, i.e. contempt of a child support order, and she paid $2500 to the registry of the court even though she does not have any children and she is not married to Leslie Ware and Samuel Baxter. Angeline Bain appears to be responsible, along with each of Defendants. Angeline Bain is Leslie Ware and Samuel Baxter's attorney, she is conspiring with attorney Don

Colleluori who represents McKool Smith P.C., and she is on the grievance committee of the State Bar of Texas. I object to Angeline Bain as biased. Whatever is going on is absurd and Chelsea has not received or been served with proper and timely notices. Defendants are at fault, liable to Chelsea, and they should pay for damages. Defendants have a duty to speak and provide notice to Chelsea of what she must defend herself against.

20.     Chelsea has not waived any of her rights, except for the confidentiality of this lawsuit, and she has submitted over eighty pages of objections. No lawyer can defend Chelsea until she receives notice, and all of the many law firms who previously wanted to take her case against McKool Smith P.C. have retracted their offers, especially in light of the threats, the unlawful arrests and the falsifying of the nature of the proceeding as arising under the Texas Family Code. Meanwhile, the one and only state lawsuit that Chelsea ever filed against McKool Smith P.C. is still stayed on the merits, Cause No. DC-13-12834, the court refuses to accept for filing her motions to lift the stay, and Judge Emily Tobolowsky has just recused herself sua sponte.

21.     Donald Colleluori continues to lie, saying Chelsea's case was dismissed with prejudice when it was not so dismissed. And Angeline Bain continues to get warrants to arrest Chelsea for no reason. I can see why every other woman before me gave up and surrendered to the almighty power of McKool Smith P.C., Samuel Baxter, Leslie Ware and Harlan Crow, especially due to the involvement of the State Bar of Texas, but I am not giving up and no court can make me destroy my evidence. The State Bar of Texas cannot make me produce all of my evidence in a sealed grievance proceeding as a means of preventing me from using my evidence later, after the stay is lifted.

22.    In addition to conspiring to deprive Chelsea of her due process rights and her rights with respect to the processing and handling of investigations of attorneys and judges by the State Bar of Texas, and having Chelsea unlawfully arrested under color of state law, Defendants are conspiring to unlawfully deprive Chelsea of her freedom of speech in violation of her first amendment rights under the U.S. Constitution and the Texas Constitution.  The orders to seal, whether or not they have yet been entered in any lawsuit, are unconstitutional gag orders.

*I.*    ***Claim for Human Trafficking Under Federal Law - Forced Labor***

23.    Each of the foregoing and following paragraphs is incorporated herein by reference. Each of Defendants was the perpetrator and/or participated in a venture which engaged in the forced labor and sex trafficking of Chelsea in violation of federal law. Chelsea may bring this action against Defendants under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, each of Defendants is liable to Chelsea because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. Each of Defendants knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that

the venture has engaged in such violation. Each of Defendants participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* Each of Defendants knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea. Chelsea is a victim of one and/or more acts of labor trafficking in violation of 18 U.S.C. § 1589, which states that "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d)." *Id.* Each act directly and proximately caused harm to Chelsea. As a direct and proximate result of the acts, Chelsea suffered damages. Chelsea seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish Defendants for their wrongful conduct.

24.     Chelsea seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the

gross income or value to Defendants of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.), exemplary damages and attorney fees.

## II.    *Economic Duress/Coercion*

25.    Plaintiff re-alleges each and every one of the foregoing and following paragraphs as though set forth fully herein. One or more Defendants posed a threat or acted without legal justification. The threat or action was of such a character as to destroy Plaintiff's free agency. The threat or action overcame Plaintiff's free will and caused her to do that which she would not otherwise have done and was not legally bound to do. The restraint was imminent. Plaintiff had no present means of protection.  As a proximate result of the threat or action, Plaintiff suffered bodily harm and economic damages in excess of $75,000.

