IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-04190-B |
| | § | |
| MCKOOL SMITH P.C., SAMUEL F. BAXTER, LESLIE D. WARE, HARLAN R. CROW, STATE BAR OF TEXAS, HON. JAMES MARTIN, HON. EMILY TOBOLOWSKY, HON. DONALD TURNER, HON. JILL WILLIS, DONALD COLLELUORI, ANGELINE BAIN, BRIAN S. LIDJI, | § § § § § § § § | |
| Defendants. | § | |

## EMERGENCY MOTION OF DEFENDANT MCKOOL SMITH, P.C. TO SEAL AND BRIEF IN SUPPORT THEREOF

Defendant McKool Smith, P.C. ("McKool Smith") files this Emergency Motion to Seal the Complaint in this action [Doc. No. 1], and any subsequent filing by Plaintiff Chelsea L. Davis ("Davis"), and states:

### INTRODUCTION

1. This action is the latest effort in what can only be described as Davis's campaign of litigation extortion. Davis has filed at least *eleven* previous lawsuits over the last 15 months against the law firm McKool Smith, P.C. ("McKool Smith") and/or Samuel F. Baxter, a McKool Smith shareholder. Davis was briefly employed by McKool Smith as an associate attorney from approximately March 2010 through January 2011. Her spate of lawsuits years after her employment ended are nothing more than a thinly-

disguised effort to blackmail McKool Smith and Baxter, among others, with the threat of public defamation and humiliation by her false and lurid allegations. For the most part, as soon as McKool Smith or Baxter responded in some manner to Davis's various lawsuits, she voluntarily dismissed her claims only to re-file them a short time later, either in the same or a different court.

2. Although Davis voluntarily dismissed most of the cases she filed against McKool Smith and Baxter, her continued abuse of the legal system has resulted in several courts dismissing her claims with prejudice. Specifically, on December 27, 2013, the 298th Judicial District Court of Dallas County entered a final judgment against Davis that (a) awarded McKool Smith $10,000 in monetary sanctions and $65,000 in attorneys' fees, and (b) dismissed Davis's claims with prejudice. [App. 004-006.][1] In addition, on October 31, 2014, the 429th Judicial District Court of Collin County entered an order dismissing Davis's claims against Baxter and others, which judgment has been severed and is final. [App. 008-014.]

3. Davis has also used the federal courts for her vexatious lawsuits. Among other cases, Davis filed a separate lawsuit against McKool Smith in the Northern District of Texas in January 2014, Civil Action No. 3:14-cv-00056, after the 298th District Court dismissed her claims with prejudice. Judge David Godbey ordered that case dismissed on September 30, 2014, based on *res judicata*. [App. 016-023.] Davis then filed suit against McKool Smith and GECESP Associates, LLC ("GECESP") in the Northern District on

---

[1] The consecutively paginated Appendix in Support of Motion to Seal has been filed contemporaneously herewith.

November 7, 2014, Civil Action No. 3:14-cv-03962. In that case, Magistrate Judge Renee Tolliver has, *sua sponte*, already entered Findings, Conclusions and Recommendation that the suit be dismissed with prejudice on *res judicata* grounds. [App. 025-028.] Magistrate Judge Toliver's report and recommendation also warned Davis not to file any additional frivolous pleadings under threat of sanctions, including a possible order prohibiting her from filing any further cases in the Northern District. [App. 027.]

4.  Undaunted by the dismissals of her prior state and federal lawsuits, or the Magistrate Judge's warning, Davis filed two more actions in Untied States District Court for the Eastern District of Texas.[2] First, on November 19, 2014, Davis filed another suit against McKool Smith and Baxter, Civil Action No. 4:14-cv-00754. To the extent it is comprehensible, Davis's pleading in that case rehashes her claims against McKool Smith and Baxter that have been previously dismissed with prejudice. Two days later, Davis filed a Title VII Complaint and Complaint for Wrongful Injunction against GECESP, Civil Action No. 2:14-cv-01065, which again restates the various allegations she has previously made against McKool Smith and Baxter.

5.  Although it initially appeared that Davis was seeking to avoid the ire of the this Court by re-filing her duplicative lawsuits in the Eastern District, she has now filed

---

[2] The Eastern District already had to deal with Davis once, when she repeatedly attempted to vacate her own voluntary dismissal of an earlier suit against Baxter, Civil Action No. 4:13-cv-514, which culminated in Judge Clark directing the Clerk not to accept any further filings from Davis in that case without first obtaining leave. [App. 030-031.]

