IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 3:14-CV-4190-N-BK |
| | § | |
| MCKOOL SMITH, P.C., et al, | § | **UNDER SEAL** |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3*, this cause is before the Court for pretrial management. For the reasons that follow, it is recommended that the District Court *sua sponte* **DISMISS** Plaintiff's unlawful arrest claim **WITHOUT PREJUDICE** as to Defendants Donald Colleluori and Angeline Bain.[1] In all other respects, the case should be **DISMISSED WITH PREJUDICE**.

**A.   Background**

Plaintiff has sued numerous Defendants in this case, specifically (1) McKool Smith P.C., the law firm for which she previously worked; (2) Samuel F. Baxter, a McKool Smith partner; (3) Leslie D. Ware, whom Plaintiff alleges is a financial backer of McKool Smith; (4) Harlan R. Crow; (5) the State Bar of Texas; (6) Hon. James Martin; (7) Hon. Emily Tobolowsky; (8) Hon. Donald Turner; (9) Hon. Jill Willis; (10) Donald Colleluori, who Plaintiff alleges is counsel for McKool Smith; (11) Angeline Bain, who Plaintiff alleges is counsel for Ware and Baxter; and (12) Brian Lidji, another attorney. Doc. 1. Plaintiff has sued Defendants for (1) economic duress/coercion, in that she alleges she was threatened by one or more Defendants which caused

---

[1] If Plaintiff does not file a sufficiently pled amended complaint limited only to this claim against these Defendants within 14 days of the date of these *Findings*, this claim should be dismissed with prejudice as well.

her to do acts that she otherwise would not have done; (2) unlawful arrest; (3) conspiracy to violate her federal due process and equal protection rights and 42 U.S.C. § 1981; (4) job discrimination, *quid pro quo* sexual harassment, and retaliation on the basis of her sex; (5) violation of the Fair Labor Standards Act ("FLSA"), based on McKool Smith's alleged failure to pay her overtime pay for hours worked in excess of 40 hours per week; and (6) human trafficking in violation of federal law.  Doc. 1 at 1, 11-22.

The claims in this case, and many others in which Plaintiff is a party, arise from her former employment as an attorney with McKool Smith.  *See, e.g.*, *Davis v. McKool Smith*, Case No. 13-cv-04926-N-BK; *Davis v. McKool Smith*, Case No. 14-cv-03975-M-BK; *Davis v. Ware*, Case No. 14-xc-03963-K; *Davis v. McKool Smith*, Case No. 14-cv-3962-N-BK; *Crow v. Davis*, Case No. 14-cv-01964-N-BF; *Ware v. Davis*, Case No. 14-cv-01963-N-BH; *Davis v. McKool Smith*, Case No. 14-cv-0056-N-BK; *Davis v. Ackman*, Case No. 13-cv-04973-N-BK.  Plaintiff also has filed various cases in state court stemming from her employment with McKool Smith, including *Davis v. Baxter*, which was removed to the Eastern District of Texas.  *Davis v. Baxter*, Case No. 13-cv-514-RC at Doc. 5 and Doc. 7; *see also Davis v. McKool Smith*, No. DC-13-12834 (298th Dist. Ct.); *Davis v. McKool Smith*, No. DC-13-14215 (120th Dist. Ct.); *Davis v. Ware*, DC-14-11682 (134th Dist. Ct.); *Davis v. Ware*, No. 429-0427202014 (429th Dist. Ct.).  The claims in the case at bar are rooted in alleged acts of sexual abuse and forced labor which Plaintiff purports to have endured during and after her tenure with McKool Smith, her prior attempts to take legal actions against the alleged perpetrators, and how those attempts allegedly have been thwarted by Defendants.  Doc. 1 at 3-11.

**B.    Analysis**

   *1. Claims Against McKool Smith, Baxter, and Ware*

Upon review of the complaint filed in the instant action and the record in Case No. 14-cv-56-N-BK ("*Davis I*"), the Court concludes that the instant case is partially barred by the doctrine of res judicata and should be dismissed as to McKool Smith, Baxter, and Ware on that basis.[2] In *Davis I*, Plaintiff sued McKool Smith and an entity that she claimed was McKool Smith's parent entity, raising allegations similar to those she raises in this case. *Davis I*, Doc. #1 at 2-10, 13-14, 17-18, 22-23. McKool Smith moved to dismiss the suit on the basis that a prior state case that Plaintiff had filed against it in December 2013 had been resolved in McKool Smith's favor on the merits (the "State Case"). *Davis I*, Doc. #8 at 12-15.

