**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**CHELSEA L. DAVIS**

**v.**

**STATE BAR OF TEXAS et al**

**NO. 3:14-cv-4190-B**

---

**CHELSEA DAVIS'S EMERGENCY SUPPLEMENTAL PETITION;
APPLICATION TO ENJOIN STATE COURT "PROCEEDINGS" AND ASK
CERTIFIED QUESTIONS TO THE SUPREME COURT OF TEXAS; AND
PETITION FOR WRITS OF MANDAMUS AND PROHIBITION TO VACATE
VEXATIOUS LITIGANT "ORDER" AND PROHIBIT RETALIATORY GRIEVANCE
AND DISABILITY INVESTIGATIONS BY THE STATE BAR OF TEXAS**

I, CHELSEA LYNN DAVIS, State Bar No. 24059652 (hereinafter referred to as "Chelsea L. Davis" or "Chelsea Davis" or "Chelsea" or in the first person) move to stay state court proceedings under 28 U.S.C. § 2283, which includes all steps taken or which may be taken in state court or by its officers from institution of suit to close of final process. I move for leave to file this supplemental petition and exceed page limitations. I incorporate by reference herein the attached plea to the jurisdiction in support of my argument herein that the Texas Supreme Court lacks authority to institute and must be prohibited and enjoined from instituting disciplinary and disability "actions" and investigations against me in retaliation for my filing of this lawsuit against the State Bar of Texas.

<u>INTRODUCTION</u>

I request this Court to stay "***Chelsea L. Davis v. McKool Smith P.C.***," Cause No. DC-13-12834/14215 in the 298/160th Judicial District Court, Dallas County, Texas; Cause

No.429-04835-2013 in the 429th Judicial District Court, Collin County, Texas; 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV in the Fifth Court of Appeals, Dallas, TX; Cause No. DF-14-11110 in the 254th Judicial District Court, Dallas County, Texas; "*Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter,*" Cause No. DF-13-19281 in the 254th Judicial District Court, Dallas County, Texas; and *Chelsea L. Davis v. Harlan R. Crow, Cause Nos. DC-13-14479, DF-13-23109, and DC-14-14436,* opened on December 10, 2013, apparently statistically closed the next day on Dec. 11, 2013, allegedly reopened under seal on Dec. 20, 2013 by counsel for Leslie Ware (although that is not possible), allegedly transferred to Collin County and dismissed under 429-03449-2013, and allegedly refiled on Dec. 10, 2014 and reclosed on Dec. 15, 2014 in Dallas County, Texas.

I am an attorney licensed to practice law in the State of Texas and throughout the United States as a U.S. Patent Attorney before the USPTO, Reg. No. 63,791, and I reside in Collin County, Texas. I am a person whose rights are being affected. However, I am not a party to any case in any state trial court because there can be no parties where there is no case, and there is no case where there is only a sealed grievance investigation prior to any finding of just cause, based on alleged grievances that were not even properly filed by any client with the Chief Disciplinary Counsel, prior to any appointment of a summary disposition panel or evidentiary panel and prior to any filing of a Complaint or Disciplinary Petition pursuant to the Texas Rules of Disciplinary Procedure. In all grievance investigations, lawyers are denied due process because the investigations are often under-cover and there can be no finality to such grievance investigations.

Named "Respondents" judges are District Court Judges Jill Willis, Craig Smith, Local Administrative Judges John Roach, Jr. (Collin County), Lora Livingston (Travis County), Emily

Tobolowsky, James Martin, Martin Hoffman, Robert Burns, and James Martin (Dallas County) and Associate Judge Donald Turner.  Named "Respondents" are persons without authority to discipline me as an attorney.  However, they are acting as panel members of unauthorized summary disposition and evidentiary panels of the District Grievance Committees in Dallas and County Counties, Texas or otherwise, as if they were appointed by the Commission for Lawyer Discipline, even though they were never appointed to so act.  "Respondent" judges and counsel for McKool Smith P.C., Samuel Baxter, Leslie Ware and Harlan Crow have acted unlawfully as if they were appointed by the District Grievance Committee in the county in which I reside to sit on a panel even though they were never appointed by the Chief Disciplinary Counsel nor authorized by the Commission for Lawyer Discipline.

I submitted my notices of nonsuit as a precaution for every cause of action which appeared to be ordered for transfer and consolidation or transferred and consolidated into a sealed grievance investigation because a grievance investigation cannot be a case - there is no judge, no jury, no notice, no opportunity to be heard, no finality, no court record or even disciplinary "file" and no due process.

On an emergency basis, TODAY, this Court must enjoin/stay the enforcement of any vexatious litigant "order," "order(s)" of capias and "judgment," if any, against me without preventing me from proceeding with any cause of action against any potential defendants, namely, McKool Smith P.C., Samuel Baxter, Leslie Ware and Harlan Crow, or arbitrating any cause of action against McKool Smith P.C. which is subject to mandatory binding arbitration. There is no reason to arrest me or cause me to pay child support into the registry of a court when I am not married to Leslie Ware and Samuel Baxter and do not have any children.

McKool Smith P.C. is a professional corporation organized in the State of Texas and maintains a principal office in Dallas County, Texas at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.  McKool Smith P.C. is represented by named "Respondents" Brian Lidji, Thomas Graves, Don Colleluori and Erin Dwyer of Figari & Davenport and Charles Herring Jr. of Herring & Irwin LLP.

Don Colleluori
TX BAR NO. 04581950
don.colleluori@figdav.com
A. Erin Dwyer
TX BAR NO. 06302700
erin.dwyer@figdav.com
Figari & Davenport
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090

Charles "Chuck" Herring Jr.
Herring & Irwin LLP
Texas Bar No. 09534100
1411 West Avenue, Ste 100
Austin, TX 78701
Tel: 512-320-0665
cherring@herring-irwin.com

Attorney Leslie D. Ware resides in Dallas County and primarily works in Collin County, Texas. He appears to be attempting to assert third party claims in a grievance investigation.

Brian M. Lidji
Lidji Dorey & Hooper
500 N. Akard
Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

Angeline L. Bain
Goranson Bain, PLLC
8350 N. Central Expy, Ste.1700
Dallas, TX 75206
P 214.373.7676
F 214.373.9959
abain@gbfamilylaw.com

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

Veronica S. Lewis, SBN 24000092
v lewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

J. Robert Miller Jr.
MILLER BROWN LLP
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

Deputy Consul to Denmark Harlan R. Crow resides in Texas and works in Dallas, Collin and Travis counties.

KEN STONE

5

TX BAR NO. 19296300
JAMIE RIBMAN
Gray Reed & McGraw P.C.
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@lrmlaw.com


Attorney Samuel F. Baxter resides in Harrison County, Texas.

Ross Wells
Abernathy, Roeder, Boyd & Joplin, P.C.
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com


Attorney Lawrence J. Friedman resides in Dallas County, Texas.

Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
214.941.1881 (Telephone)
214.941.1399 (Facsimile)

The State Bar may be an agency of the Texas Judicial Department. Rev.Civ.Stat. Ann. art. 320a-1 § 2 (Vernon 1973 & Supp. 1985). The State Commission on Judicial Conduct may be an agency of the state. Tex.Const. art. 5 § 1-a(2).

## MOTION FOR INJUNCTION OR CERTIFIED QUESTIONS TO THE SUPREME COURT OF TEXAS

As a preliminary issue, this Supreme Court of Texas must clarify that there is no case and no grievance matter was ever properly before a court, Evidentiary Panel, Committee or appellate authority because there is a grievance investigation only. Respondents fraudulently acted under cover as if they were authorized and appointed by the Chief Disciplinary Counsel and Commission for Lawyer Discipline, and they failed to give any indication that any "proceeding" was a grievance proceeding. This Court must enjoin or else ask the Supreme Court of Texas whether to immediately enjoin the unauthorized grievance investigation(s) against me for lack of subject matter jurisdiction and authority. Further, this Court must compel the Supreme Court of Texas to certify and release to me my entire disciplinary history so that I may apply for a law license in a different state, certifying that there have never been and there are not now any valid disciplinary actions or proceedings against me.  I am entitled to my own certified disciplinary history, I have the right to resign my Texas law license, and I have submitted my resignation form and affidavit along with payment to the Membership Department of the State Bar of Texas for processing, but they refuse to process it as an alternative to the unauthorized investigation of me.  I request this Court to immediately enjoin all disciplinary investigations at least until the Supreme Court of Texas or this Court rules on my plea to the jurisdiction (attached). In the alternative, I request this Court to ask by certified question to the Supreme Court of Texas whether I may resign. I am being denied access to the courts when I have the civil right, as a

victim of human trafficking, and as a potential civil rights litigator representing the female victims assaulted and raped by Judge Carlos Cortez, to access the civil courts and obtain civil remedies. Further, by signing a fraudulent vexatious litigant "order," Jill Willis has unlawfully deprived me of my right to confront witnesses and to defend myself in any disciplinary proceeding that commences.  I cannot obtain de novo review, compel discovery to which I am entitled or enforce subpoenas if I cannot file suit *"In re: Hearing Before the District __ Grievance Committee."*

I request this Court to ask the certified question to the Supreme Court of Texas whether each of certain papers is a court order or unauthorized reprimand, whether each applies to the cause of action of trafficking of persons in my attempted lawsuit against McKool Smith P.C., which was deprived of subject matter jurisdiction, or to the unauthorized grievance investigation, and whether to clarify it as an unsubstantiated and unauthorized panel decision and/or vacate it as void, as a meaningless piece of paper or as a court order. In advance of an answer, I request this Court to enjoin the state courts and Supreme Court of Texas from conducting any hearing in any proceeding or enforcing any alleged court order against me.

