# TO THE SUPREME COURT OF TEXAS

IN RE: CHELSEA L. DAVIS
      Texas Bar No. 24059652

---

## CHELSEA L. DAVIS'S PLEA TO THE JURISDICTION

TO THE HONORABLE JUSTICES:

## LIST OF "PARTIES" AND COUNSEL

    I, CHELSEA LYNN DAVIS, State Bar No. 24059652 (hereinafter referred to as "Chelsea L. Davis" or "Chelsea Davis" or "Chelsea" or in the first person) am an attorney licensed to practice law in the State of Texas and throughout the United States as a U.S. Patent Attorney before the USPTO, Reg. No. 63,791, and I reside in Collin County, Texas. I am pro-se "Relator" because I am a person whose rights are being affected. However, there can be no parties where there is no case. I am not a Respondent to any disciplinary proceeding in any state trial court or before a summary disposition panel or evidentiary panel.

> Chelsea L. Davis, *Pro-Se*
> TX Bar No. 24059652
> MAILING ADDRESS:
> 25 Highland Park Vlg., Ste. 100-830
> Dallas, TX 75407
> Telephone: (469) 426-5850
> Facsimile: (469) 533-0466
> cdavis@chelseadavispc.com

    There can be no parties where there is no case, and thus there are no real Respondents herein except for the Supreme Court of Texas.

    There are no real parties in Interest. There can be no real parties in interest where there is no case, and thus there are no real parties in interest herein. Service may be made on real parties in interest in pending litigation in the U.S. District Court for the Northern District of Texas, *Chelsea L. Davis v. State Bar of Texas, et al,* No. 3:14-cv-4190-cv (N.D. Tex. filed Nov. 24, 2014), the appeals from

which are expected to yield certified questions to this Supreme Court to construe the Constitutionality of certain Texas Rules of Disciplinary Procedure:

Ms. Linda Acevedo, *Chief Disciplinary Counsel*
P.O. Box 12487
Austin, TX 78711-2487

## TABLE OF CONTENTS

INDEX OF AUTHORITIES - 9
STATEMENT REGARDING THE "RECORD" - 9
STATEMENT OF THE "CASE" - 11
STATEMENT OF JURISDICTION - 17
PLEA TO THE JURISDICTION - 34
ISSUES PRESENTED - 55
STATEMENT OF FACTS - 56
ARGUMENT - 57
CAUSES OF ACTION FOR RELIEF - 61
PRAYER - 68
CERTIFICATION - 69
APPENDIX

## SUBJECT MATTER OF ISSUES PRESENTED

1.  As a preliminary issue, this Court must clarify that there is no case; no disciplinary proceeding or disciplinary action has been commenced. No Summary Disposition Panel or Evidentiary Panel has been appointed. "Grievance" Nos. 201305119 and 201400133 are erroneously being held in the grievance investigation stage even though they fail to satisfy the definition of a Grievance and no just cause was timely or properly found on investigation by the Chief Disciplinary Counsel.

2.  Whether to reject pre-filing or as inquiries, strike or dismiss Grievance Nos. 201305119 and 201400133 for lack of the filer's standing and the Chief Disciplinary Counsel's subject matter jurisdiction, plenary power and authority.

3.  Whether there can be any record made of Grievance Nos. 201305119 and 201400133 where the filer lacks standing to file the grievances, the Chief Disciplinary Counsel lacks subject matter jurisdiction and authority to act, and no "proceeding" has commenced because there can be no record where there is no case.

**PLEA TO THE JURISDICTION** 2

4.    Whether to certify and release to me my entire disciplinary history so that I may apply for a law license in a different state, certifying that there have never been and there are not now any valid disciplinary actions or proceedings against me because I am entitled to receive my own certified disciplinary history.

5.    Whether to expediently process my resignation of my Texas law license by issuing an order to accept my resignation. I have submitted my resignation form and affidavit along with payment to the Membership Department of the State Bar of Texas for processing, but they refuse to process it. [App. at 0001-0002]. I move this Court to immediately accept my resignation of my Texas Law License No. 24059652.

## INDEX OF AUTHORITIES
### Rules *Generally*
Texas Constitution.
Texas Rules of Appellate Procedure.
Texas Rules of Civil Procedure.
Texas Rules of Disciplinary Procedure.
Texas Government Code.
United States Constitution.

### Citations To Rules
Tex. Civ. Prac. & Rem. Code Sec. 98.001-98.005
Tex. Civ. Prac. & Rem. Code Chs. 10, 27, 37, and 171
Tex. Code Crim. Proc. Art. 7A
TEX. CONST. Art. I, II, V
Tex. Fam. Code Sec. 82.041-043
Tex. Gov't Code Sec. 411.042(b)(6)-043
Tex. Gov't Code §§ 81 *et seq.*
Tex. R. Civ. P. 76a, 682, 684, 685, 45(b), 93.12
*Annotations,* Tex. Gov't Code § 81.072

### Citations To Cases
*Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 570 (Tex. App. Houston 1st Dist. 2008);...17,34

*Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 172 (Tex. 2004);...18

*United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967);...22

*Dombrowski v. Pfister*, 380 U.S. 479 (1965);...22

*City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 829 (1966);...19

*Eldercare Props., Inc. v. Tex. Dep't of Human Servs.*, 63 S.W.3d 551, 557 (Tex. App.--Austin 2001, pet. denied);...31

*Dailey v. Vought Aircraft Company,* 141 F.3d 224, 227 (5th Cir. 1998);...32

*Tex. Natural Res. Conservation Comm 'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002);...33

*Bland*, 34 S.W.3d at 553-54;...33,34

*M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001);...33,34

*Tex. Ass'n of Bus.*, 852 S.W.2d at 443-44 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155 Tex. III, 114,283 S.W.2d 722, 724 (1955));...33

*Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001);...33,34

*Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984);...34

*In re D. W.*, 249 S.W.3d 625, 635 (Tex. App.-Ft. Worth 2008) pet. denied 260 S.W.3d 462 (Tex. 2008);...34

*Webworld Marketing Group. LLC v. Thomas*, 249 S.W. 3d 19,24 note 3 (Tex. App.-Houston [1st Dist.] 2007, no pet.);...35

*Tex. Dep't of Public Safety v. Forsgard*, 108 S.W.3d 344, 346 (Tex. App.-Tyler 2003, no pet.);...35

*Qwest Microwave, Inc. v. Bedard*,756 S.W.2d 426, 427(Tex. App. Dallas 1988);...35,36

*Ex parte Smith*, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981);...36

*Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. 1978);...36

*Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.--Austin 1995, no pet.);...36

*Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co.*, 88 Tex. 468, 27 S.W. 100, 109 (Tex. 1894);...37

*Stine v. State*, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995);...37

*Ex parte McKenzie*, 115 Tex. Crim. 315, 29 S.W.2d 771, 772 (1930);...37

*Ex parte Degener*, 30 Tex. Ct. App. 566, 17 S.W. 1111 (1891); 22 Tex. Jur. 3d § 1898, at 26 (1982);...37

*Fain v. State*, 986 S.W.2d 666, 684 (Tex. App. Austin 1998);...37

*State ex rel. Chandler v. Dancer*, 391 S.W.2d 504, 505 (Tex. Civ. App. Corpus Christi 1965);...42,45

*McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex. Civ. App-Corpus Christi 1974, no writ)...50

*Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 316-17 (Tex. App.—Houston [1st Dist.] 2010, pet. denied);...7

*In re Ruffalo*, 390 U.S. 544, 551-52, 20 L. Ed. 2d 117, 88 S. Ct. 1222 (1968);...7

*Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976);...7

*Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995)...7

*Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 14 (Tex. App.—San Antonio 1998, pet. denied)...7

*State v. Sewell*, 487 S.W.2d 716, 718 (Tex. 1972);...7

*Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 137-138 (Tex. App. Houston 1st Dist. 2011)...7

## STATEMENT REGARDING THE "RECORD"

Citations to the "record" are provided herein for the limited purpose of declaring the "record" to not be an official record because no Disciplinary Proceeding or Disciplinary Action has been or could have been commenced. There can be no record where there is no case or Disciplinary Proceeding or Action, and thus, because there is merely an unauthorized sealed "grievance" investigation in which I am being denied due process, there can be no record.

There cannot be any record made of Grievance Nos. 201305119 and 201400133 because each fails to constitute a Grievance, no Disciplinary Proceeding can be or has been commenced thereon, the filer lacked standing to file the alleged "grievances," and the Chief Disciplinary Counsel lacks subject

matter jurisdiction, plenary power and authority to act on the alleged "grievances". "Grievance" No. 201305119 and 201400133 fail to satisfy the definition of a grievance, which is "a written statement, from whatever source, apparently intended to allege Professional Misconduct by a lawyer, or lawyer Disability, or both, received by the Office of the Chief Disciplinary Counsel." Tex. R. Disciplinary Proc. 1.06(R). Because each of "Grievance" No. 201305119 and 201400133 is not a Grievance, the Chief Disciplinary Counsel lacks authority to investigate each of them.

In addition, contrary to the Texas Rules of Disciplinary Procedure, there can be no Disciplinary Proceeding where there is only a sealed investigation of a grievance. In all grievance investigations, lawyers are denied due process, and the investigations are often under-cover. Thus there can be no finality to grievance investigations. A sealed investigation prior to any finding of just cause based on an alleged "grievance" that was not filed by any client with the Chief Disciplinary Counsel and was not intended to allege professional misconduct certainly cannot constitute a "Disciplinary Proceeding." To the extent the rules allow for a "Disciplinary Proceeding" in the form of a sealed or undercover investigation, the rules unlawfully exceed the scope of the Supreme Court of Texas's Constitutional authority.  There can be no finality to any proceeding in

which a person is denied substantive or procedural due process.   A just cause determination is not a decision on the merits and does not involve an adversarial testing of evidence; it is simply a predicate for instituting a disciplinary action against an attorney. *See Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 316-17 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). An attorney in a disciplinary proceeding is entitled to procedural due process, which includes fair notice of the charge. *In re Ruffalo*, 390 U.S. 544, 551-52, 20 L. Ed. 2d 117, 88 S. Ct. 1222 (1968). Due process requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976); *see Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). An attorney in a disciplinary proceeding is entitled to procedural due process. *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 14 (Tex. App.—San Antonio 1998, pet. denied). *See State v. Sewell*, 487 S.W.2d 716, 718 (Tex. 1972) (observing that state bar grievance committee's prior investigations and decision to take or forgo disciplinary action were comparable to grand jury inquisitions, not decisions on merits) (citing *Karlin v. Culkin*, 248 N.Y. 465, 162 N.E. 487, 60 A.L.R. 851, 859 (1928) (Cardozo, J.)); *Weiss*, 981   [138]   S.W.2d at 14 (concluding that Commission's petition may include allegations that are part of

original complaint as well as those that appear during preliminary investigation of those matters). The disciplinary rules themselves reinforce this conclusion. They first require the Commission to detail its factual allegations against the attorney in its petition before the district court or the evidentiary panel, depending on the attorney's election. *See* TEX. R. DISCIPLINARY P. 2.17A, 3.01A (providing that, after just cause determination, in either administrative or judicial proceeding, Commission must file disciplinary petition containing "[a] description of the acts and conduct that gave rise to the alleged Professional Misconduct '*in detail sufficient to give fair notice to Respondent of the claims made . . . .*' (emphasis added)); *Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 137-138 (Tex. App. Houston 1st Dist. 2011).

