IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS

V.

MCKOOL SMITH P.C. et al

CASE NO. 3:14-cv-4190-?

## OBJECTIONS TO MAGISTRATE ORDER

I, Chelsea Davis, hereby specifically object to Magistrate Judge Toliver's Findings, Recommendations and Conclusion filed under Case 3:14-cv-04190-B. As a preliminary matter, Judge Toliver is not the magistrate judge for Judge Boyle, who is the presiding judge over *Chelsea L. Davis v. McKool Smith P.C. et al* Case No. 3:14-cv-4190-B (N.D. Tex. filed Nov. 24, 2014). I object to Special Order 3 as unconstitutional for lack of proper notice, vague and denying me due process. *Id.* at p. 1. I object to lack of notice of any cause being before the U.S. District Court for the Northern District of Texas for pretrial management. *Id.* at p. 1. I object to recommendation that the District Court sua sponte DISMISS this case WITH PREJUDICE. *Id.* at p. 1. I object to finding that "Plaintiff sues Defendants" as vague and incorrect in light of consolidation into a grievance investigation in which I am denied due process, there are no parties, and there is no case as of yet because the grievance investigation has not yet concluded. I object to finding that "The claims in this case and many others in which Plaintiff is involved as a party arise from her former employment as an attorney with the law firm McKool Smith" and to

1

citations at page 1. *Id.* at p. 1. The citations provided do not allege any facts that arise from my employment with McKool Smith P.C. I deny all allegations by Judge Toliver.

I object to allegation that I filed frivolous pleadings or committed sanctionable misconduct because I did not as verified by the attached affidavit, which is limited in scope to actions taken since the filing of this complaint.

Jurisdiction of this Court arises under 28 U.S.C. §§ 1331-1337, 1343(a), and 1367(a); 42 U.S.C. secs. §§ 1983, 1985, 1986, and 1988; and 18 U.S.C. §§1961-1968. Jurisdiction of this court for pendent claims is authorized by Fed. R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966). Supplemental and ancillary jurisdiction and transfer is authorized under the removal statutes at 28 U.S.C. §§1441, et seq., venue statutes at 28 U.S.C. §§1404, et seq, including transfer statutes at 28 U.S.C. §§1406, 1407, etc., federal common law and necessary corollaries to 28 USCS § 2283, including or analogous to procedures for obtaining a writ of habeas corpus. *See* 17 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 4222 (1988). Jurisdiction also arises under the ''Federal Courts Jurisdiction and Venue Clarification Act of 2011'' at H.R. 394, Title I Jurisdictional Improvements and Title II Transfer and Venue Improvements. I therefore invoked several bases for federal subject matter jurisdiction to attach.

Dated:  Jan. 27, 2015                                        Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## **CERTIFICATE OF SERVICE**

On this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court,

    Dated:  Jan. 27, 2015                        /s/Chelsea L. Davis
                                                                 Chelsea L. Davis, *pro-se*