## III.    *Harassment*

26.    Plaintiff re-alleges each and every one of the foregoing and following paragraphs as though set forth fully herein.  Each of Defendants intentionally communicated (by telephone or writing) in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by such action intentionally, knowingly, or recklessly annoys or alarms the recipient or intends to annoy or alarm the recipient.  As a proximate result of the threat or action, Plaintiff suffered bodily harm and economic damages in excess of $75,000.

## IV.    *Claims for Violations of, Deprivations of and Conspiracy To Interfere With Chelsea Davis's Rights, Liberty Interests and Property Interests Conferred On Her By 42 U.S.C. §§ 1981, 1983 et seq., Title VII, FLSA and the First, Fifth and Fourteenth Amendments of the Constitution of the United States, Including the Equal Protection Clause*

27.    Each of the foregoing and following paragraphs is incorporated herein by

reference.   Defendants threatened to put Chelsea Davis in jail for 180 days for contempt of court even though the state court lacks all authority to act. Defendants had an ulterior motive, namely, personal financial benefit, for causing antisuit injunction to issue against Chelsea Davis and charging her with crimes and allegations she has not committed.   Defendants, Judges and the State Bar of Texas, and attorneys hired by Defendants benefit financially through Leslie Ware's litigation finance fund, donations to political campaigns and fundraising efforts and through investments made into and by the general appropriations fund of the State of Texas. Each of Defendants had an improper purpose, namely, to unlawfully deprive Chelsea Davis of her property and liberty, rights, privileges and immunities, when he/she/it wrongfully enjoined, maliciously prosecuted, unlawfully arrested, conspired with another Defendant to deprive her of rights, privileges and protected interests, deprived her of rights privileges and protected interests, deprived her of substantive and procedural due process, and otherwise acted to gain an advantage for Defendants against Chelsea Davis, to prevent her from instituting litigation, to prevent her from filing and presenting documents, to prevent her from conducting discovery, especially concerning financial benefits, and to prevent her from presenting claims and defenses. Defendants had an ulterior motive, namely, financial benefit, for conspiring to unlawfully threaten to deprive Chelsea of due process, property and liberty interests, including her law license. Her interest in her law license is a property interest. She has the prima facie right to renew her law licence.   A trustee's rights with regard to property is also a property interest. Chelsea has a protected interest in her continued employment and renewal of her law license and prevention of suspension of her law license. Chelsea's interests such that procedural due process applies to the deprivation of them secured by the Fourteenth Amendment to the U.S.

Constitution. The State Bar of Texas attempts to impose on her any stigma or other disability that forecloses her freedom to take advantage of other employment opportunities. Defendants' purpose was to aid and abet a human trafficking enterprise involving forced labor and sex trafficking, to benefit himself and itself, by sexually gratifying its investors without getting caught, and to deprive Chelsea of her property and liberty.

28. On or about May 10, 2013, after Chelsea moved to Collin County, Leslie Ware appears to have presented a criminal complaint orally with the Dallas Police Department and with District Attorney Messina Madson of Dallas County, Texas. The complaint accused Chelsea of having committed the offense of stalking, but no affidavit was ever filed and no evidence was presented. A warrant issued for Chelsea's arrest and an emergency protection order issued in Collin County Court, Cause No. 01-JM-13-4225. Chelsea was arrested on multiple dates at her home in Collin County and taken to Collin County Jail. Leslie Ware then sent an email to himself from Chelsea's account to cause her to violate a condition of her bond. Leslie Ware acted without probable cause in making statements to the prosecuting attorney that Chelsea violated a condition of bond that he did not honestly, reasonably, and in good faith believe, and he conspired with Defendants and others, causing Chelsea to be detained in custody for a period of 75 days beginning on January 10, 2014.

29. On March 25, 2014, because there was no probable cause to arrest Chelsea on any of the dates she was arrested, Chelsea was no billed and released. Chelsea is innocent of the charge of stalking brought against her. Leslie Ware and Defendants acted without probable cause in initiating the prosecution of Chelsea *and* in making the statement to the prosecuting attorney in that he did not honestly, reasonably, and in good faith believe Chelsea to be guilty of

the crime charged. Leslie Ware and Defendants acted maliciously in instigating the prosecution, not dismissing it and in making a false and/or incomplete statement to the prosecuting attorney.