EMERGENCY MOTION OF DEFENDANT MCKOOL SMITH, P.C.
TO SEAL AND BRIEF IN SUPPORT THEREOF                                                                                       PAGE 3

this action, restating her already dismissed claims and adding several state court judges and counsel for her usual targets as defendants.

6. Importantly, each time Davis has previously filed pleadings in the state courts containing lewd and libelous allegations similar to those set forth in the pleadings herein, each of the presiding judges entered an order sealing such pleadings. [App. 033-041.] Similarly, Judges in this District have repeatedly entered orders sealing Davis's filings in the various cases in that court. [App. 043-045.] Likewise, her filings in the Eastern District have been sealed. [App. 047-049.] Undeterred by these prior orders, Davis continues to attempt to evade such sealing orders by re-filing cases. Apparently, Davis's only goal is to continually attempt to smear the Defendants' reputations in the hopes that they will finally capitulate and pay her money as she has repeatedly demanded. Like the other courts that have had to deal with these tactics, this Court should seal Davis's Complaint and other filings in this case to prevent further unjustified and irreparable harm to McKool Smith and Baxter.

## ARGUMENT

7. Although the federal courts have long recognized the presumption that the public has the right to inspect judicial records, that right is not absolute. *SEC v. Van Waeyenberghe*, 990 F2d 845, 848 (5th Cir. 1993). "'Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.'" *Id.* (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The courts have relied on a balancing test in making this determination:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," *such as the use of records to gratify private spite, promote public scandal, circulate libelous statements*, or release trade secrets.

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (emphasis added); *see also Goodman v. Las Vegas Metro. Police Dept.*, No. 2:11-cv-01447, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013)(sealing part of record alleging that individual was associated with prostitution).

8. Here, the Court need only review the salacious allegations of the Complaint, particularly against the backdrop of Davis's prior litigation conduct, to recognize that this test has been satisfied and there are compelling reasons for sealing the record here. Davis's Complaint is intended *only* for improper purposes; several courts have already dismissed these same claims on the merits, and Magistrate Judge Tolliver has *sua sponte* recommended the dismissal of Davis's latest federal court suit in this District. Only two days later, Davis sought to evade Magistrate Judge Tolliver's stern admonishment by filing two new lawsuits in the Eastern District of Texas, and followed that up by filing this suit. Davis is bent on using the judicial system not to obtain redress for any legal injury, but to besmirch the reputations of McKool Smith and Baxter. Davis also clearly seeks to subvert the multiple sealing orders that have been repeatedly entered by the state and federal courts. The Court should not assist Davis in that effort, but should instead seal the Complaint as those other courts have previously done.

9. Davis's vitriol and determination to gain publicity for her outlandish allegations appear to be increasing. She obviously hopes each time she files a new suit that her allegations can be circulated via the various legal reporting services before the targeted defendant(s), or the Court, can do anything about it. McKool SMith therefore requests emergency, expedited consideration of this Motion to Seal, in order to protect the legitimate reputational interests of McKool Smith and Baxter, and to prevent the dissemination of such falsehoods.

## RELIEF REQUESTED

10. McKool Smith respectfully requests that the Court enter an order sealing the Complaint, together with any further filings by Davis herein, and award such other and further relief to which McKool Smith shows itself to be entitled.

Respectfully submitted,

By:/s/ *Don Colleluori*
A. Erin Dwyer
Lead Attorney
State Bar No. 06302700
Erin.dwyer@figdav.com
Don Colleluori
State Bar No. 04581950
Don.colleluori@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas 75202-3796
Tel: 214/ 939-2000
Fax: 214/ 939-2090

ATTORNEYS FOR DEFENDANT
MCKOOL SMITH, P.C.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned attempted to confer with Plaintiff by email on November 26, 2014, regarding the foregoing Motion. Plaintiff has not responded. Due to the emergency nature of the relief requested, further efforts to personally confer would prejudice movant and the Motion is therefore presented to the Court for a determination.

/s/ Don Colleluori
Don Colleluori

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system on this 26th day of November, 2014.

/s/ Don Colleluori
Don Colleluori