In the petition she filed in the State Case, Plaintiff sued McKool Smith for human trafficking and "reserved her right" to sue Baxter and Ware for the same offense based on their alleged sexual abuse of her which abuse also was a condition of her employment. *Davis I*, Doc.# 9-1 at 7-11. Although Plaintiff subsequently attempted to nonsuit the State Case, the state court ultimately dismissed the action with prejudice based on Plaintiff's (1) abuse of the judicial system; (2) filing groundless pleadings, motions, and other documents; (3) filing lawsuits alleging identical claims; (4) filing lawsuits naming different defendants on the same claims; (5) filing groundless motions in dismissed cases; (6) making baseless accusations against counsel, and the like. *Davis I*, Doc. #8-1 at 5; Doc. #9-1 at 16. The District Judge in *Davis I* ruled that Plaintiff's complaint was barred by res judicata because she had raised or could have raised the

---

[2] The undersigned recently recommended the dismissal with prejudice of a similar case Plaintiff filed which is duplicative of *Davis I*. *Davis v. McKool Smith*, Case No. 14-cv-3962-N-BK at Dkt. 14. The District Court accepted that recommendation on December 10, 2014. *Id.* at Dkt. 25.

same claims against McKool Smith in the State Case . *Davis I*, Doc. #14 at 4-7. The undersigned reaches the same conclusion in this case.

As an initial matter, the Court notes that it is permissible for the undersigned to raise *sua sponte* the issue of whether a case is barred by res judicata. *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (affirming the district court's *sua sponte* dismissal, on the basis of res judicata, of a complaint that raised claims which had been dismissed for lack of jurisdiction in a prior case). Under the principle of res judicata, a plaintiff cannot relitigate claims "that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Federal courts apply state res judicata law when determining the effect of a prior state court judgment. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In Texas, res judicata applies where the following elements are met: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007); *see also Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011) (same).

As previously noted, the judge in the State Case dismissed all of Plaintiff's claims with prejudice. *Davis I*, Doc. #8-1 at 5. That dismissal was a final judgment on the merits for purposes of res judicata. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."). The fact that the court issued the order as a sanction does not change the fact that it is a final judgment. *See id.* at 753-54 (dismissal with prejudice as a sanction for ignoring court orders was a final judgment with preclusive effect); *Logan v. First Bank of Hous., Tex.*, 736 S.W.2d 927, 930-31 (Tex. App.–Beaumont 1987) (same).

4

Additionally, in both the State Case and this action, Plaintiff sued McKool Smith. In the instant case, Plaintiff sues additional individuals who she alleges participated in her sexual abuse, namely Baxter and Ware. However, she was aware of these potential defendants, who are in privity with McKool Smith, and she could have sued them for these alleged acts in her State Case. Indeed, she did raise numerous allegations against Baxter and Ware in her petition in that case. *Davis I*, Doc. #9-1 at 7-11; *Daccach*, 217 S.W.3d at 449; *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) (holding that privity exists if the parties share an identity of interests in the basic legal right that is the subject of the litigation). The second element of res judicata thus has been established.

Finally, the instant case is based on the same allegations of human trafficking and related abuses stemming from Plaintiff's employment with McKool Smith that she raised in the State Case. *Daccach*, 217 S.W.3d at 449 (stating that a final judgment on an action bars the right to bring a later suit on the transaction, or series of connected transactions, out of which the action arose; holding that any cause of action which arises out of the same facts should be litigated in the same suit if practicable). Although Davis asserts additional claims in this action that she did not assert in the State Case, she could have asserted those claims in the State Case. As Texas law makes clear, "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979) (citations omitted). Accordingly, the final element of res judicata has been met, and this case should be **DISMISSED WITH PREJUDICE** as to McKool Smith, Baxter, and Ware.