I request this Court to ask the certified question to the Supreme Court of Texas whether to disqualify all counsel and assistants who have participated in the unauthorized grievance investigation for sanctionable misconduct, bias, conflict of interest, failure to take the proper oath, for unconstitutionality of the required oath for failure to rule out bribes and/or for acting as district attorneys in opposition to the State of Texas, which already dismissed criminal charges, if any, against me.  In advance of an answer, I request this Court to enjoin the state courts and Supreme Court of Texas from investigating me.

I request this Court to ask the certified question to the Supreme Court of Texas whether there was any authority to stay, transfer, sever and/or consolidate civil actions, if any, and to dismiss any causes of action against a named defendant as a sanction against me where the court was deprived of subject matter jurisdiction and especially where the Board of Disciplinary Appeals never obtained any jurisdiction or authority.

I request this Court to ask the certified question to the Supreme Court of Texas whether the Chief Disciplinary Counsel and Commission for Lawyer Discipline are prohibited from further investigating and instituting and the Board of Disciplinary Appeals is prohibited from hearing a disability investigation where the Chief Disciplinary Counsel does not reasonably believe that I am suffering from a Disability to such an extent that *(a) My Continued Practice of Law Poses a Substantial Threat of Irreparable Harm To Clients Or Prospective Clients; or (b) I Am So Impaired That I Am Unable To Meaningfully Participate In the Preparation of a Defense To McKool Smith P.C.'s Grievance Complaint.*

I request this Court to ask the certified question to the Supreme Court of Texas whether disciplinary and disability procedures may be used to postpone a hearing on Leslie Ware's application for a dating violence protective order under the Texas Family Code against me (for which a court lacks subject matter jurisdiction because it fails to even allege that I committed any dating violence against him) for one year and three months until after the State Bar of Texas pays his sister's colleagues to label me as a crazy stalker even though the Texas Family Code requires courts to hear such urgent matters within fourteen days; and whether the State Bar of Texas, through the Board of Disciplinary Appeals or otherwise, can then use the fabricated "crazy stalker" report from the biased and bribed shrinks against me to make a final judgment of

suspension of my law license for being a "crazy stalker," obtain a dating violence protective order against me and deprive me of my Constitutional right to bear arms without ever showing a scintilla of evidence that I ever committed or am likely to commit dating violence against Leslie Ware, show the judgment to a District Attorney and/or convict me without a jury of felony stalking just like Leslie Ware and the State Bar of Texas do to every one his female lawyer victims.

I request this Court to ask the certified question to the Supreme Court of Texas whether I may be disciplined or disbarred for or convicted of felony Failure To Appear where a biased substitute "judge" without authority of any court acting as unauthorized panel member ordered my arrest for felony failure to pay child support even though the court lacked personal and subject matter jurisdiction, there was no panel present, Leslie Ware has never personally appeared in any court in any action in which he and I are parties, I am not married to Leslie Ware and Samuel Baxter, and I do not have any children.

## PETITION FOR WRITS OF MANDAMUS AND PROHIBITION TO VACATE VEXATIOUS LITIGANT "ORDER" AND PROHIBIT RETALIATORY GRIEVANCE INVESTIGATION

There is no case. I have not yet filed any petition for writ of mandamus in the Supreme Court of Texas to vacate the vexatious litigant "order" because I cannot. It would be an original proceeding for dismissing Grievances 201305119 and 201401333 for lack of jurisdiction and authority because no just cause determination was timely made, and no Summary Disposition or Evidentiary Panel(s) or District Court(s) was appointed; an original proceeding to vacate all papers in "*Chelsea L. Davis v. McKool Smith P.C.,*" Cause No. DC-13-12834/14215 in the 298/160th Judicial District Court, Dallas County, Texas, allegedly transferred to Cause No. 429-04835-2013, in the 429th Judicial District Court, Collin County, Texas and/or allegedly

transferred and consolidated into one or more unauthorized grievance investigations under Cause No. DF-13-19281, *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter (i.e. feigned by Leslie Ware and Samuel Baxter's lawyers as if just cause had been timely found and as if an action had been instituted in the name of the Commission for Lawyer Discipline v. Chelsea L. Davis, but it was not);* but the vexatious litigant "order" was signed by Jill Willis in Collin County and appears to be entered in a different "case" in Dallas County removed to this Court to the extent possible under Cause No. 3:14-cv-3962.  I do not desire to consolidate two non-cases which lack subject matter jurisdiction in the Supreme Court of Texas, which has jurisdiction to regulate the practice of law.

After two years of attempting to file a single lawsuit against McKool Smith P.C., no lawsuit could have been commenced, prosecuted or maintained by me because I continue to be denied access to the courts. A bogus trial is set before James Martin of the 254th Judicial District Court, Dallas County, Texas on Feb. 17-18, 2015, but it is unclear what that trial is for because the 254th Judicial District Court does not have jurisdiction or authority over any cause of action or disciplinary proceeding or action. On Jan. 30, 2014, after the State Bar of Texas concludes for itself without any evidence or authority that I suffer from a Disability to such an extent that they conclude without any authority or evidence that I pose a threat of irreparable harm to my clients, Leslie Ware will apply for a dating violence protective order against me just like he did to his last female lawyer victim and unlawfully cause me to lose my Constitutional right to bear arms. **To the State Bar of Texas:  I prefer my Constitutional rights to your bigotry and prejudice against female lawyers who have been raped and trafficked by male lawyers and judges or who intend to represent female victims in civil rights litigation against male lawyers and**

**judges who assaulted and sexually assaulted them, so either get off my back and stop closing every lawsuit I try to file for trafficking of persons under Tex. Civ. Prac. & Rem. Code Ch. 98 or else disbar me.** I have a Constitutional right to file a civil lawsuit, demand a jury trial, depose Leslie Ware, Samuel Baxter and McKool Smith P.C., commence an action and proceed to a jury trial on the merits of my causes of action against offenders.

Multiple appellate docket numbers have been opened and allegedly consolidated into *Chelsea L. Davis v. McKool Smith P.C.,* 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, and 05-14-00090-CV in the Fifth Court of Appeals, Dallas, TX, and into a sealed grievance investigation to which I object. These appeals appear to have been dismissed for lack of jurisdiction and/or for failure to follow the rules, likely the Texas Rules of Disciplinary Procedure. I object to any future appeals being consolidated into those "appeals." I object to dismissal of appeals because there is no case and thus there cannot be any order or judgment to appeal. I move for stay of execution of any judgment and stay of mandate or other relief to clarify that there can be no appeal under any appellate cause number in the Fifth Court of Appeals and all papers and "dockets" are void.

The underlying action I attempted to commence for state law cause of action of trafficking of persons against McKool Smith P.C. was never commenced or was stayed on the merits, but the Judicial District Court in Dallas County appears to have been stripped of subject matter jurisdiction when the action was stayed on Nov. 6, 2013 or ordered transferred and consolidated into a sealed grievance investigation on Nov. 26, 2013 in which I am denied due process.

I seek (1) the issuance of writs of mandamus vacating alleged orders/unauthorized panel decisions signed by "judges" and associate "judges" not acting in their official capacities or judging anything and dismissing the two grievances and all fake grievances/complaints, if any, against me for lack of subject matter jurisdiction and authority and for never being filed with the Chief Disciplinary Counsel (2) a writ of prohibition against the Commission for Lawyer Discipline and Board of Disciplinary Appeals to prohibit them from prosecuting any disciplinary or disability proceeding or action against me; (3) a writ of prohibition prohibiting Respondents "judges" from acting on any purported "action" against me in the grievance investigation; and (4) **a writ to void unauthorized investigations against me, including the contempt proceeding for failure to pay child support, and the "orders" of capias for failure to appear,** which appear to compel alleged "Respondents" to appear, which may include compelling the appearance of Emily Tobolowsky, and thus I object to her recusal of herself. I seek relief from the "Respondents'" actions of signing "orders", including "orders" of capias and compelling me to pay child support even though I am not married and do not have any children.

I am being deprived of due process, rights, liberties, privileges, waivers and immunities in violation of the U.S. and Texas Constitutions and state and federal laws aimed to protect sexual assault and trafficking victims because I am a licensed attorney in good standing in the State of Texas. The Texas Rules of Disciplinary Procedure are unconstitutional and unlawfully deprive me of my rights, liberties and property. The men of the State Bar of Texas deliberately wrote and have failed to update these rules to protect the sexual predators among them and in an attempt to trump the rules requiring states and courts to protect victims of domestic violence, including female lawyers. The State Bar of Texas continues to send an unconstitutional, hate

message to female lawyers and a loud and clear message to sexual predators like Leslie Ware and Carlos Cortez, who continue to sexually abuse one female lawyer after the next:  RAPE FEMALE LAWYERS.  I desire to prevent this Court and state courts from denying me due process and from violating my civil rights any further.

To the extent I am being accused of a crime, I have provided my objections and pleas to the jurisdiction and reserve my right to object further upon presentment of an information or indictment. I do not waive any indictment.

Appellate Docket No. 05-13-01747-CV is an appeal of one or more "order(s)" which appear to grant a motion for confidentiality, sealing, temporary sealing and/or transfer, perhaps because of an "agreement" between alleged parties or between myself and the State Bar of Texas.  *See, e.g.,* Rec. at 31, 32, 33-34, 39-40. This appeal appears to have been consolidated with Appellate Docket No. 05-14-00095-CV, etc., an appeal from one or more order(s) setting hearing and/or to show cause (hereinafter referred to as the "December 16th Order") [Rec. at 44-45] and "order" of dismissal with prejudice and/or a sanctions order (hereinafter referred to as the "December 27th Order") [Rec. at 65-67]. However, the December 16th and December 27th "Orders" were signed more than thirty days after the trial court lost plenary power over any cause of action and are void.  Such orders could not enter findings of fact on the merits or prejudice any cause of action. [Rec. at 65-67; App. F; App. W].  I reserve my right to amend arguments as the undercover investigation is revealed or else enjoined or dismissed.

I certify that the documents contained in the Appendices, clerk's "record" and supplemental clerk's "record" in Cause No. 05-13-01747-CV in the Fifth Court of Appeals, Dallas, TX **DO** **NOT** represent any court record because no court records yet exist due to the

transfer and consolidation into a sealed grievance investigation in which there can be no finality because I am being denied due process.  The Appendices include documents that I attempted to file but never actually filed, documents never presented to the presiding Judge of any Court, and documents which could not have been actually proposed by Associate Judge Donald Turner as proposed orders to a presiding Judge. No documents could be based on an agreement between "parties" where there are no parties.

I contest the constitutionality of rules and papers which prevent me from seeking relief to which I am entitled as a victim of human trafficking.  However, I do not introduce any cause of action or facts in support here and provide this information and argument for the limited purpose of providing a compelling reason for this Court to certify questions to the Supreme Court of Texas and permit me to proceed with my 1983 causes of action and issue writs against "Respondents". It would be improper to dismiss my cause of action in the future as moot or estopped by doctrines of collateral estoppel or res judicata because human trafficking is a statutorily cumulative cause of action and Texas Rule of Disciplinary Procedure 15.03 prevents me from being  "affected by the doctrines of res judicata or estoppel by judgment from any Disciplinary Action." *Id.*  This Court may recognize the exceptions to the mootness doctrine, including the Public-Interest-Exception, which permits review of these issues because they are of considerable importance and are highly capable of repetition between the same parties and other members of public.  For example, Leslie Ware has sexually abused multiple female lawyers and the State Bar of Texas continues to insulate him from liability by causing his victims to be wrongfully accused of being crazy stalkers and having their law licenses suspended based on a fraudulent disability created by paid, bribed witnesses for the State Bar of Texas who have a

conflict of interest.  As another example, at least five other women have come forward claiming that Judge Carlos Cortez raped them, and the State Bar of Texas continues to insulate him from liability and call his victims crazy even though they have controverting evidence.  One woman even testified that he raped an eight year old little girl.  There is a compelling public interest to prevent the State Bar of Texas from insulating Leslie Ware and Carlos Cortez from liability. I request discovery from this Court concerning all female lawyers who have been similarly sexually abused and disbarred or suspended for coming forward and standing up for themselves to benefit not only themselves, but future female lawyers and potential victims of sexual predators Leslie Ware and Carlos Cortez.

No Disciplinary Proceeding in state district court or before an evidentiary panel has yet been properly brought on behalf of the Commission for Lawyer Discipline pursuant to the State Bar Act, Tex. Gov't. Code Ann. Sec. 81.001, et seq., the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure.  The complaints that form the basis of this Disciplinary "Proceeding" were not those filed by attorney Thomas A. Graves of McKool Smith P.C. on or after August 28, 2013.  Venue was proper in Dallas County, Texas as the place of my residence on Jan. 30, 2013.  However, on or about April 2013, I moved from Dallas County to Collin County.

Venue is mandatory in Dallas County to obtain orders to compel compliance with subpoenas served on persons and witnesses in Dallas County, Texas, including additional counsel listed below.  Leslie Ware has repeatedly failed to comply with subpoenas served on him **COMMANDING LESLIE WARE TO APPEAR, GIVE TESTIMONY AND PRODUCE DOCUMENTS,** including all sexually explicit photographs, all sexually explicit video

recordings and all voice recordings that include the likeness and/or the voice of Chelsea Davis to which he has had access at any time; the identities of prostitutes Jane Does 1, 2 and 3 who engaged in sexual conduct with Leslie Ware and Chelsea Davis; the identities of all John Does who witnessed Leslie Ware engaging in sexual conduct with Chelsea Davis in Leslie Ware's office; the identities of John Does who witnessed Leslie Ware engaging in sexual conduct with Chelsea Davis at the Mansion Bar for the Dita Von Teese event; the identities of John Does who witnessed Leslie Ware sexually assault Chelsea Davis at the Mansion Bar on October 29, 2012; and the case number(s) and documents of all applications for Temporary Restraining Orders, of all applications for a protective order, and of all motions for contempt filed on behalf of Leslie Ware against any person.   This information (and additional information) is needed from Leslie Ware, Samuel Baxter, Harlan Crow and McKool Smith P.C. to show that they victimize one female lawyer after the next and continue to implement the same elaborate scheme to make their victims look crazy and cause them to either go on disability suspension for standing up for themselves.

The Texas Rules of Disciplinary Procedure are explicit when granting the right to the accused lawyer to compel discovery. Specifically, Rule 2.17, states "Each party may have no more than six hours in total to examine and cross examine all witnesses in oral depositions;" "[a]ny party may serve on the other party requests for production and inspection of documents and tangible things"; and "[a]ny party may serve on the other party requests for admission." Tex. R. Disc. P. 2.17(E).   Tex. R. Disc. P. 2.17(G) states "no ruling upon a discovery dispute shall be a basis for reversal solely because it fails to strictly comply with the Texas Rules of Civil Procedure." *Id.*   I object to the Constitutionality of Tex. R. Disc. P. 2.17(G) for deprivation of

due process, which is required in grievance proceedings following conclusion of grievance investigation because proceedings are subject to finality.

With respect to enforcement of subpoenas in grievance proceedings before a district court, "[i]f any witness ... fails or refuses to appear or to produce the things named in the subpoena, or refuses to be sworn or to affirm or to testify, the witness may be compelled to appear and produce tangible evidence and to testify at a hearing before a district judge of the county in which the subpoena was served." Tex. R. Disc. P. 2.17(I). "The application for such a hearing is to be styled "In re: Hearing Before The District _____ Grievance Committee." *Id.* "The court shall order a time, date, and place for the hearing and shall notify the Commission, the Respondent, and the witness." *Id.* "If the witness fails or refuses to appear, testify, or produce such tangible evidence, he or she shall be punished for civil contempt." *Id.* I request public hearings and a public jury trial and reserve my right to follow up with appeals to the Board of Disciplinary Appeals and seek de novo review in a district court for any proceedings before an evidentiary panel. I have not been served with any subpoena or previously been named in any proceeding properly brought under the rules governing the State Bar of Texas.

I object to the portion of Rule 2.17(I) of the Texas Rules of Disciplinary Procedure using the term "or" for deprivation of due process, mandatory notice, an opportunity to be heard and an opportunity to prepare a meaningful defense.  Rule 2.17(I) states, "[u]nless the Respondent requests a public hearing, the proceedings before the court shall be closed and all records relating to the hearing shall be sealed and made available only to the Commission, the Respondent, *or* the witness."  *Id.*  For example, when Leslie Ware fails to comply with a subpoena to testify to appear and produce documents in this action, I will apply for an evidentiary hearing in Collin

County where he is served with subpoena, styled *"In re: Hearing Before The District* _____

*Grievance Committee."*   In the hearing, I, the Respondent attorney, will question Leslie Ware as

the witness, and he will finally be forced to either testify that the allegations against me are false

or else perjure himself.  I will need access to the "record" of the hearing to obtain the transcript

to present it to this Court to prove the grievance must be dismissed. However, the rule appears to

permit the Collin County District Court to deny me access to the record, which denies me a

meaningful opportunity to prepare a defense.

I object to Samuel Baxter, Leslie Ware, Angeline Bain, Brian Lidji, Donald Colleluori,

Erin Dwyer and Ken Stone from acting as counsel for another in this proceeding.  <u>Texas</u> <u>Rule</u> <u>of</u>

<u>Professional</u> <u>Conduct</u> <u>3.08</u> states that "[a] lawyer shall not accept or continue employment as an

advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer

knows or believes that the lawyer is or may be a witness necessary to establish an essential fact

on behalf of the lawyer's client."  <u>TEX.</u> <u>DISC.</u> <u>R.</u> <u>PROF.</u> <u>COND.</u> <u>3.08(a)</u>. Their testimony is

necessary to establish an essential fact. I have met my burden to prove that I suffered actual

prejudice due to the attorney's dual role as witness and lawyer.

In this action, I request public hearings and a public jury trial and reserve my right to

request additional evidentiary hearings.  In spite of the lack of subject matter jurisdiction which

necessarily follows when the rules are not followed to institute a grievance proceeding, on

Monday afternoon, Dec. 8, 2014, I received an email from Leslie Ware's lawyer Robert Miller

which appears to contain a public reprimand.  Article XII, Section 16(b) of the Rules Governing

the State Bar of Texas provides:  "If the accused shall deem the reprimand unwarranted, he may,

within ten days of delivery or mailing thereof, file suit in the district court of the county of his

residence to set same aside, failing which the reprimand shall become final . . ." I attempted to file suit to set aside reprimand, but it was allegedly stayed and closed due to vexatious litigant "order." Again, I lost more money. *See Chelsea L. Davis v. District Grievance Committee et al,* and *In re Hearing Before the District Grievance Committee,* Cause No. DC-14-14184 in the 192nd Judicial District Court, Dallas County, Texas.

Leslie Ware sought to institute disbarment proceedings against me on Jan. 30 and Jan. 31, 2013 by filing two of the exact same original petitions in Dallas County.  *See LDW v. CLD,* Cause No. DC-13-01240 (162nd Judicial District Court, Dallas County, Texas filed Jan. 31, 2013), and Cause No. DF-13-01647 (303rd Judicial District Court, Dallas County, Texas filed Jan. 30, 2013).  I just learned of the second duplicate proceeding in family court around November 2014.  Prior to 1939, a lawyer could file a suit against another lawyer to seek to disbar him or her. The old law stated, "The judge of any court, a practicing attorney, a county commissioner or justice of the peace may file with the clerk of the district court a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law." Art. 314, V.A.T.S. Today, Court proceedings against a lawyer accused of official misconduct as defined by Texas State Bar Rules Art. XII, §§ 8 and 9, shall be instituted only after a thorough private investigation and hearing of the complaint has been had by a legally constituted official body, the District Grievance Committee, and such Committee has determined that disciplinary action is warranted.  Even then, if the Committee finds proper, and the accused lawyer consents in writing, milder action may be taken without the necessity of filing a Formal Complaint in court.  I have not consented in writing to anything and have repeatedly demanded a jury trial. "Tex. Rev. Civ. Stat. ann. § 8 expressly repealed all laws or parts of laws which were

in conflict with the Act or with the rules and regulations adopted under the State Bar Act by the Supreme Court." *See State ex rel. Chandler v. Dancer*, 391 S.W.2d 504, 505 (Tex. Civ. App. Corpus Christi 1965) (holding that the practicing attorney lacked authority under the State Bar Act, formerly Tex. Rev. Civ. Stat. Ann. art. 320a-1 et seq. (now Tex. Gov't Code Ann. § 81.001 et seq.) to seek disbarment of other attorneys by filing a civil suit in district court).

From the outset, Leslie Ware and Samuel Baxter used various fraudulent and criminal tactics to scare me to death to jumpstart their campaign to attack my credibility. They even managed to record false, fraudulent records using various agents including attorney Larry Friedman and biased physicians. For example, I recorded my own 9-1-1 call, and I went to unbiased doctors who actually evaluated me to make reliable medical records. Then, after I moved to Collin County to get away from these guys, on or about May 1, 2013, Leslie Ware filed a stalking complaint with the Dallas Police Department. Samuel Baxter begged me to attend mediation, and he ended up spending about $15,000 on me at Hotel Palomar and Exhale Spa to bribe me to show up at mediation. He said I could charge anything to his credit card on my room and at the spa, so I did. Afterward, Samuel Baxter continued threatening and harassing me and even sent some guy to my house to bang on my door, to my mom's house and to my dad's office. Their friend and wealth manager, R. Brian Teal, who I thought was my friend, drugged me on July 5, 2013, and I was arrested for a DWI. Witnesses from Dallas County jail say I complained that he and his friends raped me, but I do not remember. I am lucky to be alive.

Next, I attempted to file suit against Samuel Baxter in Collin County. The next day, McKool Smith P.C. filed a grievance against my law license for allegedly stalking Leslie Ware and based on false allegations from 2010. Samuel Baxter removed to federal court. I attempted

to get a protective order against Leslie Ware and Samuel Baxter in Dallas County, and I attempted to file suit against McKool Smith P.C. in Dallas County. This time, Samuel Baxter obtained an order of transfer to family court and another order of transfer to who knows where, back to the Eastern District of Texas I presume, but I do not know.  Then, I obtained a letter of permission to sue from the EEOC and filed my federal lawsuit in the Northern District of Texas for unlawful discrimination. Two days later, I was back in jail, this time without bond.  While I was away, my federal "case" was transferred by multiple orders and a seemingly impossible order of remand was entered.  Recently, after Judge Emily Tobolowsky recused herself and another transfer order was entered, I finally realized that all of the transfers were made to mimic the Board of Disciplinary Appeals as if Leslie Ware, Samuel Baxter and their lawyer were the Evidentiary Panel appointed by the 6th District Committee of the State Bar of Texas, and as if I am disbarred and my disbarment case is already on appeal to the Board of Disciplinary Appeals - who do they think they are?  Apparently, they think they are so far above the law that they *are* the State Bar of Texas.  If I had known that, I would have never worked for McKool Smith P.C. But I could not have known that even though they do this to one female lawyer after the next because all of the prior proceedings are sealed.

After my release from jail, whatever is going on in the "lawsuits" I tried to file is not normal.  The "records" are sealed to the point that I do not even have access to all of the documents, and it is such a mess that it is impossible for me to hire counsel.  Plus, why would I waste my money when they are accomplishing my arrest for felony failure to pay child support? What competent, unbiased judge would sign such an order?  Well, not the same judges that are presiding over any case or that have ever met me.  These guys just get random judges to sign

stuff even though there is no case pending in that judge's court.  It appears that everything I file is being duplicated and the original is stayed while the duplicate is transferred and consolidated into one grievance investigation against me in which I am being denied due process.  Certainly, there has not been any order or judgment in any lawsuit in which I have a claim or cause of action against a named defendant.   There are just numerous baseless, meritless, unsupported attacks on my credibility to characterize me as a crazy stalker and to strategically frame the dispute as arising under the Texas Family Code even though there has never been any claim sufficient to confer subject matter jurisdiction on the court under the Texas Family Code, except perhaps Leslie Ware's application for a protective order, but his application itself admits that he committed dating violence against me.

"All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. Art. 1, Sec. 13.

I move now to dismiss all grievance investigations and actions against me under Tex. Civ. Prac. & Rem. Code Sec. 27.003 and previously moved to dismiss the disability investigation, but my motion was denied. I petition this court for a writ to reverse that denial of my special appearance motion to dismiss.  Under this section, "(a)  if a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." Tex. Civ. Prac. & Rem. Code 27.003.  "[A] court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:

(1)  the right of free speech;

(2)  the right to petition; or

(3)  the right of association." *Id.*

I have shown sufficient evidence and seek to introduce additional evidence. Leslie Ware

and Samuel Baxter have offered me $1,000,000 and $400,000 to be quiet instead of litigating my claims against them. Judge James Martin threatened that any lawsuit I file in the State of Texas against Leslie Ware or Samuel Baxter will be transferred and consolidated into a sealed black hole in which I am denied due process and freedom of speech.

"[T]he court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. I have established each essential element of a valid defense.

Each and every sealing order is an unlawful prior restraint on my freedom of speech, not a sealing order under Tex. R. Civ. P. 76a for the following reasons:

### 1.     Interest in Privacy For Published Information

Samuel Baxter (and/or his counsel) merely states he has an interest in his privacy and professional reputation period. He has never elaborated. His motion does not say he is former district court judge in the State of Texas with retired status and former district attorney in Harrison County. He does not say he is known as the best intellectual property litigator in the United States and a shareholder at the most successful law firm in the United States. He does not say that Harlan Crow is the largest real estate developer in the United States or that Harlan Crow is a billionaire business mogul with any reputation in Texas or in the United States. He does not say that three sitting district court judges were named as Defendants on the Original Petition as filed.

The Appendix relates to an anti-suit injunction, not to a serious substantial interest in support of the requirements for sealing under Tex. R. Civ. P. 76a or under federal common law. Privacy in some instances is a category of protected interest of an individual on which free

speech may be restrained, but merely asserting that information (this lawsuit as a whole) falls within one of the categories of substantial interest will not sustain a sealing order. A balancing test must still be applied.

The Texas Supreme Court has recognized the right of privacy as the right of an *individual* to be left alone, to live a life of seclusion, and to be free from unwarranted publicity." Other jurisdictions, the *Restatement (Second) of Torts,* and commentators agree that a corporation has no personal right of privacy. This does not suggest that a corporation cannot protect a legitimate interest in confidentiality, but only that privacy analysis is not to be employed.

An individual may enjoy a privacy right, but that right must still overcome the balancing test in Tex. R. Civ. P. 76a(1) -- an inquiry that begins with a presumption of openness. Of course, for one to have a claim to privacy, the information must in fact be private. Information that is already disseminated is no longer private.

## 2.      *Interest In Professional Reputation, Trade Secrets and Attorney-Client Privilege*

Samuel Baxter does not mention protection of trade secrets of the company McKool Smith P.C. or protection of attorney-client privilege. Chelsea Davis signed a very broad confidentiality agreement when she began working at McKool Smith P.C.

Movants McKool Smith P.C. and Samuel Baxter did not establish that there was a specific and serious interest in confidentiality. The Court could redact the names of confidential witnesses, like Leslie Ware and Harlan Crow, as investors in and clients of the firm, by naming the suit against initials only or John Does and Jane Does. Movants have not argued that initials are insufficient to protect those witnesses' identities. *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 2011 Tex. App. LEXIS 1916, 39 Media L. Rep. (BNA) 2035 (Tex. App. Dallas 2011).

25

This Court could seal the action based on attorney-client privilege between the parties, including an attorney, to the extent the client does not waive the attorney-client privilege. This Court could seal the action based on the attorney-client relationship for which the client holds and has not waived the privilege with respect to trade secret information of the client's business. A balancing test must still be applied for purposes of determining permanent sealing.

### 3.    *Interest In Confidentiality Agreement*

In *McAfee, Inc. v. Weiss,* the Court found no cases recognizing a party's general interest in a confidentiality agreement, even an agreement reinforced by an arbitrator's rules and orders, as a specific, serious, and substantial interest within the meaning of Tex. R. Civ. P. 76a(1); the relevant case law indicates that the interest relied on must be more specific than that. *McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 2011 Tex. App. LEXIS 1916, 39 Media L. Rep. (BNA) 2035 (Tex. App. Dallas 2011).   A grievance proceeding is more specific than a confidentiality agreement and all grievance proceedings must initially be sealed. I filed grievances against McKool Smith P.C. and its shareholders. McKool Smith P.C. has filed grievances against me. The State Bar of Texas dismissed mine as inquiries. The Chief Disciplinary Counsel allegedly classified theirs as a complaint.

### 4.    *Interest In Criminal Allegations Related To Sexual Misconduct; Sexual Misconduct Outside of the Marriage and Family Relationships*

Criminal allegations related to sexual misconduct are of legitimate public concern, so publication of these allegations do not violate an individual's right to privacy. In such a case, even documents protected from disclosure under canon law may be made public. *Nguyen v. Dallas Morning News, L.P.*, 2008 Tex. App. LEXIS 4606, 36 Media L. Rep. 2432 (Tex. App. Fort Worth June 19, 2008).

26

Protection of trafficking victims from abuse is of the utmost importance in Texas. Courts have viewed such documents as legitimate public concern and a trial court's refusal to seal the documents does not violate Samuel Baxter's First Amendment rights to privacy. *See e.g., In re A.V.,* 113 S.W.3d 355, 361 (Tex. 2003) (recognizing the State's duty to protect the safety and welfare of children); *Golden Spread Council, Inc. v. Akins,* 926 S.W.2d 287, 291-92 (Tex. 1996) (recognizing legislature's strong policy and public's interest in protecting children from abuse).

The Center for Disease Control recognizes the public's interest in protecting persons from the HIV virus and sexually transmitted diseases when offenders intentionally expose victims to the incurable viruses in malicious and reckless disregard of their safety.

In Texas, there is no right to privacy in sexual misconduct outside of marriage and family relationships.  Samuel Baxter is a married individual.  *See City of Sherman v. Henry,* 928 S.W.2d 464, 471-72, 474 (Tex. 1996), *cert denied,* 519 U.S. 1156, 117 S. Ct. 1098, 137 L. Ed. 2d 230 (1997) (holding that neither United States nor Texas Constitutions provide a right of privacy in allegations of sexual misconduct outside of the marriage and family relationships); *Fort Worth Star-Telegram,* 915 S.W.2d at 472, 474-75. "Because of this holding, we need not address the probable adverse effect that sealing would have upon the general public health or safety, or whether less restrictive means than sealing would adequately and effectively protect these two interests." *Id.*

### 5. *Interest In Medical Records*

Redactions of medical records are an appropriate and effective way to shield privileged information.  Texas Rule of Evidence 510 provides in pertinent part that "[r]ecords of the . . . diagnosis, evaluation, or treatment of a patient which are created or maintained by a professional

27

are confidential and shall not be disclosed in civil cases." *Id. See Nguyen v. Dallas Morning News, L.P.*, 2008 Tex. App. LEXIS 4606, 36 Media L. Rep. 2432 (Tex. App. Fort Worth June 19, 2008). *See, e.g., R.K. v. Ramirez,* 887 S.W.2d 836, 842-43 (Tex. 1994) (holding that even where, in limited circumstances, medical and mental health privileges yield to discovery, certain other information in documents "remains privileged and must be redacted or otherwise protected"); *Eli Lilly & Co. v. Marshall,* 850 S.W.2d 155, 157, 160 (Tex. 1993) (approving redaction of names in accordance with "compelling public interest considerations").

**6.    *Balancing Test and Failure To Meet Burden To Show No Less Restrictive Means***

Opposing counsel failed to apply any balancing test and failed to meet its burden to show no less restrictive means.  *See* Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX. L. REV. 643, 678 (1991) ("After establishing that a 'specific, serious and substantial interest' clearly outweighs *both* the openness presumption *and* any probable adverse effect upon the health or safety, a movant must *also* show that 'no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.'") (emphasis added).

Any purported notice of Leslie Ware's application or any petition by the Chief Disciplinary Counsel was not signed by the clerk of the Court under the Court's seal, did not contain an attached court order, did not show the date notice of the application for a dating violence protective order was issued, was not directed to each person alleged to have committed family violence, and/or did not contain the address of the clerk of the Court as required under Tex. Fam. Code Sec. 82.041.  "On the filing of an application, the clerk of the court shall issue a notice of an application for a protective order and deliver the notice as directed by the applicant."

28

Tex. Fam. Code Sec. 82.042.  In addition, no notice of the application was served. "Notice of an application for a protective order must be served in the same manner as citation under the Texas Rules of Civil Procedure, except that service by publication is not authorized." Tex. Fam. Code Sec. 82.043(c). The Texas Government Code Section 411.042(b)(6) governs the requirements for filing an application for a dating violence protective order, which requires "collect information concerning the number and nature of protective orders and all other pertinent information about all persons on active protective orders, including pertinent information about persons subject to conditions of bond imposed for the protection of the victim in any family violence, sexual assault or abuse, or stalking case." *Id.*  "Information in the law enforcement information system relating to an active protective order shall include information required under Section 411.042(b)(6), Government Code." Tex. Fam. Code Sec. 85.042(d). Under Tex. Fam. Code Sec. 85.042(d), "[t]he applicant or the applicant's attorney shall provide to the clerk of the court: (1)  the name and address of each law enforcement agency, child-care facility, school, and other individual or entity to which the clerk is required to mail a copy of the order under this section." *Id.* Because Leslie Ware and Chelsea Davis never provided such information, neither of them ever "filed" an application for a dating violence protective order.  Further, neither Leslie Ware nor Chelsea Davis ever presented his or her application to the presiding judge. The presiding judge never signed any dating violence protective order, and the signature of the presiding judge is required for a protective order to issue.

Cause number DF-13-19281 was never properly opened, and Associate Judge Donald Turner never acquired plenary power and jurisdiction over any of the parties by virtue of Chelsea Davis's or Leslie Ware's attempted filing of his or her application for a protective order.  In

addition, the 254th Judicial District Court, as a family district court in Dallas County, lacked the subject matter jurisdiction required to issue a dating violence protective order under Tex. Code Crim. Proc. Art. 7A against Samuel Baxter, a resident of Harrison County, for the protection of Chelsea Davis, a resident of Collin County, based on conduct that occurred in Collin County. An ex parte protective order without subject matter jurisdiction is void.  Further, the First Amended Application may date back to Nov. 1, 2013, and, if so, to the extent a trial is set for a disciplinary proceeding on Feb. 17-18, 2015, such trial must be cancelled because it was not completed within 180 days of date answer was due.

The State District Courts lack the subject matter jurisdiction required to issue a protective order, dating violence protective order or emergency order of protection under either the Texas Family Code, the Texas Code of Criminal Procedure or other procedure against me.

The "action" styled *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter* based on the application I attempted to file on October 16, 2013 disposed of all parties and issues and thus should have been closed on or before October 30, 2013. The "action" styled *In the Matter of Leslie D. Ware and Chelsea L. Davis* that Leslie Ware attempted to file disposed of all parties and issues (of which there were none) and thus should have been closed on Nov. 1, 2013.  Leslie Ware's attempted filing of an Application for a Protective Order on Nov. 1, 2013 failed to confer subject matter jurisdiction, which must exist at beginning to confer subject matter jurisdiction to the court.

Leslie Ware and Samuel Baxter's attorneys Brian Lidji and Angeline Bain appear to have blatantly and intentionally lied to Associate Judge Donald Turner. Angeline Bain, not I, turned her fax machine off. Leslie Ware's attorney Brian Lidji provided a false mailing address to me.

Brian Lidji threatened me that I will lose my law license if I continue to stand up for myself. I move to prevent Brian Lidji from testifying on the basis that he is biased, he has threatened me and he is settlement counsel for Leslie Ware and Samuel Baxter.

I have not received proper notice of any evidentiary findings, petitions, rulings, recommendations, reprimands or final orders of any evidentiary panel. I have not received proper notice of the substance of an associate judge's report and recommendations as provided by Tex. Fam. Code Sec. 201.011. I continue to object to Associate Judge Donald Turner presiding over any hearing or entering any order and object to Judge James Martin presiding over any trial because I am entitled to de novo review in district court. I request this body to ignore any and all of Associate Judge Donald Turner's rulings, recommendations and proposed orders to the extent they are contrary to my interests, which lack authority, are unsupported and are beyond a guiding principle of law, especially in light of the Associate Judge's refusal to accept my evidence, and for which there does not appear to be an adequate remedy by appeal to otherwise object to counsel fraudulently presenting proposed orders signed or stamped by Associate Judge Donald Turner as orders of the 254th Judicial District Court, Dallas County, Texas.

I move for sanctions under Tex. Civ. Prac. & Rem. Code Ch. 10. Angeline Bain should be sanctioned and held liable for fraud on the court and should be ordered to show cause as to why sanctions should not be granted to the extent this Court has any authority to enter sanctions against her. I reserve my right to appeal any and all Court Orders and do not waive my right to receive proper notice of any and all Orders and proper service of any and all notices and my right to make a special appearance. I object to a purported order regarding service of process. I do not

currently have any clients.  This Court lacks authority to arbitrarily waive my rights by purported Court order or decision of any panel.  Neither myself nor anyone authorized to act on my behalf received delivery of any dating violence protective order as required by Tex. Fam. Code 85.041-85.042.

Pursuant to Tex. Fam. Code 85.005, Leslie Ware and I never agreed to the terms of a dating violence protective order. Samuel Baxter and I have never agreed to the terms of a dating violence protective order. Neither this Court nor any body ever approved an agreement between Leslie Ware and myself or between Samuel Baxter and myself.  I have never agreed to the terms of any dating violence protective order.

No good cause exists to prohibit me from communicating in any manner with Leslie Ware or with Samuel Baxter. This Court lacks authority under the domestic violence laws and Tex. Code Crim. Proc. Art. 7A to prohibit me from communicating in any manner with Leslie Ware or with Samuel Baxter because no domestic violence or family violence or dating violence is being alleged to have occurred and Leslie Ware is harassing me.  I am not engaging in violent or threatening acts against or harassing Leslie Ware and Samuel Baxter or anyone else.  Leslie Ware and Samuel Baxter have been my employers and owe me money for unpaid wages. I must be able to file suit against them in tort and for breach of contract and suit on a sworn account and arbitrate against them now and in the future. If I am prevented from owning a firearm, I will be scared of Leslie Ware and Carlos Cortez coming to my house and gang raping me. Leslie Ware threatened to gang rape me and told me he went to "see" his last victim once after he obtained a protective her against her, which means he probably hurt her and raped her again with Carlos Cortez.

I object to discovery of fraudulent medical "records" outside of the context of any lawsuit or proceeding in which my medical records are at issue.  My medical records are not relevant to nor an element of Leslie Ware's or Unnamed Applicant's frivolous application for a dating violence protective order.  I hereby move to seal my medical records from birth through the end of 2013 under Tex. Code Crim. Proc. Art. 57C.02.  I have standing to make such motion as a victim of an offense as a child described by Tex. Code Crim. Proc. Art. 38.071.

All judges in Dallas are biased as against me and in favor of McKool Smith P.C., Leslie Ware, Harlan Crow and their lawyers and a fair trial cannot be had in Dallas County. If I have to go to county jail again for no reason, I prefer Dallas County jail. *See Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* Cause No. DC-13-12834, in the 298th Judicial District Court, Dallas County, Texas (which may have been transferred to/from/to the U.S. District Courts for the Northern and/or Eastern Districts of Texas).

I move for leave to file objections.

I move for leave to file this supplemental petition.

WHEREFORE, premises considered, I request that, for at least the reasons described above, the Court compel the State Bar of Texas to dismiss all grievance investigations against me that are in retaliation against me, to vacate the portions of all reprimands, orders of capias and findings that are contrary to my interests, to vacate the vexatious litigant "order" to enable me to defend myself in any civil/disciplinary/criminal proceeding for which there appears to be criminal consequences and deprivations of my rights, property and liberty interests, and award me $10,000,000 in compensation for my attorney fees, costs and expenses and for the wrongful, sanctionable conduct of the State Bar of Texas and named Defendants, the Chief Disciplinary

Counsel and "judges" acting outside the scope of their duties to mislead me, this Court and others that they were acting in their official capacity or otherwise even though the lower state courts lacked all jurisdiction and authority over any cause of action or proceeding. I request this Court (without any gag order) to void all fraudulent and erroneous cause numbers naming me as party plaintiff in the State of Texas, including DF-13-19281 and DF-13-23109 in the 254th Judicial District Court, Dallas County, Texas; DC-13-12834 and DC-13-14215 in the 298th/160th Judicial District Court, Dallas County, Texas and 429-04835-2013, 429-03449-2014, 429-03552-2014, 429-04272-2014, etc. in the 429th Judicial District Court, Collin County, Texas. I pray for judgment in favor of myself for a monetary award for my financial compensation and benefit of $10,000,000.  TEX. CONST. Art. 1, Sec. 10.

In addition and/or in the alternative, I pray this Court will declare void or enjoin/stay the vexatious litigant "order" and the "order" by Donald Turner preventing me from conducting any discovery prior to my deposition being taken because Leslie Ware's lawyers refuse to take my deposition, and cite, summon, subpoena and compel McKool Smith P.C., Leslie Ware, Samuel Baxter and Harlan Crow to appear in person and testify at all hearings which may be set and to produce documents in response to my requests. I move for continuance of any discovery period so that discovery may be conducted to the extent there are no criminal charges against me.

The question is whether it is the practice of the Supreme Court of Texas to prevent all female lawyers from suing prominent male lawyers or judges who raped them or their clients as long as a person or entity files a grievance or

complaint against the female lawyer in retaliation against her for a protected activity, which is in and of itself unlawful?

## **STATEMENT OF FACTS**

1.      The papers and events for which everyone is confused and I seek clarification are aggregated under multiple cause numbers. I use the term "matter" loosely instead of action so as not to admit that there ever was any action, case or lawsuit filed by me as a Plaintiff or by the Commission for Lawyer Discipline. Every petition I attempted to file appears to have vanished into a closed grievance investigation in which I am being denied due process. "Order(s)" are loosely referred to as an "order" because there can be no court order if there is no case.  The timetable for appeal is wide open because no final order or "judgment" could have been entered in any case.  Counsel for traffickers Leslie Ware, Samuel Baxter, Harlan Crow and McKool Smith P.C. and Respondent judges continue to conspire to create outrageous documents which look like judgments in an attempt to shield the traffickers from liability and mislead federal judges and arbitrators while threatening me with criminal prosecution for crimes I have not committed and the loss of my Texas law license if I do not stop talking, but I have the Constitutional right to speak and against unlawful prior restraints on my speech, i.e. gag orders.

2.      On Oct. 28, 2013, I attempted to file a single lawsuit against McKool Smith P.C. for trafficking of persons under state law, which is statutorily cumulative to additional causes of action, and attempted to create a second action for additional causes of action in tort and contract by severance.  Tex. Civ. Prac. & Rem Code 98.004.  To avoid liability, McKool Smith P.C. filed a bogus grievance against my law license and colluded with lawyers and judges to attempt to deny me access to the courts by paying persons to pose as summary disposition and/or

evidentiary panel appointees by the Chief Disciplinary Counsel acting on behalf of and with authority from the Commission for Lawyer Discipline even though they lacked all authority and authorization, there was no appointment, they gave no indication of their role, and they failed to take an oath under Rule 2.05 of the Texas Rules of Disciplinary Procedure. The conspirators created alleged, void panel decisions or "orders," in an attempt to commence baseless, frivolous disciplinary, disability and criminal prosecutions without probable cause or just cause, without personal and subject matter jurisdiction and without so much as a scintilla of credible evidence. TEX. CONST. Art. 1, Sec. 10. Samuel Baxter, for example, hired Angeline Bain as his lawyer because Ms. Bain is a member of the District Grievance Committee in an attempt to feign authority of the Commission for Lawyer Discipline.  The "lawsuit" was essentially closed and stayed for all purposes in less than a week on Nov. 6, 2014 by Tobolowsky who has since recused herself.  The case style assigned was *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* and the cause number was DC-13-12834, assigned to the 298th Judicial District Court, the Honorable Emily Tobolowsky presiding. [APPS. AA, BB].

3.      On October 29, 2013, prior to service of the citation and Original Petition on named defendants McKool Smith P.C. and Samuel F. Baxter, counsel for Samuel F. Baxter, as Intervenor/Petitioner, "filed" a Motion for Temporary and Permanent Sealing Order supported by the affidavit of Samuel Baxter against me. [Rec. at 22-26.]  Tobolowsky appears to have granted the motion and instituted a temporary sealing order on Oct. 30, 2013.  [Rec. at 32; App. H].

4.      On Nov. 5, 2013, Don Colleluori "filed" an Emergency Supplemental Motion for Temporary and Permanent Sealing Order and Motion to Stay that was supported by his affidavit,

which includes an undated allegedly filed "Motion To Transfer Related Case". [APP. F]. Tobolowsky Tobolowsky appears to have granted the motion and instituted a temporary sealing order and an order to stay any underlying action on the merits on Nov. 6, 2013 until a Sealing Hearing and a hearing on "Defendants'" motion to transfer the underlying or other "action", neither of which appear to have yet occurred. [Rec. at 33-34]. The matter, if any, post Nov. 6, 2013 appears to relate to "sealing" or an alleged action instituted under the Texas Family Code, but it is really an unauthorized grievance investigation by McKool Smith P.C.'s lawyers and various judges acting on behalf of the Commission for Lawyer Discipline in an attempt to deprive me of my due process rights and rights as a victim of human trafficking (hereinafter referred to as the "Black Hole"). My requests to lift the stay, sever my attempted lawsuit from the "Black Hole" and deny transfer appear to have been ignored, rejected or denied. In fact, the 298th Judicial District Court rejected all documents I attempted to file after the "Order Transferring Case" was signed on Nov. 26, 2013 and the "case" was closed. One could argue that the "Order Transferring Case" was intended to effect transfer of the merits or of a "sealing action" for consolidation into a future matter in state court, federal court, or the Board of Disciplinary Appeals.

5.      At the same time, I was threatened with criminal prosecution for stalking, which was a measure taken in direct retaliation to my attempted filing of an application for a temporary ex parte protective order under Tex. Code Crim. Proc. Art. 7A as a victim of human trafficking for my protection against Samuel Baxter and my attempted filing of a lawsuit against Samuel Baxter on August 27, 2013, *Chelsea L. Davis v. Samuel F. Baxter*, Cause No. 199-03395-2013, in the 199th Judicial District Court of Collin County, Texas, the Honorable Angela Tucker presiding,

37

which Samuel Baxter erroneously removed to federal court in the Eastern District of Texas, 4:13-cv-514, the Honorable Ron Clark presiding. The threats to have me prosecuted for felony stalking, a crime I never committed, not based on police reports or any actual evidence, but based on McKool Smith P.C.'s unsworn grievance to the State Bar of Texas, amount to at least sanctionable misconduct and duress.   I was unlawfully arrested and incarcerated from the morning of October 22, 2013 until the evening of October 23, 2013, during which time a magistrate judge appears to have issued a void and baseless emergency protective order. *See State of Texas v. Chelsea L. Davis,* Cause No. 01JM134225, in the Justice Court, Precinct 010, Collin County, Texas.

6.     On Nov. 20, 2013, Donald Turner signed a proposed "order" granting a motion to transfer. [Rec. at 35]. On Nov. 22, 2013, counsel for McKool Smith P.C. "filed" a "pleading" entitled "Original Answer" to some first amended petition, again, which is not dated. [APP. N]. On Nov. 26, 2013, I submitted an amended petition for my additional causes of action.  [APP. AA].

7.     Also on Nov. 26, 2013, Don Colleluori improperly "filed" the proposed "order" of Donald Turner (who only works for Judge James Martin). [APP. O; APP. P].   Tobolowsky signed the "Order Transferring Case." [APP. Q].   Actions are supposed to be assigned a next cause number and randomly assigned to a court, not transferred to a particular court which lacks subject matter jurisdiction and consolidated into a particular cause number. Because McKool Smith P.C. had not been properly served prior to the Nov. 6, 2013 "order" to seal and stay or prior to the Nov. 26, 2013 "Order Transferring Case," the 298th Judicial District Court arguably failed to obtain subject matter jurisdiction over any action on the merits.  To effect transfer of the

action to the transferee court, whether or not the "Order Transferring Case" was intended to or authorized transfer of any action on the merits, the Dallas County District Clerk erroneously copied documents documents under Cause No. DC-13-12834 into Cause No. DF-13-19281 and again on June 10, 2014 into Cause No. DF-14-11110 in the 254th Judicial District Court, finally sending me notice of the clerk's transfer in June 2014.

8.     On Dec. 2, 2013, totally confused, I resubmitted the exact same amended petition for trafficking of persons to the 298th Judicial District Court in an attempt to sever my cause of action of trafficking of persons from additional causes of action not subject to arbitration in tort and contract. [Rec. at 6-15].  The Dallas County District Clerk created the new Cause Number DC-13-14215 specifically in the same 298th Judicial District Court, but it is unclear whether a new civil action was opened.  No citation was issued.  As under Cause No. DC-13-12834, the 298th Judicial District Court failed to obtain subject matter jurisdiction because no civil action on the merits was instituted against McKool Smith P.C., no citation was issued and I could not have served any citation prior to closure two days later on Dec. 4, 2013.

9.     On Dec. 4, 2013, I re-submitted my notice of nonsuit as a precautionary measure under DC-13-14215 and future "Cause No. [NEW]" not yet created because I was opposed to transfer of a civil action for monetary damages into an injunction-type matter for which the court or body lacked authority to award me monetary damages or into a grievance investigation in which I would be denied due process. [Rec. at 37, 16; App. R; App. K].  I contest personal and subject matter jurisdiction and standing of this and of the lower courts over any civil and criminal action on the merits.  I contest personal and subject matter jurisdiction and standing of disciplinary and disability matters against me.  I have never appeared before any court in any action on the merits

between myself and McKool Smith P.C.  I have been denied notice and an opportunity to be heard. *See* APP. LL; APP. MM; APP. NN; APP. OO; APP. PP; APP. QQ.

10.     Transfer may have been completed (whether or not it was properly completed) to Collin County under Cause No. 429-03485-2013 and to the 254th Judicial District Court, Dallas County, Texas under Cause No. DF-14-11110 such that a stay was entered again as to the merits of any action in those courts on Dec. 2, 2013 and on June 10, 2013.

### ARGUMENT

11.     I respectfully request this Court to clarify matters as grievance investigations must now be dismissed for lack of at least subject matter jurisdiction and authority due to the lack of authority of those fraudulently acting on behalf of the Commission for Lawyer Discipline and fraudulently assisting the Chief Disciplinary Counsel without authority and without being appointed and failure to follow the Texas Rules of Disciplinary Procedure, including mandatory time limitations.

12.     I timely submit this Petition/motion for writs in advance of any deadlines to obtain extraordinary relief. I do not waive any rights, privileges, immunities, pleas or waivers, including my right to appeal any past or future "Orders".  I object to all disciplinary and disability proceedings instituted thus far, if any, because I am being denied due process and plea to the jurisdiction for lack of all jurisdiction and authority.  I am being prevented from conducting any discovery and instituting any action in state court for monetary damages.

13.     The state courts' sanctions, reprimands, "orders" and/or "judgments" are void for lack of jurisdiction and authority.  Now that I have filed my motion for acceptance of resignation of my Texas law license and in light of the transfer to federal court, the state court lacks all jurisdiction and authority to do anything other than clarify matters by declaring the state courts' "orders" and

other papers void and vacated.  I expect to be reimbursed for all court fees and costs expended and paid attorney fees and damages from the State general appropriation fund and from the named Defendants.

14.     In light of the misconduct of Leslie Ware, Samuel Baxter, Harlan Crow, McKool Smith P.C., their counsel and judges and associate judges in Dallas and Collin Counties, fraudulently presenting proposed orders or improper evidentiary panel decisions of Donald Turner to presiding Judges as court orders and chasing me with threats of sanctions and contempt when no lawsuit could have been pending, I have incurred expenses and suffered additional damages.  Is human trafficking a joke to the state of Texas?

15.     I am a victim of sexual assault, sexual abuse and trafficking of persons, and a likely victim of the child pornography operations of Leslie Ware, who accepts sex and child pornography as payment for the student loans he provides to law students.  I am entitled to the maximum protection from harm or abuse or the threat of harm or abuse as is permitted by law. Tex. Code Crim. Proc. Art. 5.01(a-b); Art. 7A.01.

16.     On an emergency basis, TODAY, this Court must prevent the enforcement of any vexatious litigant "order(s)," "order(s)" of capias and "judgment," if any, against me without preventing me from proceeding with and arbitrating those causes of action against McKool Smith P.C. which are subject to mandatory arbitration and others which are not before this Court.

17.     The paper(s) entitled "Order Transferring Case" dated Nov. 26, 2013 and "Order Transferring" dated Nov. 17, 2014 are not court orders, reprimands or sanctions, do not apply to the cause of action of trafficking of persons on the merits and must be vacated.

18.     The paper entitled "Amended Order ..." dated Dec. 27, 2013 is not a court order, reprimand or sanction, does not apply to any cause of action of trafficking of persons and must be vacated.

19.     The paper entitled "Order..." dated July 28, 2014 is not a court order, reprimand or sanction, does not apply to any cause of action of trafficking of persons and must be vacated.

20.     The paper entitled "Order..." dated June 24, 2014 is not a court order, reprimand or sanction, does not apply to any cause of action of trafficking of persons and must be vacated.  In the alternative, if this Court finds that transfer of the action on the merits was completed to the 254th Judicial District Court on June 10, 2014 under Cause No. DF-14-11110, then such "order" dismisses the action without prejudice based on the notice of nonsuit filed on Dec. 2, 2014 under "Cause No. [NEW]" and supercedes the "December 27th Order".

21.     The paper entitled "Order..." dated Oct. 23, 2014, to the extent this Court finds that transfer of the action on the merits was completed to the 429th Judicial District Court, Collin County, Texas on Dec. 2, 2013 under Cause No. 429-04835-2013, and/or on Sept. 5, 2014 under Cause No. 429-03449-2014, then such "order" or other "order" such as the temporary or permanent sealing "order" dismisses the action without prejudice based on the notice of nonsuit filed on Dec. 2, 2013 under "Cause No. [NEW]" and supercedes the "December 27th Order".

22.     The paper entitled "Order..." dated Oct. 31, 2014 is not a valid court order, reprimand or sanction, does not apply to the cause of action of trafficking of persons or to any grievance proceeding and must be vacated for lack of subject matter jurisdiction, plenary power and authority. Further, like all other baseless and frivolous allegations that I have committed professional or sanctionable misconduct, the allegations are not now nor have they ever been

supported by a scintilla of evidence. The fact that I was terrified of their threats to put me in jail and take away my law license excuses any emails I may have sent complaining as a victim of human trafficking about specific examples of my suffering, such as Leslie Ware forcing me to drink urine and eat feces. My testimonialsof what Leslie Ware did to me and the words he forced me to speak to him to get him off, no matter how unprofessional or disgusting, cannot be used against me to dismiss my cause of action of trafficking of persons against McKool Smith P.C. as a sanction against *me* and as an inquiry against *him*. That would be gender biased and evidence discrimination against me based on my sex, depriving me of lawful employment opportunities, rights and liberties.

23.     The paper entitled "Order..." dated Nov. 13, 2014 requires this Court to vacate as void all prior orders from 2013 to present and/or to lift any stay so that an action may be instituted and proceed on the merits and discovery may commence.

24.     The paper entitled "Order..." dated Dec. 5, 2014 is not a court order or reprimand because it was not rendered, signed and entered in any case in which Jill Willis has authority to sign any order and I was not provided any notice or opportunity to be heard. Further, it is blatantly false. I have not instituted five lawsuits pro-se that were adjudicated against me, and I am not a vexatious litigant. It must be vacated.

25.     All counsel for all "Respondents" and real "parties" in interest must be disqualified from representing McKool Smith P.C. in future litigation for their fraudulent and sanctionable misconduct and for acting as district attorneys in opposition to the State of Texas, which already dismissed any criminal charges against me, and they must disclose and relinquish all fees they and other investigators and assistants have earned from 2013 to present to me in retribution.

26.     The Chief Disciplinary Counsel and Commission for Lawyer Discipline are prohibited from instituting and the Board of Disciplinary Appeals is prohibited from hearing a disability action against me because the Chief Disciplinary Counsel does not and could not reasonably believe that I am suffering from a Disability to such an extent that *(a) My Continued Practice of Law Poses a Substantial Threat of Irreparable Harm To Clients Or Prospective Clients; or (b) I Am So Impaired That I Am Unable To Meaningfully Participate In the Preparation of a Defense To McKool Smith P.C.'s Grievance Complaint.*

27.     The state court lacked authority to stay, transfer, sever and/or consolidate my civil action against McKool Smith P.C. for trafficking of persons and any additional causes of action at least due to lack of subject matter jurisdiction. The Board of Disciplinary Appeals lacks authority over any disciplinary matter against me and thus lacks jurisdiction and authority to dismiss my cause of action of trafficking of persons against McKool Smith P.C. as a sanction against me.  Writs may be necessary to vacate "orders" and/or clarify "orders" as lacking any authority because they were forged as part of an unauthorized, fake grievance investigation so that I may be permitted me to institute suit, obtain discovery and pursue my state court cause of action of trafficking of persons on the merits against McKool Smith P.C.

28.     Disciplinary and disability procedures may not be used to postpone a hearing on Leslie Ware's application for a dating violence protective order under the Texas Family Code against me (for which a court lacks subject matter jurisdiction because it fails to even allege that I committed any dating violence against him) for one year and three months until after the State Bar of Texas pays his sister's colleagues to label me as a crazy stalker because the Texas Family Code requires courts to hear such properly filed applications within fourteen days; and the State

Bar of Texas, through the Board of Disciplinary Appeals or otherwise, cannot use a "crazy stalker" report from a biased and bribed shrink against me to make a final judgment of suspension of my law license for being a "crazy stalker," show the judgment to a District Attorney or convict me without a jury of felony stalking.

29.     I must not be disciplined or disbarred for or convicted of felony Failure To Appear. The allege "order" for my arrest for felony failure to pay child support (evidenced by the attached picture) lacked personal and subject matter jurisdiction, plenary power and authority.  I am not married to Leslie Ware and Samuel Baxter, and I do not have any children.

### **PRAYER**

1.     I pray this Court issues a writ of injunction enjoining Respondents from hearing any application or action on an application for a dating violence or other protective order or injunction against me.

2.     I pray this Court issue a writ causing Respondent judges to expunge and to void all matters alleged to have been brought against me, including grievances, complaints, if any, and all alleged actions stemming from the grievance complaints and consolidated into an unauthorized grievance investigation, including any fraudulent evidentiary petitions, the stalking prosecution against me, any prosecution for contempt, failure to pay child support or failure to appear, and orders of capias for alleged failure to appear.

3.     I seek relief from the Respondents judges actions of issuing orders of capias and compelling me to pay child support because I am not married and do not have any children.  I request all amounts paid by me into the registry of the state courts and bond money to be reimbursed and released to me.

4.      I pray for judgment for attorneys fees, costs, expenses and damages up to and in excess of $10,000,000.

5.      I pray that: Respondents judges be summoned to appear in person, to give testimony and to produce documents, and to specifically answer in this civil action and to respond to discovery requests, judgment be entered for me against Respondents for an award of monetary damages, in a monetary amount of damages sufficient to punish them for their wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded judgment for reasonable attorney fees, Chelsea Davis be awarded judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, and Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid.

## **CERTIFICATION**

I have reviewed this petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or "record" and is true and correct.

Dated:  Jan. 5, 2015                          Respectfully submitted,


/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX BAR NO. 24059652
MAILING ADDRESS:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone:  (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com


**ADDITIONAL COUNSEL 1.**        Lidji Dorey & Hooper
Brian M. Lidji

TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.**      Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.**      Gray Reed & McGraw P.C. (*and* Looper Reed &
McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL COUNSEL 4.**      Jeff Hall
Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

**ADDITIONAL COUNSEL 5.**      FOX ROTHSCHILD LLP
DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL COUNSEL 6.**      MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629

cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

     **ADDITIONAL COUNSEL 7.**     Friedman & Feiger LLP
Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

     **ADDITIONAL COUNSEL 8.**     Gibson Dunn LLP
Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

     **ADDITIONAL COUNSEL 9.**     Abernathy, Roeder, Boyd & Joplin, P.C.
Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

     **ADDITIONAL COUNSEL 10.**     Figari & Davenport LLC
Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007

FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com
     **ADDITIONAL COUNSEL 11.**     Herring & Irwin
CHARLES HERRING
cherring@herring-irwin.com
     **ADDITIONAL COUNSEL 12.**     Clinesmith Wooten Smith
Dawn Smith
dawn@clinesmithwootensmith.com
     **ADDITIONAL COUNSEL 13.**     Law Office of Chris Knox
Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474
     **ADDITIONAL COUNSEL 14.**     Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.
Ste. 800
Dallas, TX  75204
Phone: 214-740-9955
     **ADDITIONAL COUNSEL 15.**     Law Office of Bill Knox
William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-522-0000
     **ADDITIONAL COUNSEL 16.**     Baker Botts LLP
George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com
     **ADDITIONAL COUNSEL 17.**     Trevor R. Jefferies
Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS
     **ADDITIONAL COUNSEL 18.**     Vanessa Griffith
Vinson & Elkins LLP

2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON
    **ADDITIONAL COUNSEL 19.**     Jamie McKey
Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN
    **ADDITIONAL COUNSEL 20.**     Levi G. McCathern, II
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES
    **ADDITIONAL COUNSEL 21.**     Lewis T. Stevens
TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW
    **ADDITIONAL COUNSEL 22.**     ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399

## CERTIFICATE OF SERVICE

        I electronically submitted the foregoing document using the electronic case filing system.

I hereby certify that I have served all counsel and/or pro se parties of record (or non-record)

electronically by email or, as a pro-se party, on the date it is electronically docketed in the

court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the

Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*

## VERIFICATION/ CERTIFICATE OF ATTORNEY

I, Chelsea L. Davis, state under oath that I have read the above document and certify that it is true and correct.

Dated:  Jan. 5, 2015                                 /s/Chelsea L. Davis
                                                      Chelsea L. Davis, *pro-se*