I certify that documents contained in any attached Appendices, clerk's "record" and supplemental clerk's "record", if any, **DO** **NOT** represent a record because no official records exist prior to a petition filed in the name of the Commission for Lawyer Discipline, which has not yet been filed. There can be no finality to or Disciplinary Proceeding in a sealed grievance investigation due to the denial of due process.  Any documents a lawyer attempts to file against me with the intent to disbar me fail to institute any action or create any record post 1939.  Likewise, this plea to the jurisdiction fails to institute any Disciplinary

Proceeding. I do not waive my right to confidentiality of Disciplinary Proceedings.

I request the Supreme Court of Texas to take mandatory Judicial Notice of only my final certified disciplinary history after all challenges have been resolved as to the record.

I move to expunge from my disciplinary history any and all complaints against me, if any, to date. The Texas Government Code requires that "[a] panel of a district grievance committee of the state bar that votes on a grievance matter shall disclose to the complainant and the respondent in the matter the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter." *Id*. I request this Supreme Court to take mandatory judicial notice of all panel and voting information, including the facts that no panel of a district grievance committee was ever appointed and there was no vote properly taken in any grievance matter against me because there is no grievance matter. These mandatory disclosures have not been made to me in spite of my requests.

Because I have not received such required disclosures, I may file this motion seeking expunction of all records on the "matter" and hereby move for such expunction. Specifically, Tex. Gov't Code 81.072(o) provides that

"[w]henever a grievance is either dismissed as an inquiry or dismissed as a complaint in accordance with the Texas Rules of Disciplinary Procedure and that dismissal has become final, the respondent attorney may thereafter deny that a grievance was pursued and may file a motion with the tribunal seeking expunction of all records on the matter, other than statistical or identifying information maintained by the chief disciplinary counsel pertaining to the grievance." Tex. Gov. Code Sec. 81.072(o).   The statute is unclear as to the tribunal in which the lawyer may file a motion seeking expunction of all records on the matter. To the extent there are any records, I file this motion with this tribunal seeking expunction. Dismissal of any matter may be final because an unauthorized, unappointed panel and appellate body has dismissed the matter, including for lack of jurisdiction.

Tex. Gov. Code Sec. 81.072(o) used to include a provision that stated, "[i]n the event an expunction is granted, the evidentiary panel or district court shall order that all records be destroyed." *Id.*  Using the former provision, male lawyer or judge sexual predators have repeatedly caused all medical records of prior female lawyer victims whom they infect with sexually transmitted diseases and sexually abuse to be destroyed along with all evidence that would otherwise be used against them in a future lawsuit.  Similarly, law firms have manipulated the

**PLEA TO THE JURISDICTION**                                                      10

disciplinary and disability procedures to cause all evidence of sexual harassment and other tortious conduct against female lawyers to be destroyed to prevent the evidence from being used against it in litigation or arbitration. This is a matter of public concern and of public health and welfare which demonstrates how irresponsible it is to allow lawyers and judges to self-regulate without any checks and balances and without legislative oversight.

I request the Supreme Court of Texas to take mandatory Judicial Notice of each file maintained on each written Complaint filed with the state bar against me to date (other than "Grievance" No. 201305119 and 201400133) of which there should be none for the limited purpose of determining the question of whether there has been any disciplinary action against me and providing me with a certified copy of my disciplinary history within this demand letter for such and plea to the jurisdiction. Tex. Gov. Code Sec. 81.036 requires the State Bar of Texas to maintain such files as follows:

> "(a) The state bar shall maintain a file on each written complaint, other than a grievance against an attorney, filed with the state bar. The file must include;
>
> > (1) the name of the person who filed the complaint;
> >
> > (2) the date the complaint is received by the state bar;
> >
> > (3) the subject matter of the complaint;

(4) the name of each person contacted in relation to the complaint;

(5) a summary of the results of the review or investigation of the complaint; and

(6) an explanation of the reason the file was closed, if the state bar closed the file without taking action other than to investigate the complaint.

(b) The state bar shall provide to the person filing the complaint and to each person who is a subject of the complaint a copy of the state bar's policies and procedures relating to complaint investigation and resolution.

(c) The state bar, at least quarterly until final disposition of the complaint, shall notify the person filing the complaint and each person who is a subject of the complaint of the status of the investigation unless the notice would jeopardize an undercover investigation."

This document may create a court record which is to remain open for public inspection for the limited purpose of this plea to the jurisdiction. I certify that this document and the attached Appendix represent the entire record in this original proceeding before this Supreme Court.

## <u>STATEMENT OF THE "CASE"</u>

There is no case. This is a request to obtain my certified disciplinary history from the Chief Disciplinary Counsel and to challenge it to the extent there are any contents in my disciplinary history. If either of "Grievance" Nos. 201305119 or 201401333 are alleged to be included in my disciplinary history, I move to reject pre-filing the alleged "grievances," which cannot and do not

constitute a Complaint or create any disciplinary file on my disciplinary history. In the alternative, I move to strike the alleged "grievances."  As a second alternative, I move to expunge the alleged "grievances."  "Grievance" Nos. 201305119 and 201400133 each fail to constitute a Grievance under the Texas Rules of Disciplinary Procedure by definition and due to the filer's lack of standing and the Chief Disciplinary Counsel's lack of subject matter jurisdiction, plenary power, authority and authorization from the Commission for Lawyer Discipline.

On August 28, 2013, the Chief Disciplinary Counsel received a paper from McKool Smith P.C. naming Charles Herring Jr. as a person who can always reach McKool Smith P.C.  I received a paper from Charles Herring Jr.

If the paper constitutes a Grievance, then, under Tex. R. Disciplinary P. 2.10, "[i]f the Grievance is determined to constitute a Complaint, the Respondent shall be provided a copy of the Complaint with notice to respond, in writing, to the allegations of the Complaint." *Id.*  "The Respondent shall deliver the response to both the Office of the Chief Disciplinary Counsel and the Complainant within thirty days after receipt of the notice." *Id.*  There appears to be an alleged notice dated Sept. 8, 2013 for which receipt is alleged to have occurred on Sept. 11, 2013, such that a response was due on or about Oct. 11, 2013.  Under Tex. R.

Disciplinary P. 2.10, "[n]o more than sixty days after the date by which the Respondent must file a written response to the Complaint as set forth in Rule 2.10, the Chief Disciplinary Counsel shall investigate the Complaint and determine whether there is Just Cause." *Id.* Thus, a just cause determination was due on or before Dec. 11, 2013. However, no just cause determination was timely or properly made.

By letter dated Dec. 11, 2013, Charles Herring Jr. on behalf of Thomas A. Graves of McKool Smith P.C. sent an alleged supplement to "Grievance" No. 201305119, not to the Chief Disciplinary Counsel in Austin as is required for filing a grievance, but to the Dallas Regional Office of the State Bar of Texas such that that office of the State Bar of Texas, not the Chief Disciplinary Counsel, appears to have received the alleged supplement on Dec. 11, 2013. By letter dated Dec. 23, 2013, Charles Herring Jr. on behalf of Thomas A. Graves of McKool Smith P.C. sent an alleged second supplement to "Grievance" No. 201305119, not to the Chief Disciplinary Counsel in Austin as is required for filing a grievance, but to the Dallas Regional Office of the State Bar of Texas such that that office of the State Bar of Texas, not the Chief Disciplinary Counsel, received the alleged second supplement on Dec. 27, 2013. Neither of these alleged supplements constitute a grievance or a timely and proper just cause

determination by the Chief Disciplinary Counsel. As an analogy, "[w]e cannot have confidence in a proceeding in which an interested prosecutor plays the critical role of preparing and presenting the case for the defendant's guilt." *In re Guerra*, 235 S.W.3d 392, 431 (Tex. App. Corpus Christi 2007).

Even if the Chief Disciplinary Counsel had made a timely and proper just cause determination, the Chief Disciplinary Counsel still has not provided me with written notice as required to put me on notice of what I must defend myself against.  Under Tex. R. Disciplinary P. 2.14(D):

> "For each Complaint not dismissed by a Summary Disposition Panel, the Chief Disciplinary Counsel shall give the Respondent written notice of the acts and/or omissions engaged in by the Respondent and of the Texas Disciplinary Rules of Professional Conduct that the Chief Disciplinary Counsel contends are violated by the alleged acts and/or omissions. Such notice shall be given by certified mail, return receipt requested, sent to the Respondent at the Address."

The Chief Disciplinary Counsel has failed to provide me with written notice of the acts and/or omissions engaged in by me ***and*** of the Texas Disciplinary Rules of Professional Conduct that the Chief Disciplinary Counsel contends are violated by the alleged acts and/or omissions.  My mailing address is 25 Highland Park Vlg., Ste. 100-830, Dallas, TX 75205.

Under Tex. R. Disciplinary P. 2.10, "[t]he Chief Disciplinary Counsel shall within thirty days examine each Grievance received to determine whether it constitutes an Inquiry or a Complaint." *Id.* However, the Chief Disciplinary Counsel failed to examine any grievances or the first and second supplements to "Grievance" Nos. 201305119 and 201400133 within thirty days, and such time limitation is mandatory. Therefore, no rights have been vested in the Commission for Lawyer Discipline with respect to the "Grievance" or the first and second supplements to "Grievance" No. 201305119. Still, the supplement(s) appear to have been assigned "Grievance" No. 201400133 by the Dallas Regional Office of the State Bar of Texas (not the Chief Disciplinary Counsel as is required) and assigned to Senior Investigator Jolene Bartlett, who is not even an attorney, much less the Chief Disciplinary Counsel. If there is a different document that makes "Grievance" No. 201400133, what is it? I object to the document and any Disciplinary Proceeding for lack of notice, an opportunity to be heard and lack of any and all evidence in support of professional misconduct against me. I object for not having received it. I also object to panel composition as failing to meet the requirements. I further object because the Chief Disciplinary Counsel failed to examine it within thirty days and make a just cause determination within sixty days, and such time limitations are mandatory.

**PLEA TO THE JURISDICTION**                                        16

To my knowledge, I am not now nor have I ever been represented by any counsel in any disciplinary matter except to the extent a disciplinary matter has been disguised undercover as a civil or criminal matter, and no Disciplinary Proceeding appears to have commenced.  "Because written notices are statutorily required, an attorney does not violate any disciplinary rules by sending notices directly to a person represented by counsel. *Lee v. Fenwick*, 907 S.W.2d 88, (Tex. App. Eastland 1995)." *See Annotations,* Tex. Gov't Code § 81.072.

Disciplinary investigations are not Disciplinary Proceedings or cases. "The proceeding before a grievance committee is not an adversary process because the grievance committee is an investigating body whose aim is to collect and assemble facts and information that will enable the committee to take such future action as it may deem expedient for the public welfare; it is not designed or equipped by the rules and regulations of the State Bar Act (SBA), former Tex. Rev. Civ. Stat. Ann. art. 320a-1 (now Tex. Gov't Code Ann. § 81.072), to conduct a trial.  *Galindo v. State*, 535 S.W.2d 923, 1976 Tex. App. LEXIS 2674 (Tex. Civ. App. Corpus Christi 1976)." *See Annotations,* Tex. Gov't Code § 81.072. "Pursuant to the State Bar Act, former Tex. Rev. Civ. Stat. Ann. art. 320a-1 (now Tex. Gov't Code Ann. § 81.072), when misconduct on the part of an attorney is alleged to have occurred, the grievance committee has the task to conduct an

investigation. *Galindo v. State*, 535 S.W.2d 923, 1976 Tex. App. LEXIS 2674 (Tex. Civ. App. Corpus Christi 1976)." *See Annotations,* Tex. Gov't Code § 81.072.  I move to quash all disciplinary investigations because Complainants, if any, such as McKool Smith P.C., only filed alleged "grievances" against me as a threat and as a means of duress to cause me, by force, fraud or coercion, to drop my civil lawsuits out of fear of losing my law license and an imminent threat of serious financial harm, which may be akin to attorneys threatening criminal prosecution in a civil action, indicating a complete absence of probable cause to believe I have committed any offense or any professional misconduct, especially in light of the fact that I have not worked for McKool Smith P.C. for nearly four years.  *See above* Statement Regarding the "Record." Further, no professional misconduct is alleged to have occurred.

## STATEMENT OF JURISDICTION

This Court has authority to regulate the practice of law.  "The Texas Supreme Court derives its power to regulate the practice of law in Texas from the Texas State Bar Act, Tex. Gov't Code Ann. §§ 81.001-.115 (2005 & Supp. 2007), and Tex. Const. art. II, § 1." *Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 570 (Tex. App. Houston 1st Dist. 2008).

"The Texas State Bar Act gives the supreme court administrative control over the State Bar and provides a statutory

mechanism for promulgating regulations governing the practice of law. For example, the State Bar Act provides that each attorney admitted to practice in Texas is subject to the disciplinary jurisdiction of the supreme court and the Commission, Tex. Gov't Code Ann. § 81.017 (2005); that the supreme court has exclusive jurisdiction of the rules governing the admission to the practice of law in Texas, Tex. Gov't Code Ann. § 81.061 (2005); that the supreme court must establish disciplinary procedures in furtherance of its powers to supervise attorney conduct, Tex. Gov't Code Ann. § 81.072(a)(2005); and that the supreme court must prepare, propose, and adopt rules that it deems necessary for disciplining, suspending, disbarring, and accepting resignations of attorneys. Tex. Gov't Code Ann. § 81.072(a) (2005)." *Id.*

Only the Supreme Court may issue licenses to practice law in Texas, Tex. Gov't Code Ann. § 81.072(c) (2005), and this power may not be delegated. Tex. Gov't Code Ann. § 82.021 (2005).   However, there must be an allegation of professional misconduct first before the Supreme Court of Texas and Commission for Lawyer Discipline may step in.

Pursuant to the Texas State Bar Act, this Court delegates its tasks to the Commission for Lawyer Discipline subject to its rules, which provide mandatory time limitations as jurisdictional prerequisites.  Rule 15.05 of the Texas Rules of Disciplinary Procedure states, "[t]he time periods provided in Rules 2.10, 2.12, 2.15, 2.17C, 2.17E, 2.17P, 2.25, 3.02, 3.04, - 7.11, 9.02, 9.03, 10.02, 11.01, 11.08, and 12.06(d) are mandatory." *Id.* The Commission for Lawyer Discipline, Chief Disciplinary Counsel and District Grievance Committees lack all subject

matter jurisdiction, plenary power, authority and authorization to conduct any investigation of me because no Grievance or Complaint was filed against me pursuant to the Texas Rules of Disciplinary Procedure and/or no grievance investigation was completed or just cause determination made within the mandatory time lines. The statutes of limitations are also a concern.

The Commission for Lawyer Discipline derives its authority from the Texas Supreme Court. Tex. Gov't Code Ann. §§ 81.071, 81.072 (1998); Tex. Disciplinary R. Prof'l Conduct 8.05; Tex. R. Disciplinary P. 2.01. As such, the Commission for Lawyer Discipline has been viewed as an administrative agency of the judicial branch of Texas government, functioning as an arm of the supreme court in the discharge of its professional policing duties. To the extent the Commission for Lawyer Discipline is an administrative agency, the doctrine of primary jurisdiction may apply to its proceedings. Because the doctrine of primary jurisdiction is prudential rather than jurisdictional, a standard of review is to ascertain whether the trial court abused its discretion in assuming jurisdiction. Abuse of discretion is present when the trial court acted in an unreasonable or arbitrary manner. The State Bar's Disciplinary Proceedings, once instituted, may be subject to the Administrative Procedure and Texas Register Act, and the State

Bar's failure to comply with that act deprives it of jurisdiction.  However, as here, no Disciplinary Proceeding has yet been brought against me.

While Tex. R. Disciplinary P. 2.14 appears to permit an attorney to seek de novo review of the Complaint against him in a district court of proper venue, the Commission for Lawyer Discipline does not give this rule any credence and, in practice, prevents attorneys from obtaining de novo review at all.  While I am entitled to de novo review in spite of the erroneous practices of the Commission for Lawyer Discipline, there does not appear to be any Complaint against me. The rule may have been intended to read de novo review of the petition, not the Complaint, but no petition has yet been brought against me on authority by the Commission for Lawyer Discipline.  Thus I am not seeking review of any complaint or of any petition here.  However, it appears that convening of the grievance committee of the State Bar rather than the filing of a complaint may attach primary jurisdiction of the grievance committee because the Supreme Court of Texas (and its authorized subdivisions) has exclusive jurisdiction in our state government to initiate lawyer disciplinary proceedings.  But no grievance committee of the State Bar has yet convened, and thus primary jurisdiction has not yet attached in any grievance committee or in the Commission for Lawyer

Discipline.   This Supreme Court remains as the tribunal having jurisdiction over my Texas admission to the State Bar of Texas.

Upon motion made or otherwise, the Evidentiary Panel Chair may order the Commission and the Respondent to participate in mandatory alternative dispute resolution as provided by Chapter 154 of the Civil Practice and Remedies Code or as otherwise provided by law when deemed appropriate, but there is no Evidentiary Panel Chair because no Evidentiary Panel has yet been appointed.

The compelling reasons why this plea to the jurisdiction was not first presented to the Board of Disciplinary Appeals is because such tribunal lacks all subject matter jurisdiction and authority.

I provide this information and argument in this Plea To the Jurisdiction for the limited purpose of compelling this Court to provide me with my proper certified disciplinary history, which should currently be empty, so that I may apply for admission to the bar of another state, which is requesting the certified history. I have invested ten years of my life in my law school education and the practice of law, and my education, experience and licenses to practice law as an attorney in the State of Texas and as a patent attorney before the United States Patent and Trademark Office are vested property rights and liberty interests.  My rights are vested without regard to the location of my practice because I am a

federal patent attorney, capable of practicing as a patent attorney and agent in every state. I also have the right to travel, to practice or not, to resign and to apply for admission in any state in the United States.  I have an interest in preventing my vested interests from being spoiled by persons acting without authority as if they were appointed by the Commission for Lawyer Discipline, which poses an imminent threat of serious harm to my ability to earn a living. Persons have bribed others in an attempt to prepare fraudulent records and reports about me to have me disbarred. I am being unlawfully forced to either submit to the perverted powers that be and allow harmful information to be created about me by persons having a clear conflict of interest or else resign my law license. I choose to resign my law license because I have a vested federal law license to protect.  If this Supreme Court were to reject this plea to the jurisdiction and fail to immediately respond to this demand letter to process my resignation immediately and provide me with my clear certified disciplinary history, this Supreme Court would deprive me of my vested rights and liberty interests in violation of 42 U.S.C. Sec. 1983. Therefore, please accept and process my voluntary resignation of my Texas law license 24059652 attached and immediately take me off of your list of persons admitted to the State Bar of Texas.

**PLEA TO THE JURISDICTION**                                           23

While I may not be able to request judicial review from an administrative action where there has not been any administrative action, I may obtain either judicial review of an administrative failure to act under the Texas Sunset Act or otherwise or file an original proceeding for this Court to take action under the authority vested in it by the Texas Legislature which it failed to delegate to an administrative body. "A person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right." *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 172 (Tex. 2004). Further, "decisions of an administrative body may be attacked in court if they violate some provision of the state or federal constitution," and I have filed my federal complaint for cause of action in the U.S. District Court for the Northern District of Texas. *Id.* "The corollary of this proposition is that the courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal only where the administrative action complained of violated a constitutional provision." *Id.*

Under the circumstances, the Chief Disciplinary Counsel appears to be unlawfully continuing an unauthorized grievance investigation against me in spite of my voluntary resignation which serves no legitimate interest of the State,

clients, prospective clients or the public solely for the purposes of unlawful harassment and conspiracy to shield Judge Carlos Cortez from liability to women he has raped.  I am not currently aware of any adequate remedy at law in lower state courts because sole authority is vested in this Supreme Court to accept my resignation. The continuing investigation is causing irreparable injury to me and to other women in need of representation in civil assault and sexual assault cases. *See United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 829 (1966).  I am still being investigated only because I am acting as a civil rights lawyer to forcefully represent women who have been raped and strangled by Judge Carlos Cortez.  Multiple women have complained of assault and sexual assault by State District Judge Carlos Cortez. The attitude in this State Bar of Texas toward realization by women, especially female victims of domestic violence, of their civil rights is well known to this Court to be unlawfully discriminatory against women due to their sex, in breach of the license agreement between myself and the State Bar of Texas.  I only introduce these facts for the limited purpose of this plea to the jurisdiction, resigning my law license if necessary to prevent the State Bar of Texas from further harassing me in violation of my civil rights by investigating me without cause or complaint, quashing any

grievance investigations against me, and obtaining my accurate certified disciplinary history to which I am entitled.  My causes of action against the State Bar of Texas are now pending in federal, not state court, and I move to abate any and all state court "actions" against me in favor of the action in the Northern District of Texas, *Chelsea L. Davis v. State Bar of Texas et al,* No. 3:14-cv-04190 (N.D. Tex. filed Nov. 24, 2014).  I anticipate requesting certified questions to be posed to this Court by the United States Court of Appeals for the Fifth Circuit.

Further, this Court is not the appropriate forum for such action because each of the justices has a personal conflict of interest, financial interest in, and bias in favor of the Commission for Lawyer Discipline and real "parties" in interest and must recuse themselves. The State of Texas itself, through at least the Department of Health and Human Services, is invested through Leslie Ware's managed funds in the outcome of McKool Smith P.C.'s bottom line and revenues derived from patent litigation. Due to the provisions regulating federal patent law and patent attorneys (as opposed to the Texas Rules of Disciplinary Procedure), the Justices may not adjudge any cause of action due to this glaring conflict of interest. I reserve my right to brief these issues to the extent it becomes necessary.

It is well known among the male elders that the State Bar of Texas causes all female lawyer victims of sexual abuse or sexual assault who speak out about

prominent male lawyer or judge offenders to be put on disability suspension in violation of the Texas and U.S. Constitutions, including the first, second, fifth and eleventh amendments.  This Court should be impressed most strongly by the fact that multiple female lawyers have been put on disability suspension by unilateral action taken by the Chief Disciplinary Counsel without any credible evidence of disability ever having been presented to the Chief Disciplinary Counsel by any client or any court, without a word having been said to the lawyer or Chief Disciplinary Counsel by any client, court, district attorney, or medical doctor to indicate to the lawyer that she was practicing law improperly or was too disabled to practice law competently.  Such unilateral actions are being taken solely to harass female lawyer victims and lawyers who seek to represent female rape victims of male judges, to prevent and delay litigation until all statutes of limitations have passed, to cause destruction of evidence of sexual assault and harassment, and to fraudulently obtain protective orders against the women, suspensions of their law licenses, unlawful gag orders in violation of the First Amendment as prior restraints on their speech, and dating violence protective orders against them based on a default finding that they pose a "threat of irreparable harm to clients," which might not be appealable for at least one year. The State Bar of Texas knows the orders will be appealed and vacated as void

one year later because judges sign them based on a "record" devoid of any credible evidence and enter them in a court which lacks subject matter jurisdiction. After all, an order entered without subject matter jurisdiction is void.

I request this Supreme Court to take mandatory judicial notice of domestic violence protective order cases and of all files of all protective order, reprimand and suspension cases under the Texas Rules of Disciplinary Procedure that have been brought against female lawyers who complained of assault or sexual assault or intended to represent female victims who complained of assault or sexual assault by male lawyers and judges.

Various orders compelling female lawyer victims and civil rights lawyers to submit to mental health examinations by biased and bribed shrinks who have a clear conflict of interest are also void. "Discovery is not a one-way proposition. Issues cannot be resolved by a doctrine of favoring one class of litigants over another." *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (U.S. 1964). The "in controversy" and "good cause" requirements of Fed. R. Civ. P. 35 are not met by mere conclusory allegations of the pleadings, nor by mere relevance to the case, but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. What may be good cause

for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (U.S. 1964).   Rule 35 of the Federal Rules of Civil Procedure, which permits physical and mental examinations of parties to suits in federal courts, is, as applied to either plaintiffs or defendants to an action, free of constitutional difficulty as an invasion of privacy, and is within the scope of the Rules Enabling Act (28 U.S.C. 2072), which provides that the Rules "shall not abridge, enlarge or modify any substantive right." *Id.* But there is no rule permitting mental examinations of persons because of the mere fact they are female lawyers licensed to practice law in Texas who are not a party to any disciplinary action or disciplinary proceeding.

I do not waive my right to compel exhaustion of administrative procedures as against me. *See* TEX. R. DISCIPLINARY P. 2.10, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A-1 (West Supp. 2010) ("If the Grievance is determined to constitute a Complaint, the Respondent shall be provided a copy of the Complaint with notice to respond, in writing, to the allegations of the Complaint.").   A just cause determination is not a decision on the merits and does not involve an adversarial testing of evidence; it is simply a predicate for instituting a disciplinary action against an attorney. *See Izen v. Comm'n for*

*Lawyer Discipline*, 322 S.W.3d 308, 316-17 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

The Chief Disciplinary Counsel has not yet applied any applicable administrative procedures and failure to so apply procedures would constitute a violation of my rights to due process. I have not yet received notice of any allegations of professional misconduct or disability to such an extent to confer subject matter jurisdiction or institute any administrative procedures by the Chief Disciplinary Counsel or any opportunity to respond to them.

The lack of any initial determination creates a hole in the administrative process so as to deprive the trial courts, District Grievance Committees, Evidentiary Panels and this Texas Supreme Court of jurisdiction, especially given the contents of the correspondence to me thus far, which fails to mention even a single rule of professional conduct that I have violated or that there is any just cause to believe I may have violated a single rule of professional conduct. There is no mention of any rule or of any professional conduct at issue which may be misconduct in any proceeding. My "record" is completely devoid of any allegation of professional misconduct, and I am still in good standing with the Membership Department of the State Bar of Texas. I object to consolidation of any disability matters with any disciplinary matters, and I do not choose to

consolidate or to proceed in a district court with respect to any disciplinary or disability matter. I also object to the inverse - to severance. I certainly do not waive confidentiality of investigations or proceedings.

Due process requires, at a minimum, notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976); *see Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). An attorney in a disciplinary proceeding is entitled to procedural due process. *Weiss v. Comm'n for Lawyer Discipline*, 981 S.W.2d 8, 14 (Tex. App.—San Antonio 1998, pet. denied). *See State v. Sewell*, 487 S.W.2d 716, 718 (Tex. 1972) (observing that state bar grievance committee's prior investigations and decision to take or forgo disciplinary action were comparable to grand jury inquisitions, not decisions on merits) (citing *Karlin v. Culkin*, 248 N.Y. 465, 162 N.E. 487, 60 A.L.R. 851, 859 (1928) (Cardozo, J.)); *Weiss*, 981   [138]   S.W.2d at 14 (concluding that Commission's petition may include allegations that are part of original complaint as well as those that appear during preliminary investigation of those matters). The disciplinary rules themselves reinforce this conclusion. They first require the Commission to detail its factual allegations against the attorney in its petition before the district court or the evidentiary panel, depending on the attorney's

election. *See* Tex. R. Disciplinary P. 2.17A, 3.01A (providing that, after just cause determination, in either administrative or judicial proceeding, the Commission must file a disciplinary petition containing "[a] description of the acts and conduct that gave rise to the alleged Professional Misconduct *in detail sufficient to give fair notice to Respondent of the claims made . . . .*" (emphasis added)); *Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 137-138 (Tex. App. Houston 1st Dist. 2011).

A separate grievance under the same or different cause number may amount to error because its inclusion could prevent me from making a proper presentation of my appeal and could cause rendition of an improper judgment. Tex. R. App. P. 81(b)(1). It would violate my due process rights to allow any committee before which I may have previously appeared to make a "just cause" determination or other finding to satisfy the Commission for Lawyer Discipline or Chief Disciplinary Counsel's burden of proof to institute a disciplinary or disability proceeding.   An attorney in such proceeding is entitled to procedural due process, which includes fair notice of a proper and sufficient charge. *In re Ruffalo*, 390 U.S. 544, 551-52, 20 L. Ed. 2d 117, 88 S. Ct. 1222 (1968).   The United States Supreme Court has held that the fact that the possessor of the property had the right to a hearing after the seizure of property had occurred was

not sufficient for due process purposes because it could not undo the fact that an arbitrary taking that was subject to the right of procedural due process had already occurred. *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972).

The unlawful prejudice and bias against me is further evidenced by my arrest "record" and the two currently sealed "orders" of capias against me to arrest me without a warrant, without probable cause and without a hearing, taking at least $2500 of my money and arbitrarily taking away my property rights in which I have a substantial interest. The second "order" of capias orders me to be held in jail without bond until at least a hearing is held, but there can never be any hearing where there is not currently any disciplinary action or proceeding against me and all subject matter jurisdiction and authority is lacking.  I would need to petition for writ of habeas corpus to get out of jail.  While I have not yet been arrested for a second time, I was already arrested and compelled to pay $2500 cash into an alleged registry, removing my personal effects, photographing me, without having me appear before a judge and without any allegation of professional misconduct.  It was such a joke (to everyone but me) that a Collin County Deputy literally drove me in handcuffs to my bank in her police car on our way to the Collin County Jail so that she could withdraw my money for me to

pay to the alleged court registry. Now, there is an alleged hearing set in Austin, Texas on January 30, 2014 on my plea to the jurisdiction and a motion to declare me nuts by default to obtain a finding that I pose an "immediate threat of irreparable harm to clients and potential clients" without any evidence whatsoever under "Cause" No. 54202 before the Board of Disciplinary Appeals and a "trial" set in the 254th Judicial District Court, Dallas County, Texas for an "Application for a Protective Order" in a "Divorce" proceeding as if I were married to Leslie Ware and Samuel Baxter on Feb. 17-18, 2015 to obtain a dating violence protective order against me that I cannot appeal for one year without any evidence of dating violence solely to prevent me from filing and maintaining any civil rights lawsuits against others.  These procedures are so out of keeping with what would normally be done to a person of my professional status that these actions can only be interpreted as harassment and/or as a conspiracy to protect at least Judge Carlos Cortez from liability.  Accordingly, Tex. Gov't Code Ann. § 2001.171 provides a limited waiver of sovereign immunity. The State Bar Act also waives any sovereign immunity of the State Bar of Texas, the Commission for Lawyer Discipline and/or District Grievance Committees. Tex. Gov't Code § 81.014 ("The state bar may sue and be sued in its own name.").  However, the Third Court of Appeals has "repeatedly held that [section 2001.171 of the APA]

is a procedural provision that does not confer independent subject matter jurisdiction on the district court." *Eldercare Props., Inc. v. Tex. Dep't of Human Servs.*, 63 S.W.3d 551, 557 (Tex. App.--Austin 2001, pet. denied).

Tex. Gov. Code Sec. 81.072(b) has recently been amended to require this Supreme Court to provide in its standards and procedures for processing grievances against attorneys "(7) an option for a trial in a district court on a complaint and an administrative system for attorney disciplinary and disability findings in lieu of trials in district court, including an appeal procedure to the Board of Disciplinary Appeals and the Supreme Court under the substantial evidence rule." *Id.* In violation of this statute, thus far, I have been denied a trial in a district court and an administrative system for attorney disciplinary and disability findings in lieu of trials in district court, including an appeal procedure to the Board of Disciplinary Appeals and the Supreme Court. Such violation completely deprives this Supreme Court of any jurisdiction and authority to act (other than to provide me with my certified and clear disciplinary history as I have demanded). Such violation completely deprives me of due process and my property rights in violation of the Texas and United States Constitutions, especially to the extent this plea is not granted and this Court fails to respond to my demands.

# PLEA TO THE JURISDICTION

## *Legal Standard*

Under the doctrine of mootness, a case or controversy must exist not only

at the commencement of the action, but throughout the existence of the litigation.

*Dailey v. Vought Aircraft Company,* 141 F.3d 224, 227 (5th Cir. 1998). Thus, an

action must be dismissed for want of jurisdiction if, at any time in the course of

litigation, the controversy ceases to exist. *Id*.

When a plea to the jurisdiction challenges the existence of jurisdictional

facts, the trial court considers relevant evidence submitted by the parties to

resolve the jurisdictional issues raised. *Id.* at 227.  The controversy ceases to exist

because there is no cause of action asserted against me in any complaint or

proceeding, and I first moved to resign my Texas law license in 2013. No fact

issue thus exists.  If relevant evidence is undisputed or fails to raise a fact

question on the jurisdictional issue, the trial court should grant the plea to the

jurisdiction as a matter of law. *Id.* at 227-28. Whether a court has subject-matter

jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226; *Tex. Natural Res.*

*Conservation Comm 'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

Standing is a prerequisite to subject-matter jurisdiction, and subject-matter

jurisdiction is essential to a court's power to decide a case. *Bland*, 34 S.W.3d at

553-54. Standing focuses on who may bring an action. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 443-44 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 155 Tex. III, 114,283 S.W.2d 722, 724 (1955)). Unless standing is conferred by statute, a plaintiff must demonstrate that he "possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Williams v. Lara*, 52 S.W.3d 171, 178-79 (Tex. 2001); see also *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984) (stating that standing consists of some interest peculiar to the person as an individual and not as a member of the general public). The lack of standing at the time the suit is filed deprives the court of subject matter jurisdiction. *M.D. Anderson Cancer Ctr.,* 52 S.W.3d at 708. A plea to the jurisdiction IS an appropriate vehicle to challenge standing and subject-matter jurisdiction. *See Brazos Transit Dist. v. Lozano*, 72 S.W.3d 442, 444 (Tex. App.-Beaumont 2002, no pet.). The court is not required to look solely to the pleadings but may also consider evidence. *Bland*, 34 S.W.3d at 547.

Separation of powers is violated when one branch of the government assumes power that is more properly attached to another branch or when one branch interferes with another so that it cannot effectively exercise its constitutionally assigned powers.  *See* TEX. CONST. Art. II, § 1; *In re D. W.*, 249 S.W.3d 625, 635 (Tex. App.-Ft. Worth 2008) pet. denied 260 S.W.3d 462 (Tex. 2008).   The Texas Supreme Court has inherent regulatory powers, derived from Tex. Const. art. II, § 1, which dictate separation of powers and implies the court's supervisory role in regulating the legal practice. *Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 570 (Tex. App. Houston 1st Dist. 2008). Subject matter jurisdiction concerns a court's power over a case and stems from the doctrine of separation of powers which aims to keep the judiciary from encroaching on subjects properly belonging to another branch of government. *Webworld Marketing Group. LLC v. Thomas*, 249 S.W. 3d 19,24 note 3 (Tex. App.-Houston [1st Dist.] 2007, no pet.). The courts may not invade the legislative field but must leave statutes and ordinances where they find them. *Tex. Dep't of Public Safety v. Forsgard*, 108 S.W.3d 344, 346 (Tex. App.-Tyler 2003, no pet.). With respect to regulating the practice of law, the Supreme Court has encroached on the subject of public policy, which properly belongs to the legislature.

A threshold inquiry may be whether mandamus is an appropriate vehicle. Upon any dismissal of any alleged "grievances" as inquiries and any complaints and petitions for reasons such as being brought for purposes of harassment, there may be an implied "order", for example, denying a motion for default judgment, summary judgment or plea to the jurisdiction. Such implied "order" entered after failing to take proper procedural steps mandated by statute is a void order for which mandamus will lie, although it is unclear whether mandamus can lie where the alleged express or implied order was a mere papering of a deliberation that was never meant to be enforced as an interlocutory or final order. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 427 (Tex. App. Dallas 1988).

A different situation is presented where the want of jurisdiction appears affirmatively on the face of the record, or is otherwise clear as a matter of law. In such a case, the writ of mandamus may issue to remedy an unauthorized assumption of jurisdiction. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 442 (Tex. App. Dallas 1988). The only actual record is my certified disciplinary history, which is within the control of this Court. That record shows that there has not been any finding of just cause and no complaints or petitions have been filed against me. Accordingly, the 254th, 298th, 68th, 160th, 162nd, 191st, and 303rd Judicial District Courts in Dallas County, Texas, the 429th Judicial District

Court and Justice of the Peace Court Precinct 1 in Collin County, Texas, perhaps the Criminal District Courts of Dallas County, Texas and any other state courts may have wrongfully assumed jurisdiction without authority such that this Court may remedy the unauthorized assumption for the limited purpose of providing me with my complete record in the form of a certified disciplinary history.

In state courts, courts of competent jurisdiction have no authority to act upon a request for relief made erroneously to another court/body lacking authority to grant that relief.   The invalidity of a void order may be asserted by any person whose rights are affected, at any time and at any place.   Jurisdiction over one cause of action does not vest it with jurisdiction over another cause of action over which it does not otherwise have jurisdiction. *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 427 (Tex. App. Dallas 1988).

Parties by agreement, consent, or waiver cannot confer jurisdiction on a court or expand its territorial limits. *See Ex parte Smith*, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex. Crim. App. 1978); *Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.--Austin 1995, no pet.). There is also the constitutional mandate that a state district court "shall conduct its proceedings at the county seat of the county in which the case is pending except as otherwise provided by law." Tex. Const. art. V, § 7. Panel opinions have held

that the trial court lacked authority and power to adjudicate the rights of the parties when it conducted the trial beyond its territorial limits, and thus the judgment rendered was null and void. To render a valid judgment and sentence in a criminal case, the trial court must have jurisdiction of both the subject matter and the person of the defendant, and it must have the authority to render the particular judgment. A state district court has no authority or power to adjudicate the rights of litigants except at the time and places prescribed by law. *See Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co.*, 88 Tex. 468, 27 S.W. 100, 109 (Tex. 1894); *Stine v. State*, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995). If any of these factors are lacking, the judgment is fatally defective. *See Ex parte McKenzie*, 115 Tex. Crim. 315, 29 S.W.2d 771, 772 (1930); *Ex parte Degener*, 30 Tex. Ct. App. 566, 17 S.W. 1111 (1891); 22 Tex. Jur. 3d § 1898, at 26 (1982); and *Fain v. State*, 986 S.W.2d 666, 684 (Tex. App. Austin 1998).

In disciplinary matters, loss of subject matter jurisdiction occurs when the administrative body fails to follow the procedural rules of the State of Texas or of the Texas Rules of Disciplinary Procedure. I raise significant pleading errors and limitations regarding the "pleadings", especially the "pleadings", if any, of those unappointed and unauthorized persons who have attempted to act on behalf of the

Chief Disciplinary Counsel, if any.   Accordingly, I submit this plea and all fees

have been paid to assert the invalidity of void orders and voidable orders, if any.

## A.   *Subject Matter Jurisdiction Is Lacking Due To Lack of Standing*

The Commission for Lawyer Discipline may not obtain subject matter

jurisdiction due to lack of standing because counsel for McKool Smith P.C.

lacked standing to file a grievance against me.   Thomas A. Graves is not a client

of mine and lacked personal knowledge of all facts alleged, if any.   McKool

Smith P.C. is not a client of mine and lacked personal knowledge of all facts

alleged, if any.   Brian Lidji is not a client of mine and lacked personal knowledge

of all facts alleged, if any. Don Colleluori is not a client of mine and lacked

personal knowledge of all facts alleged, if any. Angeline Bain is not a client of

mine and lacked personal knowledge of all facts alleged, if any.   Jolene Bartlett is

not a client of mine and lacked personal knowledge of all facts alleged, if any.

District judges, associate judges and magistrate judges are not clients of mine and

lack personal knowledge of all facts alleged, if any, except that they are also

witnesses.   No professional misconduct is alleged.   Further, no person or entity

has ever alleged that I am suffering from a disability to such an extent that ***(a) my***

***continued practice of law poses a substantial threat of irreparable harm to***

***client or prospective clients or (b) I am so impaired as to be unable to***

***meaningfully participate in the preparation of a defense,*** and I am not suffering

from any disability to the prerequisite extent.

**B.     *Subject Matter Jurisdiction Is Lacking Due To Failure To Timely Find
Just Cause***

As of the date of referral to any panel (which is elusive and may not have

occurred yet), there was no finding of just cause to discipline me. Only upon a

finding of just cause may all rights characteristically reposed in a client by the

common law of this State as to an actual Complaint based on a legitimately filed

grievance that was not dismissed after hearing by the Summary Disposition Panel

be vested in the Commission.  Tex. R. Disc. Proc. 2.14.  The Chief Disciplinary

Counsel acted without authority to act on behalf of the Commission for Lawyer

Discipline, which lacked authority to act as to Thomas A. Graves or other counsel

of McKool Smith P.C.'s or Complainant's Complaint.   I object to compositions

of any summary disposition panel and evidentiary panel for lack of required

composition, appointment of members and oaths taken by all members. I object

for lack of notice and an opportunity to be heard at a meaningful time and in a

meaningful manner. The subject matter must involve conduct of a person as an

attorney and allege professional misconduct.   The Commission for Lawyer

Discipline and Chief Disciplinary Counsel still have not alleged any professional

misconduct, cited to a single rule, provided proper notice or provided an opportunity to be heard at a meaningful time and in a meaningful manner.  No correspondence to me in any "case" appears to have even been filed with the Chief Disciplinary Counsel.

Lack of subject matter jurisdiction cannot be cured by any later finding of just cause because, under Rule 2.12, "[n]o more than sixty days after the date by which the Respondent must file a written response to the Complaint as set forth in Rule 2.10, the Chief Disciplinary Counsel shall investigate the Complaint and determine whether there is Just Cause." Tex. R. Disc. Proc. 2.12. McKool Smith P.C. filed its grievance on Aug. 28, 2013. My  response was due on or about Oct. 4, 2013, and the determination of just cause was due within sixty days on or about Dec. 4, 2013.  Because the Chief Disciplinary Counsel failed to timely find just cause to discipline me, any grievance should have been referred to a summary disposition panel and dismissed.

The Commission for Lawyer Discipline failed to timely obtain subject matter jurisdiction on any appeal, amendment or supplement by Thomas A. Graves or other counsel for McKool Smith P.C.   Under Rule 2.10, "The Complainant may appeal a decision by the Chief Disciplinary Counsel to dismiss the amended Complaint as an Inquiry to the Board of Disciplinary Appeals." *Id.*

"No further amendments or appeals will be accepted." *Id.* Therefore, the Commission for Lawyer Discipline and Board of Disciplinary Appeals may have lacked authority to accept Thomas A. Graves's and other counsel's supplements to grievances against me.  I verifiably deny each and every allegation of professional misconduct to the extent there are any on my record thus far, deny any timely finding of just cause, and assert numerous affirmative defenses including lack of standing and subject matter jurisdiction and failure of the administrative agency to even be named as a party to any proceeding, much less to meet its requisite burden of proof.

**D.      *Subject Matter Jurisdiction Is Lacking Due To the Failure To Follow the Texas Rules of Disciplinary Procedure***

Prior to 1939, a lawyer could file a suit against another lawyer to seek to disbar him or her. The old law stated, "The judge of any court, a practicing attorney, a county commissioner or justice of the peace may file with the clerk of the district court a sworn complaint of fraudulent or dishonorable conduct or malpractice on the part of any attorney at law." Art. 314, V.A.T.S. Today, Court proceedings against a lawyer accused of official misconduct as defined by Texas State Bar Rules Art. XII, §§ 8 and 9, shall be instituted only after a thorough private investigation and hearing of the complaint has been had by a legally

constituted official body, such as the District Grievance Committee, which has

determined that disciplinary action is warranted.  Even then, if the Committee

finds proper, and the accused lawyer consents in writing, milder action may be

taken without the necessity of filing a Formal Complaint in court.  I have not

consented in writing to anything and have demanded an evidentiary panel. "Tex.

Rev. Civ. Stat. ann. § 8 expressly repealed all laws or parts of laws which were in

conflict with the Act or with the rules and regulations adopted under the State Bar

Act by the Supreme Court." *See State ex rel. Chandler v. Dancer*, 391 S.W.2d

504, 505 (Tex. Civ. App. Corpus Christi 1965) (holding that the practicing

attorney lacked authority under the State Bar Act, formerly Tex. Rev. Civ. Stat.

Ann. art. 320a-1 et seq. (now Tex. Gov't Code Ann. § 81.001 et seq.) to seek

disbarment of other attorneys by filing a civil suit in district court).

Respectfully, the Chief Disciplinary Counsel Ms. Linda Acevedo in Austin

is required to have knowledge of the status of grievances against me at all times,

and right now, the Office of Chief Disciplinary Counsel in Austin, Texas says

there has not yet been any finding of just cause against me.  There is much

evidence of violations of procedures and safeguards promulgated by the Supreme

Court of Texas and the Legislature.  I have not waived my challenge to the

jurisdiction.  I object to the Chief Disciplinary Counsel's failure to follow the

rules.   As described above, the Chief Disciplinary Counsel violated the Texas Rules of Disciplinary Procedure, including Rule 2.10 "Classification of Inquiries and Complaints" and Rule 2.12 "Investigation and Determination of Just Cause."

I have also objected to and described violations of time limitations required under the rules. Specifically, Rule 15.05 of the Texas Rules of Disciplinary Procedure makes such time lines mandatory.   "The time periods provided in Rules 2.10, 2.12, 2.15, 2.17C, 2.17E, 2.17P, 2.25, 3.02, 3.04, - 7.11, 9.02, 9.03, 10.02, 11.01, 11.08, and 12.06(d) are mandatory." *Id.* at Rule 15.05.

I object to failure to file pleadings and enter orders in good faith. Rule 13 of the Texas Rules of Civil Procedure requires the Chief Disciplinary Counsel to file pleadings in good faith. I object to Susan Farris acting on behalf of the CDC at all and filing any motion without first filing an evidentiary petition.  I object to any motion for failure to satisfy the prerequisites of an evidentiary petition including required appointment of an evidentiary panel or appointment of district judge by Supreme Court.  I object to appointments not properly made by those with authority to make such appointment.

I object to failure to provide mandatory Judicial Notice.  Judicial Notice is mandatory under Texas Rules of Civil Evidence, Rule 201(d). I have requested the entire "record," from inception of the complaint to present, but I have not

timely received it because there is no record of any Disciplinary Proceeding.

I object to violation of Rule 2.09 of the Texas Rules of Disciplinary Procedure, which requires "Notice to Parties."  I have not been served and provided with proper and timely notice from the Chief Disciplinary Counsel in accordance with this rule. Respectfully, I do not waive these jurisdictional, notice and other requirements, nor do I waive my due process rights.  I respectfully move to strike and quash untimely notices, petitions and other documents which are not from the Chief Disciplinary Counsel and which were not properly filed on behalf of the Commission for Lawyer Discipline against me with a district court selected by the Supreme Court of Texas or evidentiary panel properly composed and appointed.

No Disciplinary Proceeding in state district court or before an evidentiary panel have yet been properly brought on behalf of the Commission for Lawyer Discipline pursuant to the State Bar Act, Tex. Gov't. Code Ann. Sec. 81.001, et seq., the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure.  No complaints form any basis for any Disciplinary Proceeding, not those filed by attorney Thomas A. Graves of McKool Smith P.C. on or after August 28, 2013 or any other alleged complaints, including this document.  Venue was proper in Dallas County, Texas as the place of my

residence.   However, on or about April 2013, I moved from Dallas County to Collin County.   No Disciplinary Actions or Proceedings have commenced in either Dallas or Collin Counties. Yet, it appears that several unauthorized undercover investigations are underway and being conducted by the very people against whom I have causes of action.

If any "Disciplinary Action" commences, I have elected an evidentiary panel and an evidentiary hearing, and I reserve my right to compel discovery, to request additional evidentiary hearings and to seek de novo review in a district court by public hearings and a public jury trial of any proceedings before an evidentiary panel.

If any criminal prosecution commences against me, I reserve all of my rights, defenses, objections, waivers, immunities, etc. as a criminal defendant.

I originally brought causes of action in federal court because the state courts denied me access to the courts in violation of the open courts provision of the Texas Constitution.   "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. Art. I, Sec. 13.

To the extent I moved to dismiss any disability investigation, if any, against me, my motion was denied.   However, I may still petition the federal

court in pending litigation for a writ to reverse that denial of any special appearance motion to dismiss following removal or transfer or otherwise.  Under Tex. Civ. Prac. & Rem. Code Sec. 27.003, "(a)  if a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action."  Tex. Civ. Prac. & Rem. Code 27.003.  "[A] court shall dismiss a legal action against the moving party if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of:

    (1)  the right of free speech;

    (2)  the right to petition; or

    (3)  the right of association." *Id.*

I have sufficient evidence to show that the purported legal action to arrest me is in response to my exercise of my rights of free speech, to petition and association. It appears the State Bar of Texas seeks to compel me to produce my evidence in a proceeding that does not exist solely for the purpose of ordering me to destroy my evidence and to prevent me from talking about my suffering and petitioning for legal redress.  Lawyers and judges continue to conspire to create outrageous documents which look like judgments in an attempt to shield sexual assault

offender Judge Carlos Cortez from liability by intentionally misleading federal judges while threatening me with criminal prosecution for crimes I have not committed and the loss of my Texas law license if I do not stop talking, but I have a Constitutional right to speak, which precludes unlawful prior restraints on my speech, i.e. gag orders.

"[T]he court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." *Id.* Since there is no nonmovant and no nonmovant's claim, I have established each essential element of a valid defense to compel this Court to produce my certified disciplinary history without record of any disciplinary action against me because there has been no such action.

### E.    *Subject Matter Jurisdiction Is Lacking Because The "Pleadings" Fail To Confer Subject Matter Jurisdiction*

I specially except/plea to the adequacy of "pleadings" to confer subject matter jurisdiction. I also specially except/plea to the adequacy of Angeline Bain's First Amended Application for a protective order to confer subject matter jurisdiction and state any claim upon which any relief may be granted. Angeline Bain's First Amended Application identifies me as the Applicant merely because

I opened a Cause number with an application for a protective order under Tex. Code Crim. Proc. Art. 7A. Angeline Bain's First Amended Application goes on to state "Respondent has threatened violence against Applicant of a nature and type which is within the meaning of section 71.0021 of the Texas Family Code." *See* Page 1 of Angeline Bain's First Amended Application for a Protective Order, allegedly filed Aug. 5, 2014.  Because of the confusing identification of the alleged "parties" and the fact that  there can be no parties where there is no case, Angeline Bain's Application fails to state any claim upon which relief may be granted.

Angeline Bain's alleged "Grounds" for relief include the following, and I specially except/plea to the adequacy of each of the grounds asserted to confer subject matter jurisdiction.

In the Dallas Office of Chief Disciplinary Counsel's alleged motion requesting me to do an act, the Chief Disciplinary Counsel's request fails because it is not based on any sufficiently specific grounds for relief. "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief." Tex. R. Civ. P. 682.

Neither Angeline Bain nor the Chief Disciplinary Counsel appear to have executed and filed a bond. "Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part." Tex. R. Civ. P. 684.

Angeline Bain's Application has not been filed in any case. The Chief Disciplinary Counsel's motions have not been filed in any case. Under Rule 685 of the Texas Rules of Civil Procedure, "the cause shall be entered on the docket of the court in its regular order in the name of the party applying for the writ as plaintiff and of the opposite party as defendant." Tex. R. Civ. P. 685.

Angeline Bain does not plead "with fair and adequate notice". *See* TEX. R. CIV. P. 45(b). The Chief Disciplinary Counsel does not plead "with fair and adequate notice". *Id.* Further, the allegations are "vague, indefinite, and uncertain." *McFarland v. Reynolds*, 513 S.W.2d 620, 626 (Tex. Civ. App-Corpus Christi 1974, no writ). I cannot properly prepare to prosecute or defend a case

with no notice of the claims or of the factual support giving rise to the claims. Angeline Bain and the Chief Disciplinary Counsel should be forced to re-plead and provide adequate notice of the grounds of any complaint and at least cite to a Texas Rule of Professional Conduct and claim a violation.  I specially except to each request for a protective order.   In each request, the Applicant fails to "present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief" as required by Tex. R. Civ. P. 682.   Unnamed Applicant fails to "present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief" as required by Tex. R. Civ. P. 682.

Under Tex. R. Civ. P. 93.12, Angeline Bain's or Unnamed Applicant's notice and proof of loss or claim for damage has not been given as alleged. I have presented my verified denial of such notice and such proof specifically and with particularity. No notice of the Application was issued or served on me as required by Tex. Fam. Code Sec. 82.041-82.043 and other rules.  No hearing has been set or held as required.  No default order may be rendered that is binding on me because I have not failed to attend any hearing for which I received service of such application by such person or entity and notice of the hearing and I have not failed to attend any required rescheduled hearing.

Under Tex. R. Civ. P. 93.12, the Chief Disciplinary Counsel's notice and

proof of loss or claim for damage has not been given as alleged. Under Rule 3.07,

"Disciplinary Actions shall be set for trial on a date not later than 180 days after

the date the answer is filed, except for good cause shown." *Id.*

### G.     *Conclusion*

Now that I have filed my unlawfully forced resignation of my Texas law

license, this Court lacks all jurisdiction and authority to do anything other than to

provide me with my certified disciplinary history as I have requested, clarifying

that proposed investigative "orders" are void, voidable and/or vacated as they

were never rendered as court or agency orders in any proceeding and that any

unauthorized panels or district courts which purported to hear complaints lacked

all subject matter jurisdiction and authority, as did those persons who

fraudulently purported to act on behalf of the Commission for Lawyer Discipline

or to assist the Chief Disciplinary Counsel even though they were never

appointed or authorized to act. The Texas Rules of Disciplinary Procedure have

not been followed, including mandatory time limitations.  I timely submit this

Plea To the Jurisdiction in advance of any deadlines. I do not waive any rights,

privileges, immunities, pleas, claims, defenses or waivers, including my right to

appeal any past or future "orders".  I object to all disciplinary actions instituted

thus far, if any, because I am being denied due process, and I plea to the jurisdiction for lack of all jurisdiction and authority.  I am being prevented from conducting any discovery and instituting and maintaining any action for monetary damages.   WHEREFORE, premises considered, with respect to this plea to the jurisdiction, I request that, for at least the reasons described herein, this Texas Supreme Court strike, quash, reject or expunge all records, if any, of any grievances and complaints against me for lack of jurisdiction and provide me with my certified disciplinary history, which should be empty.

## **ISSUES PRESENTED**

1.   As a preliminary issue, this Court must clarify that there is no case and no disciplinary proceeding has been commenced. No Summary Disposition Panel or Evidentiary Panel has been appointed. Grievance Nos. 201305119 and 201400133 are not valid grievances, nor are there any valid complaints or petitions against me. No just cause has been found.

2.   Whether to reject pre-filing or as inquiries, strike, quash, expunge or dismiss Grievance Nos. 201305119 and 201400133 and any complaints and petitions for lack of the filer's standing and the Chief Disciplinary Counsel's subject matter jurisdiction, plenary power, authority and authorization to file or proceed in any action or proceeding against me.

3.      Whether there can be any record made of Grievance Nos. 201305119 and

201400133 where the filer lacks standing to file the grievances, the Chief

Disciplinary Counsel lacks subject matter jurisdiction and authority to act,

and no "proceeding" has commenced.

4.      Whether to certify and release to me my entire disciplinary history so that I

may apply for a law license in a different state, certifying that there have

never been and there are not now any valid disciplinary actions or

proceedings against me because I am entitled to receive my own certified

disciplinary history.

5.      Whether to expediently process my resignation by issuing an order

accepting my resignation. I have submitted my resignation form and

affidavit along with payment to the Membership Department of the State

Bar of Texas for processing, and they refuse to process it. I move this

Court to immediately accept my resignation of my Texas Law License No.

24059652 in the event all investigations are not stayed against me and

hearings cancelled or enjoined.

## STATEMENT OF FACTS

I use the term "matter" loosely instead of action so as not to admit that

there ever was any action, case or lawsuit filed by me as a Plaintiff or by the

Commission for Lawyer Discipline. There is only a closed investigation for which the Chief Disciplinary Counsel lacks all subject matter jurisdiction, authority and authorization. "Order(s)" are loosely referred to as an "order" because there can be no final order where there is no case or any proceeding capable of having any finality due to denial of due process. The timetable for appeal is wide open because no final order or judgment could have been entered where there is no case. Due to various unauthorized assumptions of jurisdiction and intentional misconduct of those acting on behalf of assistants or appointees of the Chief Disciplinary Counsel, District Grievance Committees or Commission for Lawyer Discipline, including judges and associate judges acting outside of the scope of their official duties to serve on alleged panels and harass me, I have incurred significant losses of time and money, including costs, bond payments, expenses, damages, lost profits, and stress.

## ARGUMENT

The State Bar Act is not due deference of a typical statute because it was written by lawyers of the State Bar for the State Bar, not by the legislature. "It has been said by an eminent jurist that when courts are called on to pronounce the invalidity of an act of the Legislature, passed with all the forms and ceremonies requisite to give it the force of law, they will approach the question with great

caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt." *Koy v. Schneider*, 110 Tex. 369, 394 (Tex. 1920).   The State Bar Act was not passed with all such forms and ceremonies.

The State Bar Act has not yet been interpreted by any persons other than lawyers and judges in the judicial department of this State.   "Where a statute is ambiguous, open to construction, a construction given it by even the head of an executive department of the state government will be followed and upheld by the courts, unless such construction is clearly erroneous. *Id.*

Whether a particular statute does or does not conserve a wise public policy is a question in which courts are not concerned. That is a realm in which, in the absence of inhibition in the organic law of the land, the law-making department of the state government is supreme.   "The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." *Morton v. Ruiz*, 415 U.S. 199, 231, 94 S.Ct. 1055, 1072, 39 L.Ed.2d 270 (1974).   Here, where the Supreme Court, by and for the State Bar

of Texas, promulgated the rules, this Supreme Court has no choice other than to ask the Legislature whether the State Bar Act does or does not conserve a wise public policy.   I contend that the State Bar Act and Texas Rules of Disciplinary Procedure violate state and federal laws aimed to prevent domestic violence and unlawful deprivation of rights based on gender.

The State Bar Act is also unconstitutional and void for misappropriation of public funds. The Texas Constitution prohibits the use or "grant" of "public money in aid of or to any individual, association or corporation whatsoever," (Sec. 52, Art. III). This Supreme Court held the entire Presidential Primary Act of 1913 unconstitutional and void because the election officers referred to therein were paid for their services out of public funds and such provision for payment was held plainly unconstitutional as directing a misuse of public funds.   Likewise, the State Bar Act is unconstitutional and void because it provides that mental health experts, lawyers, judges and assistants to the Chief Disciplinary Counsel used by the State Bar to disbar attorneys are paid for their services out of public funds, and there is no limit as to how much, for example, the State Bar of Texas can pay Angeline Bain, for example, to cause me to be disbarred through an unlawful investigation in which she purposefully attempts to instigates

professional misconduct through unrelenting harassment and abuse of law or legal process.

Tex. Const. art. I, § 13 provides that all courts shall be open, and every person for an injury done him, and his lands, goods, person or reputation, shall have remedy by due course of law. This provision, known as the "open courts" provision, is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition. In order to establish an "open courts" violation, a litigant must satisfy a two-part test: first, he must show that he has a well-recognized common-law cause of action that is being restricted; and second, he must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 349 (Tex. 1990). I will make this showing in federal court where I have brought my causes of action. *See Terrell v. Greene,* 88 Tex. 539, 31 S.W. 631, 635 (1895) ("In the case of public officers the general rule is, that where a person holds an uncontested title to an office, mandamus may be issued to put him in possession; or where he has an undisputed right to exercise the functions of an office, and having actual and undisputed possession, he is illegally ousted or suspended from the performance

of its duties, he may be restored to his rights as such officer by a writ of mandamus.").

For at least the reasons stated herein, I request this Supreme Court to (1) clarify that there is no case and no disciplinary proceeding has been commenced against me; (2) void all alleged records of "Grievance" Nos. 201305119 and 201400133 and any complaints and petitions against me; (3) expunge all records, if any, of "Grievance" Nos. 201305119 and 201400133 and any complaints, petitions and files against me; (4) certify and release to me my entire disciplinary history; and (5) expediently process my voluntary resignation by issuing an order accepting my resignation of TX Bar No. 24059652.

However, no opinion may be issued herein.  An opinion issued in a case brought by a party without standing is advisory because rather than remedying an actual or imminent harm, the judgment addresses only a hypothetical injury. Texas courts, like federal courts, have no jurisdiction to render such opinions.  I lack standing to bring any cause of action herein because there is no case or controversy.

## CAUSES OF ACTION FOR RELIEF

I seek monetary relief up to and over $1,000,000, including damages, penalties, costs, expenses, prejudgment interest, and attorney's fees. The damages sought for each cause of action exceeds $75,000.

### 1.     *Wrongful Injunction and Malicious Prosecution of Injunction Suit*

Leslie Ware filed a petition in the 303rd Judicial District Court, Dallas County, Texas on Jan. 30, 2013 and the exact same petition in the 162nd Judicial District Court, Dallas County, Texas the very next day on Jan. 31, 2013 entitled Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Constructive Trust. *See LDW v. CLD*, Cause Nos. DF-13-01647 and DC-13-01240. Leslie Ware wrongfully sought and obtained an alleged temporary restraining order from the Court, which appears to have signed a temporary restraining order and injunction with bond set at $10,00000.

Temporary ex parte orders only last fourteen days, but this order was set to remain in effect until the trial on the merits, which never took place because Leslie Ware dropped his suit the next day. The order is so broad that it appeared to prevent me from mailing invoices and demand letters to Leslie Ware on past due accounts. I was not permitted in my own home and office because my home and office were within one thousand feet of Leslie Ware's house. I was not permitted to check my mail because my mailbox is within one thousand feet of

Leslie Ware's house. Leslie Ware knew I had the right to remain in and travel to these particular locations, but he obtained the restraining order anyway to avoid paying me money owed under contract.

By the terms of the above described restraining order, I was prohibited from communicating with a number of people, including my clients in my law practice, and I did in fact cease these activities on Jan. 31, 2013. Thereafter, at a hearing in 2014, the court orally indicated I was free to resume these activities. I seek release of bond and payment of $1,000,000 owed to me immediately. Leslie Ware prosecuted the injunction suit maliciously and without probable cause after he beat me up at my home. The suits, if any, appear to have terminated in my favor. I will show that the injunctive relief was wrongful from its inception. Attorneys prosecuted and sought the injunction maliciously and without probable cause. Leslie Ware was attempting to avoid paying a debt he owed to me under the terms of our employment relationship, and he was attempting to hide the facts that he sexually abused me and unlawfully trafficked me for three years and beat me up at my home in January 2013 from his wife Amy Abboud Ware by lying to his wife, telling her that I was stalking him.

I will further show that, as a direct and proximate result of these first two "lawsuits" and wrongful issuance of the restraining order described above, I

sustained financial losses. More specifically, the restraining order caused me to lose profits from a pending sale/delivery of at least one patent application to a client for prosecution before the United States Patent & Trademark Office in the sum of $20,000.  In addition, it prevented me from obtaining funding for a patent case worth at least $6,000,000 and earning money on other client matters. Leslie Ware continues to delay paying me money that he owes me, and thus I seek 10% added interest on collection of debts owed to me.

As a proximate result of the civil prosecution, I suffered injury, all to my damage, in excess of $75,000 and the cost of attorney's fees in defending against the prosecution, including representing myself, in the amount of $25,000 per month. Because Leslie Ware planned these first two lawsuits years in advance just like he plans for other female lawyers who work for him, to improve my general litigation skills, Leslie Ware owes me for my time on an hourly basis.

### 2. Malicious Prosecution for Stalking and Emergency Protection Order

On May 10, 2013 and following, attorney Leslie Ware appears to have filed a criminal complaint, without making any statements on the record or filing any sworn affidavits, with the Dallas Polic e Department and Assistant District Attorney Messina Madson of Dallas County, Texas. This complaint (i.e. the third prosecution) accused me of having committed the offense of stalking on or about

January 10, 2013.   An alleged warrant issued for my arrest and an alleged emergency protection order issued in Collin County Court, Cause No. 01-JM-134225, upon my arrest.

I was arrested on multiple dates from my home in Collin County and taken to Collin County Jail. Leslie Ware then sent an email to himself from an account of mine and acted without probable cause in making statements to the prosecuting attorney that I violated a condition of the Emergency Protection Order and bond that he or she did not honestly, reasonably, and in good faith believe, causing me to be detained in custody for a period of 75 days beginning on January 10, 2014. I was punched in the face twice by inmates. On March 25, 2014, the action was terminated in my favor because there was no probable cause to arrest me on any of the dates on which I was arrested, and I was no billed and released. I am innocent of the charges brought against me. Leslie Ware and the Dallas County District Attorney's Office acted without probable cause in initiating my prosecution or in making a statement to the prosecuting attorney even though he or she did not honestly, reasonably, and in good faith believe there was any chance I was guilty of the crime charged. They acted maliciously in instigating the criminal prosecution or in making a false or incomplete statement to the prosecuting attorney.

As a proximate result of the criminal prosecution, I suffered injury, all to my damage, in excess of $75,000. As a further proximate result of the criminal prosecution, I incurred the cost of posting bail in the sum of $11,500 and the cost of attorney's fees in defending against the prosecution, including representing myself, in the amount of $25,000 per month.

### 3. Malicious Prosecution for Family Violence Protective Order, Divorce and Child Support

On Nov. 1, 2013, Leslie Ware's attorney, Angeline Bain, submitted a frivolous application for dating violence protective order against me in the 254th Family District Court in Dallas County, Texas (i.e. the fourth prosecution). The application did not allege a dating relationship between Leslie Ware and myself and did not allege that I committed any dating violence against Leslie Ware. Leslie Ware's lawyers proceeded with malicious prosecution based on a frivolous application that failed to confer subject matter jurisdiction on the lower court and appeared to obtain alleged or proposed restraining orders, injunctions and/or discovery protective orders without any legitimate claim or defense. On multiple dates, including June 24, 2014, the fourth "action" terminated in my favor.

Again, on July 8, 2014 and August 5, 2014, Angeline Bain, attorney for Leslie Ware, submitted another frivolous application for dating violence

protective order and began prosecuting me for contempt of a child support order in an alleged marriage between myself and Leslie Ware in the 254th Family District Court in Dallas County, Texas (i.e. the fifth and sixth prosecutions). I am not married and do not have children. The application alleged a dating relationship but failed to confer subject matter jurisdiction on the court because it failed to allege that I committed dating violence against Leslie Ware. No hearing was set within fourteen days as is required for protective order cases to save domestic violence victims from threats of imminent harm. Thus the fifth action terminated in my favor. With respect to the contempt prosecution, I was arrested at my home in Collin County on October 17, 2014 for felony failure to pay child support, which is so absurd that it constitutes proof of a conspiracy against me to disbar me. I was required to pay $2,500 child support into the registry of the 254th Judicial District Court, Dallas County, Texas. The sixth "action" should have terminated in my favor at least when the Court signed an order of dismissal, but Angeline Bain continues to press on even though I am clearly innocent. She acted without probable cause in initiating the prosecution of me or in making a statement to the prosecuting attorney and/or sitting judge that I was guilty of the crime charged even though she did not honestly, reasonably, and in good faith believe I was guilty and knew her allegations were false. She acted maliciously in

instigating the criminal or quasi criminal prosecution and in making a false or incomplete statement to the prosecuting attorney or presiding judge. As a proximate result of the civil prosecution for felony failure to pay child support, I suffered injury, all to my damage, in excess of $75,000 and incurred the costs of posting bail in the sum of $2,500, court costs, and the cost of attorney's fees in defending against the prosecution, including representing myself, in the amount of $25,000 per month. By virtue of the fact that the foregoing conduct was willful, wanton, and malicious, I seek to recover exemplary damages in an amount which may be based on all parties' net worth. I also move for a vexatious litigant order against Leslie Ware and Angeline Bain.

## PRAYER

I pray this Court act itself sua sponte to expunge and void all actions and proceedings alleged to have been brought against me, Texas Bar No. 24059652, under the State Bar Act, Texas Rules of Disciplinary Procedure or other rule, including all grievances, complaints and alleged unauthorized investigations, including any fraudulent evidentiary petitions and fraudulent orders of capias against me for contempt, failure to pay child support and/or failure to appear, for the limited purpose of immediately providing me with my certified disciplinary

history and processing my attached voluntary resignation of my Texas law license No. 24059652.

I move to stay and abate all state court proceedings in favor of the federal lawsuit.

As a victim of assault, sexual assault, human trafficking under state and federal laws and Leslie Ware's pornography operations who attempted to apply for a sexual assault/stalking/trafficking protective order against Leslie Ware and Samuel Baxter under TEX. CODE CRIM. PROC. Art. 7A, I move for sanctions, reimbursement and refunds of all court costs under this Court's inherent authority, under the rules promulgated to regulate lawyers and judges and pursuant to Tex. Civ. Prac. & Rem. Code Ch. 10 and other rules. The Commission for Lawyer Discipline and all counsel in opposition to my interests should be sanctioned and held liable for causes of action and professional misconduct, including fraud on the court, and should be ordered to show cause as to why sanctions should not be granted against them.

WHEREFORE, I pray that Leslie Ware be summoned to appear for cross examination by me, that he take notice of the filing of this document, and that, on final trial by jury, Leslie Ware take nothing and I have and recover from Leslie Ware and this Court up to and over $1,000,000, including: judgment against

Leslie Ware for an award of monetary damages; prejudgment and postjudgment

interest as provided by law; an award of exemplary damages; all costs; dues;

bond and such other and further relief to which I deem myself justly entitled.

## CERTIFICATION

I have reviewed this plea to the jurisdiction and conclude that every factual

statement herein is supported by competent evidence included in the appendix or

"record" and absence thereof.

Dated: JAN. 5, 2015                    Respectfully submitted,


/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX BAR NO. 24059652
MAILING ADDRESS:
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone:  (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy

of this instrument is being filed electronically, sent concurrently to counsel of

"record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a,

in accordance with court ordered substitution of service, or electronically

submitted to the clerk using the electronic case filing system. I hereby certify that

I have served this instrument on all counsel and/or pro se parties of record electronically by email, by email and facsimile to the Chief Disciplinary Counsel or Office of Chief Disciplinary Counsel, or, as a pro-se party, on the date it is electronically docketed in the entity/court's CM/ECF filing system, as authorized by the Federal Rule of Civil Procedure 5(b)(2), the Local Rules for the United States District Court for the Eastern District of Texas or other rules.

I certify that on this date a true and correct copy of the foregoing instrument was properly forwarded to the above counsel of record in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, by Federal Express

Dated:  JAN. 5, 2015                          /s/Chelsea L. Davis
                                              Chelsea L. Davis

## VERIFICATION/ CERTIFICATE OF ATTORNEY

I, Chelsea L. Davis, state under oath that I have read the above document and certify that it is true and correct.

Dated:  JAN. 5, 2015                          /s/Chelsea L. Davis
                                              Chelsea L. Davis, *pro-se*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document contains 17342 words.

Dated:  JAN. 5, 2015                          /s/Chelsea L. Davis
                                              Chelsea L. Davis, *pro-se*

**PLEA TO THE JURISDICTION**                                      72