30. As a proximate result of the criminal and civil prosecution, Chelsea suffered damages in excess of $75,000. As a further proximate result of the criminal prosecution initiated by Defendants, Chelsea incurred the cost of posting bail in the sum of $11,500 plus at least $2,500 in payments to registry of court allegedly for contempt of child support order and the cost of attorney's fees in defending against the prosecution, including representing herself, in the amount of at least $25,000 per month.

31. Defendants are two or more persons who conspired to injure, oppress, threaten, or intimidate Chelsea Davis in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to her by the Constitution or laws of the United States, or because of her having so exercised the same. Defendants intentionally discriminated against Chelsea Davis and interfered with her contractual and other rights, liberty and property interests in violation of 42 U.S.C. §§1981, 1983 and the First, Fifth and Fourteenth Amendments. The actions of Defendants violated Chelsea Davis's substantive due process rights in that she has been deprived of rights, liberty interests and property interests in violation of the law. Defendants conspired to interfere with Chelsea Davis's rights, liberty interests and property interest in violation of 42 U.S.C § 1981 – her right to make and enforce contracts. Defendants further conspired to deprive Chelsea Davis of equal protection under the law and her substantive due process rights under the 14th Amendment in that they sought to categorically malign, bring into dispute and libel Chelsea Davis to the public in violation of 42 U.S.C. §1983. A § 1983 conspiracy claim may arise when a private actor conspires with state actors to deprive a person

of their constitutional rights under color of state law. Defendants have conspired to have Chelsea Davis unlawfully arrested on knowingly false and incomplete charges of stalking and for failure to pay child support even though Chelsea Davis does not have any children. An improper purpose was to transfer and consolidate suits with grievance proceeding to allege finality of proceeding prior to notice, to deprive her of her right to de novo review, and to gain advantage through false categorization of proceeding as arising under the Texas Family Code even though no proceeding arises under the Texas Family Code, as a means of gaining an advantage and depriving Chelsea Davis of her rights, liberty interests and property interests in violation of the law. Courts appear to be ignoring the Article III case or controversy requirement of the United States Constitution, Chelsea's due process rights, and various notice requirements, including the notice required to issue injunctive relief. *See* Tex. R. Civ. P. 680 *et seq*. No complaint, information, or indictment was ever sworn against Chelsea alleging offenses occurring prior to the moment an Officer handcuffed and threatened handcuffing of Chelsea and told her she was and would be again under arrest.

39.     As a result of the unlawful issuance of orders of capias, Chelsea was deprived of both her liberty and property interests without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1983 et seq. and §§ 1985, et seq.

40.     Chelsea demands judgment for the unlawful signing of two orders of capias, against Defendants, jointly and severally, for actual, general, special, and compensatory damages in the maximum amount under the law and further demands judgment against each of

Defendants for punitive damages in the amount of $100,000 or the maximum amount allowable under the law, whichever is greater, plus the costs of this action, including attorney's fees, and for such other relief to which she deems herself justly entitled.

41.     Disbarment proceedings impose a punishment or penalty on a lawyer and, therefore, a lawyer is "entitled to due process, which includes fair notice of the charge." *In re Ruffalo*, 390 U.S. 544, 550, 88 S. Ct. 1222, 1226, 20 L. Ed. 2d 117 (1968). Due process, including notice of the charges, is required "in any proceeding which is to be accorded finality." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899, 99 L. Ed. 2d 75 (1988). Due process, however, is not implicated by a grievance committee investigation because it is not accorded finality; the lawyer has a right to respond to charges either before an evidentiary panel of the grievance committee or at trial in district [317] court. *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 13 (Tex. App.--San Antonio 1998, pet. denied); *see Minnick v. State Bar of Tex.*, 790 S.W.2d 87, 90 (Tex. App.--Austin 1990, writ denied) (grievance committee proceeding not final because lawyer had right to de novo trial in district court); *Sims v. Comm'n for Lawyer Discipline*, No. 34229, 2006 WL 6242395, at *5 (Tex. Bd. Disciplinary Appeals June 8, 2006) (lawyer not entitled to due process during initial investigation by grievance committee because no discipline can be imposed until lawyer given notice and opportunity to choose between evidentiary panel and trial in district court).

42.     A person's property interest may arise from "such rules or mutually explicit understandings that support his claim of entitlement." *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S. Ct. 2694, 2699, 33 L. Ed. 2d 570 (1972). A mutually explicit understanding can be supported by a written contract or an implied contract. *Id.* at 601-02, 92 S. Ct. at 2699-2700; *see*

*also Johnson v. Sw. Miss. Reg'l Med. Ctr.*, 878 F.2d 856, 858 (5th Cir. 1989) (stating property interest "may be created directly by state statute or by a written contract, or by a mutually explicit understanding' enforceable under state law as an implied contract").

43.     Whether express or implied, "[p]arties form a binding contract when the following elements are present: (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.--Houston [1st Dist.] 2008, no pet.)* (citing *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.--Houston [1st Dist.] 2007, no pet.)). "Meeting of the minds' describes the mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract." *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 720 (Tex. App.--Fort Worth 2008, pet. denied).

44.     The free communication of thoughts and opinions, is one of the inviolable rights of man; and every person may freely speak, write, print, and publish, on any subject, being responsible for the abuse of that liberty. *Proposed Constitution for the State of Texas* (1833) art. 16, *reprinted in Documents of Texas History,* at 80 (Ernest Wallace ed. 1963)." Davenport v. Garcia, 834 S.W.2d 4, 7 (Tex. 1992). The orders to seal are unconstitutional gag orders beccause they are prior restraints and pre-speech sanctions. The free speech provision of the Texas Constitution is broader and more expansive than the First Amendment of the United States Constitution Bill of Rights. It is an abuse of discretion to impose any penalty assessed without an

evidentiary hearing or consideration of the factors in R. Gov. the St. Bar of Tex., art. X, § 23(B) (1984).

45.     From January 2013 to present, Chelsea has been unlawfully discriminated against based on her sex and retaliated against for a protected activity of filing a complaint. Chelsea timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C.  Title VII and other state and federal laws prohibit each of Defendants' wrongful conduct and provide Chelsea with civil remedies.  Chelsea was segregated, classified, and discriminated against because she is a female. Chelsea is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees.  There is equitable tolling of any statute of limitations with respect to Chelsea's causes of action to the extent any tolling is necessary. Chelsea pleads the discovery rule due to the misconduct of Defendants. Chelsea is not precluded from litigating the same causes of action against the same or different actors. The effect of the practices complained of herein is to deprive Chelsea of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex. At all material times, Defendants acted, directly or indirectly, in the interest of an employer having more than fifteen employees with respect to Chelsea. There was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). See Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. There was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, one or more or another of Defendants was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea had worked for the employer from within the last two years. Chelsea routinely worked over 40 hours per week. However, she was not paid. The employer knew that Chelsea worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e2(a) (2010). Chelsea is the victim of quid pro quo sexual harassment and discrimination based on her sex under state and federal law with respect to her compensation, terms, conditions and privileges of employment. Her employer, through its agents, supervisors, or employees violated Chelsea's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to

deprive Chelsea of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment until April 2010. Chelsea is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f). One or more or another of Defendants is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b) and intentionally discriminated against Chelsea because of her sex in violation of Title VII. 42 U.S.C. § 2000e2. As an employer, labor organization, or joint labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, unlawfully discriminated against Chelsea because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training. Each of Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea in her occupation, trade and business.

### Damages for Chelsea L. Davis

46.     Each of Defendant's actions directly and proximately caused Chelsea suffer mental anguish. Accordingly, Chelsea seeks (1) actual damages for mental anguish; (2) court costs; (3) reasonable attorney's fees and (4) exemplary damages. For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, if applicable in this case, Chelsea seeks monetary relief up to and in excess of $1,000,000, and Chelsea demands judgment for all the other relief to which Chelsea deems herself entitled.

47.     Chelsea demands judgment against each of Defendants for money in an amount which may be based on their net worth and which is sufficient to punish each of them for their wrongful conduct up to and in excess of $1,000,000. Under Tex. Civ. Prac. & Rem. Code Sec.

98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to victims of human trafficking." *Id.*

## Attorney Fees

48.     As a result of the wrongful conduct, Chelsea L. Davis, TX Bar No. 24059652, has been required to work as the undersigned attorney to file suit. Chelsea is entitled to recover attorney fees. In addition, at least Samuel Baxter and Leslie Ware promised to pay Chelsea for all costs and attorney fees at her hourly rate of $350 per hour in addition to her monthly retainer, salary and damages. The State Bar of Texas promised to pay for all attorney fees incurred in defending Chelsea against allegations that she is suffering from a disability that prevents her from completing contracts of employment.

## Prayer

49.     Chelsea Davis prays that: Defendants be cited to appear in person, to give testimony and to produce documents, and to specifically answer this complaint in this civil action and to respond to discovery requests, judgment be entered for Chelsea Davis against Defendants, for an award of monetary damages, for liability, in a monetary amount of damages sufficient to punish Defendants for their wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

50.     WHEREFORE, Chelsea Davis prays that Defendants and sureties take notice of the filing of this lawsuit, and that Defendants take nothing by their suit and that Chelsea Davis have and recover from Defendants and sureties, jointly and severally, release of bond amounts and monies paid into the registry of the state courts for unlawfully interfering with her business and for damages in an amount in excess of $75,000, prejudgment and postjudgment interest as provided by law, all costs of court, and such other relief to which Chelsea Davis deems herself justly entitled.

51.     Chelsea Davis requests an EMERGENCY order of this Court vacating the order of remand and judgment in *Davis v. McKool Smith P.C. et al,* under Case No. 3:13-cv-4926 in the Northern District of Texas and *Davis v. Baxter,* Case No. 4:13-cv-514-RC in the Eastern District of Texas, nullifying all actions taken by the state courts since Feb. 11, 2014; vacating the order of remand in *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter,* under Case No. 3:14-cv-1963; vacating the order of remand in *Chelsea L. Davis v. Harlan R. Crow,* under Case No. 3:14-cv-1964; and directing the Collin County and Dallas County Sheriff's Departments not to execute any orders of capias calling for the arrest of Chelsea L. Davis.

52.     Chelsea Davis requests an EMERGENCY order compelling McKool Smith P.C. and each of Defendants to meet its burden to show the existence of an attorney-client relationship or else withdraw its complaint and all motions and non-motions in all proceedings and non-proceedings.

53.     Chelsea Davis requests an EMERGENCY order enjoining Defendants from transferring and consolidating her lawsuits into the grievance proceeding, from depriving her of her due process rights, from causing a non-final grievance proceeding to be a final proceeding,

from preventing her from her right to de novo trial in district court after conclusion of state bar grievance proceeding, and from staying the arbitration and other proceedings until the conclusion of the grievance proceeding.

54.     Chelsea Davis requests an EMERGENCY order severing or compelling severance of the grievance proceeding from all other proceedings and then dismissing the State Bar of Texas grievance proceedings against her. In addition, Chelsea Davis requests an order preserving her right to de novo review of all grievance committee, State Bar of Texas, Commission for Lawyer Discipline and Board of Displinary Appeals investigations. In addition, Chelsea Davis requests an order preserving her right to a new trial, to appeals and to writs and processes like petitions for writ of mandamus, habeas corpus, etc.

55.     Chelsea Davis requests an order enjoining the State Bar of Texas from obtaining her old medical records, from destroying her old medical records, and from preventing her from introducing her old medical records in this and future lawsuits.

56.     WHEREFORE, Chelsea Davis requests that Defendants be cited to appear and answer, and that Chelsea Davis have:

    a.  Judgment against Defendants for monetary damages up to and in excess of $1,000,000;

    b.  Prejudgment interest as provided by law;

    c.  An award of exemplary damages;

    d.  Postjudgment interest as provided by law;

    e.  Costs of suit; and

    f.  Such other and further relief to which Chelsea Davis deems herself justly entitled.

## DEMAND FOR JURY TRIAL

Chelsea Davis demands a jury trial.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
Mailing Address:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**ADDITIONAL COUNSEL 1.**    Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.**    Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**    Gray Reed & McGraw P.C. (*and* Looper Reed
& McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**    Jeff Hall

**FEDERAL COMPLAINT**                                        26

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**      FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**      MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL COUNSEL 7.**      Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL COUNSEL 8.**      Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912

**FEDERAL COMPLAINT**                                            27

Tel: +1 214.698.3100
Fax: +1 214.571.2900

       **ADDITIONAL COUNSEL 9.**       Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

       **ADDITIONAL COUNSEL 10.**       Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

       **ADDITIONAL COUNSEL 11.**       Herring & Irwin

CHARLES HERRING
cherring@herring-irwin.com

       **ADDITIONAL COUNSEL 12.**       Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

       **ADDITIONAL COUNSEL 13.**       Law Office of Chris Knox

Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-741-7474

       **ADDITIONAL COUNSEL 14.**       Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

       **ADDITIONAL COUNSEL 15.**       Law Office of Bill Knox

William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202

**FEDERAL COMPLAINT**       28

Phone: 214-522-0000

        **ADDITIONAL COUNSEL 16.**     Baker Botts LLP

George Lamb

Calvin Roderick Phelan

2001 Ross Ave. Ste.

Dallas, TX 75201

Fax (214) 661-4659

george.lamb@bakerbotts.com

rod.phelan@bakerbotts.com

        **ADDITIONAL COUNSEL 17.**     Trevor R. Jefferies

Arnold & Porter LLP

700 Louisiana Street, Suite 1600

Houston, Texas 77002

Telephone: +1 713-576-2403

Cell Phone: +1 713-530-8243

trevor.jefferies@aporter.com

ATTORNEY FOR JAMES CHANOS

        **ADDITIONAL COUNSEL 18.**     Vanessa Griffith

Vinson & Elkins LLP

2001 Ross Avenue, Suite 3700

Dallas, TX 75201-2975

Tel +1.214.220.7713

Fax +1.214.999.7713

E-mail vgriffith@velaw.com

ATTORNEY FOR CLINT CARLSON

        **ADDITIONAL COUNSEL 19.**     Jamie McKey

Kendall Law Group

jmckey@kendalllawgroup.com

ATTORNEY FOR LEON COOPERMAN

        **ADDITIONAL COUNSEL 20.**     Levi G. McCathern, II

McCathern, PLLC

3710 Rawlins St., Suite 1600

Dallas, Texas 75219

214.741.2662 Office

214.741.4717 Fax

lmccathern@mccathernlaw.com

ATTORNEY FOR STEPHEN JONES

        **ADDITIONAL COUNSEL 21.**     Lewis T. Stevens

TX24031366

131 East Exchange Ave., No. 204

Fort Worth, TX 76164

T-817-332-4466

F-817-332-4476

lstevens@lstevenslaw.com

ATTORNEY FOR CHAD BUSHAW

**FEDERAL COMPLAINT**                          29

ADDITIONAL COUNSEL 22.     Hanshaw Kennedy Marquis PLLC
Collin D. Kennedy
1415 Legacy Dr., Ste 350
Frisco, Texas 75034
972-731-6500 (t)
972-731-6555 (f)
cdk@hanshawkennedy.com

**ADDITIONAL COUNSEL 23.**     ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

<u>**CERTIFICATE OF SERVICE**</u>

I electronically submitted the foregoing document using the electronic case filing system.

I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Eastern District of Texas), or otherwise, to the extent possible.

<u>/s/Chelsea L. Davis</u>
Chelsea L. Davis