*2. Claims Against Crow*

Plaintiff alleges in her complaint that Ware and Baxter paid her to have sexual relations with Crow and "tolerate his disgusting emails," she was forced to allow Crow to pick her up so she could have sexual relations with him, and Crow sent her multiple text messages that included sexual references. Doc. 1 at 3-6. As can be seen, the only direct allegation against Crow that she makes is that he sent her offensive text messages. Plaintiff does not, however, connect that allegation to any of the claims she raises in her complaint for (1) economic duress/coercion; (2) conspiracy to violate her federal constitutional rights and 42 U.S.C. § 1981; (3) job discrimination, *quid pro quo* sexual harassment, and retaliation; (4) violation of the FLSA; (5) human trafficking; or (6) unlawful arrest. Further, although Plaintiff includes a count of "harassment" in her complaint, harassment is a penal law that cannot be enforced in a civil suit. *See* TEX. PEN. CODE § 42.07; *Cort v. Ash*, 422 U.S. 66, 79 (1975) (noting that a plaintiff has no right to bring a private action under criminal statutes). Accordingly Plaintiff's complaint against Crow should be **DISMISSED WITH PREJUDICE**. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

*3. Claims Against the State Bar of Texas*

Plaintiff appears to allege that the State Bar of Texas is threatening to revoke her law license. Doc. 1 at 6-7. The Eleventh Amendment bars claims against a state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citations omitted). The State Bar is a state agency that is also protected by Eleventh Amendment immunity. *Green v. State Bar of*

*Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Accordingly, Plaintiff's claims against that entity should be **DISMISSED WITH PREJUDICE**. *See McConathy*, 131 F.3d at 561-62.

    *4. Claims Against State Judges*

Although her allegations against them are not entirely clear, Plaintiff has sued four members of the state judiciary, Judges Martin, Tobolowsky, Turner, and Willis. She alleges that these judges sit as state district court judges in Dallas and Collin Counties. Doc. 1 at 2. Plaintiff has litigated both criminal and civil cases in those district courts previously, including the State Case which Judge Tobolowsky dismissed. Doc. 1 at 15-16; *Davis I*, Doc. #8-1 at 6.

Judicial immunity protects judges from suit as to claims for money damages in all actions taken in their judicial capacities, so long as they do not act in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity applies even when a judge is accused of acting maliciously and corruptly. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). To the extent Plaintiff is suing the State Judges in their judicial capacities based on actions they took in her state cases, she cannot plausibly argue that they acted in the clear absence of all jurisdiction in doing so. Accordingly, the State Judges are entitled to judicial immunity, and Plaintiffs' claims against them should be **DISMISSED WITH PREJUDICE**. *McConathy*, 131 F.3d at 561-62.

    *5. Claims Against Counsel*

Plaintiff's final complaints are directed at (1) Donald Colleluori, who Plaintiff alleges is counsel for McKool Smith; (2) Angeline Bain, who Plaintiff alleges is counsel to Ware and Baxter; and (3) Brian Lidji, who has no apparent connection to this case and against whom Plaintiff does not make any allegations in her complaint. The only allegations Plaintiff makes against Colleluori are that he is "conspiring with" Bain in relation to Plaintiff's recent arrest for

failure to pay child support and that he "continues to lie" about one of Plaintiff's state court cases being dismissed with prejudice. Doc. 1 at 9-11. These are the same allegations Plaintiff raises against Bain with the additional charges that Bain had her arrested for no reason and is biased because she is on the grievance committee of the State Bar. Doc. 1 at 10.

None of these allegations, however, relates to the claims that Plaintiff raises in her complaint for (1) economic duress/coercion; (2) conspiracy to violate her federal due process and equal protection rights and 42 U.S.C. § 1981; (3) job discrimination, *quid pro quo* sexual harassment, and retaliation; (4) violation of the FLSA; or (5) human trafficking. Nor could Plaintiff plausibly raise any such claims against either Colleluori or Bain. As such, any claims against them in that regard and against Lidji should be **DISMISSED WITH PREJUDICE**. *McConathy*, 131 F.3d at 561-62. With regard to Plaintiff's charge of unlawful arrest, she alleges only that Bain "appears to be responsible" for the arrest in question and that Colleluori and Bain conspired to effectuate her arrest. This is insufficient to state a claim. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002) (setting forth elements of a false arrest claim). Plaintiff's unlawful arrest claim against Colleluori and Bain should be **DISMISSED WITHOUT PREJUDICE**.

**C.    Conclusion**

For the foregoing reasons, it is recommended that the District Court *sua sponte* **DISMISS** Plaintiff's unlawful arrest claim **WITHOUT PREJUDICE** as to Defendants Colleluori and Bain. All remaining claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 12, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE